NICHOLS KASTER & ANDERSON, LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols (MN State Bar No. 78918)
Nichols@nka.com
(*pro hac vice* application forthcoming)
Paul J. Lukas (MN State Bar No. 22084X)
Lukas@nka.com
(*pro hac vice* application forthcoming)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

C 07 5326 MHP

Attorneys for Individual and Representative Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | **CLASS ACTION** |
| | **COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| Shanan Calhoun and James Mulderig, individually, on behalf of others similarly situated, and on behalf of the general public, | **(1) Violation of Fair labor Standards Act 29 U.S.C. Section 207** |
| Plaintiffs, | **(2) Violation of California Labor Code Sections 510, 1194, and 1198, and IWC Wage Order(s)** |
| vs. | **(3) Waiting Time Penalties (California Labor Code Sections 201-203)** |
| Fastenal Company, and DOES 1-50, inclusive, | **(4) Failure to Provide Itemized Wage Statements (California Labor Code Section 226)** |
| Defendants. | **(5) Failure to Provide and/or Authorize Meal and Rest Periods** |
| | **(6) Violation of California Business and Professions Code Sections 17200 et seq.** |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1

**PRELIMINARY STATEMENT**

2    1.    This is a collective and class action brought by Individual and Representatives
3    Shanan Calhoun and James Mulderig, on their own behalf and on behalf of the proposed class
4    identified below. Plaintiffs and the putative class members were or are employed by Defendant
5    Fastenal Company, and certain Doe Defendants, or their predecessors-in-interest, as assistant
6    general managers, also known within the class period as assistant managers.  As assistant general
7    managers, Plaintiffs and the putative class members are or were covered, non-exempt employees
8    under federal and state wage and hour laws, and entitled to overtime pay consistent with the
9    requirements of these laws.  These employees are similarly situated under the Federal Rules of
10   Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

11   2.    The Collective Class is made of all persons who are or have been employed by
12   Defendant as an assistant general manager, also known within the class period as assistant
13   manager, at any time within the United States within three years prior to this action's filing date,
14   through the date of final disposition of this action (the "Collective Class Period").

15   3.    The California Class is made up of all persons who are or have been employed by
16   Defendant as an assistant general manager, also known within the class period as assistant
17   manager, in the State of California within the period four years prior to the filing date of this
18   Complaint (the "California Class Period").

19   4.    The Pennsylvania Class is made up of all persons who are or have been employed
20   by Defendants as an assistant general manager, also known within the class period as assistant
21   manager, in the State of Pennsylvania within the period three years prior to the filing date of this
22   Complaint (the "Pennsylvania Class Period," collectively with California the "State Class
23   Periods").

24   4.    During the Collective Class Period and the State Class Periods, Defendant failed to
25   pay appropriate overtime compensation to each member of the Collective Class and Class as
26   required by federal and state law.  Plaintiffs seek relief for the Class pursuant to the applicable
27   State Law, Rules, Regulations, and Wage Orders of the Industrial Welfare Commission ("IWC").
28   Plaintiffs also seek relief for the Collective Class under the Fair Labor Standards Act. All of the

-2-

1   relief sought is to remedy the Defendants' failure to pay all wages due, pay appropriate overtime

2   compensation, to provide or authorize meal and rest periods, to pay waiting time penalties, and

3   maintain accurate time records, in addition to injunctive relief.

4                                   **THE PARTIES**

5       5.      Individual and representative Plaintiff Shanan Calhoun (the "California Plaintiff")

6   resides in Bakersfield, California (Kern County). He was employed by Defendant for

7   approximately sixteen (16) months as an assistant general manager, also known within the class

8   period as assistant manager, working in San Pablo, California (Contra Costa County), Berkeley,

9   California (Alameda County), Concord, California (Contra Costa County), and Petaluma

10  California (Sonoma County) between approximately May of 2005 and August of 2006. Plaintiff

11  Shanan Calhoun brings his claim on behalf of himself and the Collective and California Classes.

12      6.      Individual and representative James Mulderig (the "Pennsylvania Plaintiff")

13  resides in Scranton, Pennsylvania. He was employed by Defendant for approximately thirty-four

14  (34) months as an assistant general manager, also known within the class period as assistant

15  manager, working in Jessup, Pennsylvania between approximately February 2003 and December

16  2006. Plaintiff James Mulderig brings his claim on behalf of himself and the Collective and

17  Pennsylvania Classes.

18      7.      Upon information and belief, Defendant Fastenal Company is a Minnesota

19  Corporation doing business in and maintaining offices in several states throughout the United

20  States, including a facility in San Pablo, California (Contra Costa County).

21      8.      Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their

22  true names and capacities are unknown to Plaintiffs. When their true names and capacities are

23  ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

24  herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

25  Defendants is responsible in some manner for the occurrences herein alleged, and that the

26  damages of Plaintiffs and the putative class members herein alleged were proximately caused by

27  such Defendants.

28      9.      Plaintiffs are informed, believe, and thereon allege that each of the Defendants

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    herein was, at all times relevant to this action, the agent, employee, representative partner, and/or
2    joint venturer of the remaining Defendants and was acting within the course and scope of the
3    relationship.    Plaintiffs are further informed, believe, and thereon allege that each of the
4    Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining
5    Defendants.

6                              **JURISDICTION AND VENUE**

7        10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case
8    is being brought under the FLSA, 29 U.S.C. § 207 *et seq.* Each representative Plaintiff has signed
9    a consent form to join this lawsuit, attached hereto as Exhibit A. This Court also has supplemental
10   jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11       11.    Venue is proper in the United States District Court, Northern District of California
12   pursuant to 28 U.S.C. § 1391, because Defendant operates a facility in Contra Costa County,
13   California and because a substantial part of the events giving rise to the claims occurred in this
14   district.

15       12.    Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned to the
16   Northern District of California because a substantial portion of the events giving rise to this
17   dispute occurred in Contra Costa County, California.

18                           **COLLECTIVE ACTION ALLEGATIONS**

19       13.    Plaintiffs bring this action on behalf of themselves and other employees similarly
20   situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

21       **Collective Class:**    All persons who are or have been employed by Defendant as an
22                                assistant general manager, also known within the class period as
23                                assistant manager, within the United States at any time three years
24                                prior to the filing of this Complaint, to the final disposition of this
25                                case.

26       14.    Upon information and belief, Defendant suffered and permitted Plaintiffs and the
27   Collective Class to work more than forty hours per week without appropriate overtime
28   compensation.

-4-

1     15.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

2     16.   Upon information and belief, Defendant knew that Plaintiffs and the Collective Class, performed work that required overtime pay. Defendant has operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

17.   Defendants misclassified Plaintiffs and members of the Collective Class with the Job titles of assistant general manager, also known within the class period as assistant manager, as "exempt" from federal and state overtime laws. Defendants misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of forty a week.

18.   Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

19.   Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

20.   Plaintiffs brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined classes:

**Proposed California Class:** All employees of Defendant who were, are, or will be employed in the State of California as an assistant general manager, also known within the class period as assistant manager, at any time within four years of the filing of this Complaint until the final disposition of this case.

**Proposed Pennsylvania Class:** All employees of Defendant who were, are,

-5-

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1       or will be employed in the State of Pennsylvania as an

2       assistant general manager, also known within the class

3       period as assistant manager, at any time within three years

4       of the filing of this Complaint until the final disposition of

5       this case.

6       21.   Numerosity:   The Proposed Class is so numerous that joinder of all members is

7   impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the

8   relevant time period, Defendant employed hundreds of people who satisfy the definition of the

9   Proposed Class.

10      22.   Typicality:   Plaintiffs' claims are typical of the members of the Proposed

11  Classes.  Plaintiffs are informed and believe that, like other assistant general managers, also

12  known within the class period as assistant managers, they routinely worked more than eight hours

13  per day and more than 40 hours per week during the Class Period.  Plaintiffs had the same duties

14  and responsibilities as other Class members and were subject to Defendant's policy and practice

15  of improperly treating and classifying these employees as "exempt" from federal and state

16  overtime law, misrepresenting to these employees that they were exempt from federal and state

17  overtime law, improperly failing to pay appropriate overtime compensation for all hours worked,

18  failing to provide or authorize meal and rest breaks in compliance with state laws, failing to

19  maintain accurate time records of hours worked by the Proposed Classes and failing to issue

20  accurate itemized wage statements to these individuals.

21      23.   Superiority:   A class action is superior to other available methods of the fair and

22  efficient adjudication of the controversy, particularly in the context of wage and hour litigation

23  where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

24  in federal court against a large corporate Defendant.  Prosecuting hundreds of identical, individual

25  lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial

26  results.

27      24.   Adequacy:   Plaintiffs will fairly and adequately protect the interests of the

28  Proposed Class, and has retained counsel experienced in complex wage and hour class and

-6-

1  collective action litigation.

2      25.   Commonality: Common questions of law and fact exist to all members of the

3  Proposed Class and predominate over any questions solely affecting individual members of the

4  Proposed Class, including but not limited to:

5          A.   Whether Defendants improperly classified Plaintiffs and members of the

6               State Classes with the job titles of assistant general manager, also known

7               within the class period as assistant manager, as exempt;

8          B.   Whether Defendants unlawfully failed to fully pay appropriate overtime

9               compensation to members of the Proposed Classes in violation of the state

10              wage laws and the FLSA;

11         C.   Whether Plaintiffs and State Class members who are no longer employed

12              with Defendants are entitled to penalties for failure to timely pay wages

13              upon termination of employment, pursuant to the applicable state laws;

14         D.   Whether Defendants' policies and practices provide and/or authorize meal

15              and rest periods in compliance with applicable state laws;

16         E.   Whether Defendants failed to keep accurate time records for all hours

17              worked by the Plaintiffs and the Proposed Class in violation of FLSA, 29

18              U.S.C. § 201 et seq., and state wage laws;

19         F.   Whether Defendants provided adequate itemized wage statements to the

20              Plaintiffs and the Class pursuant to state wage laws;

21         G.   The proper measure of damages sustained by the Proposed Classes; and

22         H.   Whether Defendants' actions were "willful."

23     26.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

24  prosecution of actions by or against individual members of the class would result in inconsistent

25  or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

26  Further, adjudication of each individual member's claim as separate action would be dispositive

27  of the interest of other individuals not party to this action, impeding their ability to protect their

28  interests.

-7-

27.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Classes the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

28.     Plaintiff intends to send notice to all members of the Proposed Classes to the extent required by Rule 23. The names and address of the Proposed Classes are available from Defendant.

### FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

**(On Behalf of Plaintiffs and the Collective Class)**

29.     Plaintiffs, on behalf of themselves and the collective class, allege and incorporate by reference the allegations in the preceding paragraphs.

30.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

31.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ employees, including Plaintiffs, and the Collective Class. At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.00.

32.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for

-8-

1    work performed in excess of forty hours per work week.

2    33.    During their employment with Defendant, within the applicable statute of

3    limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per

4    workweek.  Despite the hours worked by Plaintiffs and the Collective Class members, Defendant

5    willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed

6    and refused to pay them the appropriate overtime compensation for all the hours worked in excess

7    of forty.

8    34.    By failing to accurately record, report, and/or preserve records of hours worked by

9    Plaintiffs and the Collective Class, Defendant has failed to make, keep, and preserve records with

10    respect to each of its employees sufficient to determine their wages, hours, and other conditions

11    and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

12    35.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

13    within the meaning of 29 U.S.C. § 255(a).

14    36.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the

15    amount of their respective unpaid overtime compensation, liquidated damages from three years

16    immediately preceding the filing of this action, plus interests and costs as allowed by law,

17    pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court

18    deems just and proper.

19    37.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their

20    attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

21                          **SECOND CLAIM FOR RELIEF**

22          **Failure to Pay Overtime Compensation in Violation of California Law**

23              **(On Behalf of the California Plaintiff and the California Class)**

24    38.    Plaintiffs allege and incorporate by reference the allegations in the preceding

25    paragraphs.

26    39.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and

27    California Labor Code §510 required an employer, such as Defendant, to pay overtime

28    premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on

-9-

1   the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is

2   unlawful to employ persons for hours longer than the hours set by the Industrial Welfare

3   Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

4          40.   Plaintiff is informed and believes, and thereon alleges, that members of the Class

5   worked in excess of eight hours per day and in excess of 40 hours per week, and Defendant

6   unlawfully failed to pay members of the Class the proper overtime compensation required in

7   violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and

8   1198. Pursuant to California Labor Code § 1194, the Plaintiff Shanan Calhoun and the other

9   Class members are entitled to recover their unpaid overtime compensation.

10         41.   As a direct and proximate result of Defendant's unlawful conduct, as set forth

11  herein, Plaintiff Shanan Calhoun and the Class have sustained damages, including loss of

12  earnings for hours of overtime worked on behalf of Defendant in an amount to be established at

13  trial, plus interest, attorneys' fees and costs.

14                          **THIRD CLAIM FOR RELIEF**

15                            **Waiting Time Penalties**

16            **(On Behalf of the California Plaintiff and the California Class)**

17         42.   Plaintiffs allege and incorporate by reference the allegations in the preceding

18  paragraphs.

19         43.   During the relevant time period, many Class members were employed by and

20  thereafter terminated by or resigned from their positions with Defendant. Defendant, however,

21  willfully failed to pay such Class members all wages owed them (including overtime wages)

22  within the time limits set forth in California Labor Code sections 201 and 202.

23         44.   Under Labor Code sections 201, 202, and 203, those Class members who no

24  longer work for Defendant are entitled to waiting time penalties for Defendants willful failure to

25  timely pay all wages owed upon separation of their employment.

26                          **FOURTH CLAIM FOR RELIEF**

27            **Failure to Provide Accurate Itemized Wage Statements**

28            **(On Behalf of the California Plaintiff and the California Class)**

-10-

1    45.    Plaintiffs allege and incorporate by reference the allegations in the preceding
2    paragraphs.

3    46.    California Labor Code § 226(a) provides that, at the time of each payment of
4    wages, an employer shall provide each employee with a wage statement itemizing, among other
5    things, the total hours worked by the employee in the pay period. California Labor Code § 226(e)
6    provides that an employee suffering injury as a result of a knowing and intentional failure by an
7    employer to comply with Labor Code § 226(a) may recover the greater of his or her actual
8    damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per
9    employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition
10   to attorneys fees and costs.

11   47.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized
12   wage statements including, *inter alia*, hours worked, to Plaintiff Shanan Calhoun and the
13   California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff
14   Shanan Calhoun and the California Class members, by, among other things, impeding them from
15   knowing the total hours worked and the amount of wages to which they are and were entitled.
16   The California Plaintiff and the California Class are therefore entitled to the damages and
17   penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), the
18   California Plaintiff and the California Class are also entitled to and seek injunctive relief
19   requiring Defendant to comply with Labor Code 226(a).

20                         **FIFTH CLAIM FOR RELIEF**

21                   **Failure to Provide Rest Breaks and Meal Periods**

22           **(On Behalf of the California Plaintiff and the California Class)**

23   48.    Plaintiff Shanan Calhoun, on behalf of himself and the proposed class, alleges and
24   incorporate by reference the allegations in the proceeding paragraphs.

25   49.    California Labor Code section 512 prohibits an employer from employing an
26   employee for a work period of more than five hours per day without providing the employee with
27   a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day
28   without providing the employee with a second meal period of not less than 30 minutes.

-11-

1       50.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto

2   provided) in relevant part that:

3       No employer shall employ any person for a work period of more than five (5)

4       hours without a meal period of not less than 30 minutes, except that when a work

5       period of not more than six (6) hours will complete the day's work the meal

6       period may be waived by mutual consent of the employer and employee. Unless

7       the employee is relieved of all duty during a 30 minute meal period, the meal

8       period shall be considered an "on duty" meal period and counted as time worked.

9       An "on duty" meal period shall be permitted only when the nature of the work

10      prevents an employee from being relieved of all duty and when by written

11      agreement between the parties an on-the-job paid meal period is agreed to. The

12      written agreement shall state that the employee may, in writing, revoke the

13      agreement at any time. If an employer fails to provide an employee a meal period

14      in accordance with the applicable provisions of this Order, the employer shall pay

15      the employee one (1) hour of pay at the employee's regular rate of compensation

16      for each work day that the meal period is not provided.

17      51.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto

18  provided) in relevant part that:

19      Every employer shall authorize and permit all employees to take rest periods,

20      which insofar as practicable shall be in the middle of each work period. The

21      authorized rest period time shall be based on the total hours worked daily at the

22      rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

23      However, a rest period need not be authorized for employees whose total daily

24      work time is less than three and one-half (3 ½) hours. Authorized rest period time

25      shall be counted, as hours worked, for which there shall be no deduction from

26      wages. If an employer fails to provide an employee a rest period in accordance

27      with the applicable provisions of this Order, the employer shall pay the employee

28

-12-

1    one (1) hour of pay at the employee's regular rate of compensation for each work

2    day that the rest period is not provided.

3    52.    California Labor Code section 226.7 prohibits any employer from requiring any

4    employee to work during any meal or rest period mandated by an applicable IWC wage order,

5    and provides that an employer that fails to provide an employee with a required rest break or meal

6    period shall pay that employee one additional hour of pay at the employee's regular rate of

7    compensation for each work day that the employer does not provide a compliant meal or rest

8    period.

9    53.    Defendant failed to provide Plaintiff Shanan Calhoun and California Class

10    members with meal periods as required by law, and failed to authorize and permit the Plaintiff

11    and Class members to take rest periods as required by law.  Plaintiff and the Class members are

12    therefore entitled to payment of the meal and rest period premiums as provided by law.

13    **SIXTH CLAIM FOR RELIEF**

14    **Unfair Practice under the Unfair Competition Act**

15    **(On Behalf of the California Plaintiff and the California Class)**

16    54.    Plaintiff Shanan Calhoun, on behalf of himself and the proposed class alleges and

17    incorporates by reference the allegations in the preceding paragraphs.

18    55.    Section 17200 of the California Business and Professions Code — California's

19    Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful

20    or unfair business acts or practices.  The foregoing conduct by Defendant, as alleged, constitutes

21    unlawful business actions and practices in violation of Section 17200, *et seq.*

22    56.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Shanan

23    Calhoun and the California Class members are entitled to restitution of the overtime earnings and

24    other unpaid wages and premiums alleged herein that Defendant has improperly withheld and

25    retained during a period that commences four years prior to the filing of this action, a permanent

26    injunction requiring Defendant to pay minimum wage and overtime to all workers as defined

27    herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section

28    1021.5 and other applicable law, and costs.

-13-

**SEVENTH CLAIM FOR RELIEF**

**Violation of Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c), et seq., and**

**Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.3(a), et seq.**

**(On Behalf of the Pennsylvania Plaintiff and Pennsylvania Class)**

57.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

58.    The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c), Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. (collectively "Pennsylvania Wage Laws").

59.    At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Pennsylvania Wage Laws.  Defendants have employed or continue to employ employees including the Pennsylvania Plaintiff, and each member of the prospective Pennsylvania Class, within the meaning of the Pennsylvania Wage Laws.

60.    The Pennsylvania Minimum Wage Act requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.  The Pennsylvania Plaintiff and the Pennsylvania Class are non-exempt employees entitled to be paid overtime compensation for all hours worked in excess of forty (40) hours per week.

61.    At all times relevant, Defendants had a policy and practice of failing and refusing to pay overtime to the Pennsylvania Plaintiff and to the Pennsylvania Class members for their hours worked in excess of forty (40) per workweek.

62.    The Pennsylvania Wage Payment and Collection Law requires employers, such as Defendants, to pay all wages, including overtime wages, on the regular payday designated in advance by the employer or next succeeding pay period.

63.    As a result of Defendants' failure to pay wages earned and due, and their decision to withhold wages earned and due to the Pennsylvania Plaintiff and the Pennsylvania Class, Defendants have violated and continue to violate the Pennsylvania Wage Laws.

64.    As a result of Defendants' failure to record, report, credit, and furnish to the Pennsylvania Plaintiff and Pennsylvania Class their respective wage and hour records showing all

-14-

1  wages earned and due for all work performed, Defendants have failed to make, keep, preserve,

2  and furnish such records in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.108.

3      65.     The Pennsylvania Plaintiff, on behalf of himself and the Pennsylvania Class

4  members, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as

5  provided by Pennsylvania Minimum Wage Act, 43 P.S. § 333.113 and Pennsylvania Wage and

6  Collection Law, 43 P.S. § 260.9a, and liquidated damages in the greater amount of $500.00 or

7  25% of the total amount of wages due, as provided by the Pennsylvania Wage and Collection

8  Law, 43 P.S. § 260.10.

9      66.     The Pennsylvania Plaintiff, on behalf of himself and the Pennsylvania Class

10  members, seeks the amount of her underpayments based on Defendants' failure to pay one and

11  one-half times the regular rate of pay for work performed in excess of forty (40) hours, as

12  provided by the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c) and such other legal and

13  equitable relief from Defendants' unlawful and willful conduct as the Court deems just and

14  proper.

15                          **PRAYER FOR RELIEF**

16      67.     WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

17  Collective and State Classes, pray for relief as follows:

18          A.     That the Court determine that this action may proceed as a class action

19                 under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

20          B.     That Defendants are found to have violated the overtime, meal/rest period,

21                 itemized wage statement/time records, and failure to timely pay wages

22                 penalty provisions of the state wage laws cited above as to the respective

23                 State Classes;

24          C.     That Defendants are found to have violated the overtime provisions of the

25                 Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

26          D.     That Defendants are found to have violated the FLSA by failing to

27                 maintain accurate time records of all the hours worked by Plaintiffs and

28                 the Collective Class;

-15-

1    E.    That Defendants' violations as described above are found to be willful;

2    F.    An award to Plaintiffs and the Classes for the amount of unpaid wages

3          owed, liquidated damages and penalties where provided by state and

4          federal law, and interest thereon, subject to proof at trial;

5    G.    That Defendants be ordered and enjoined to pay restitution to Plaintiffs

6          and the Classes due to Defendants' unlawful activities, pursuant to

7          California state laws cited above;

8    H.    That Defendants further be enjoined to cease and desist from unlawful

9          activities in violation of state laws cited above;

10    I.    That the Court grant declaratory relief stating that Defendants' scheme is

11          unlawful;

12    J.    For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C.

13          section 216 and/or other applicable state laws; and

14    K.    For such other and further relief, in law or equity, as this Court may deem

15          appropriate and just.

16                          **DEMAND FOR JURY TRIAL**

17    68.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs,

18    individually and on behalf of all others similarly situated, demand a trial by jury.

19

20    Dated: October 18, 2007                NICHOLS KASTER & ANDERSON, LLP

21

22                                  By:    _Matthew Helland_

23                                        Matthew C. Helland
                                          ATTORNEYS FOR PLAINTIFFS AND
                                          THE PUTATIVE CLASS
24

25

26

27

28

-16-

# EXHIBIT A

Redacted

1

## CONSENT FORM AND DECLARATION

2
3
4
5

☑ I hereby consent to join a lawsuit against Fastenal Company as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for Fastenal Company. During the past three years, there were occasions when I worked over 40 hours per week for Fastenal and did not receive overtime compensation. I worked for Fastenal as an assistant general manager.

6

Approximate Dates of Employment _May 2005_ to _Aug 2006_

7
8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

9
10        _Sharon Calhoun_          _10-17-2007_
11        Signature                  Date
12        _Sharon Calhoun_
13        Print Name
14
15
        Redacted

16    Fax or Mail To:

17    Paul Lukas
      Nichols Kaster & Anderson, PLL
18    4600 IDS Center, 80 S. 8th Street
      Minneapolis, MN 55402
19    FAX (612) 215-6870

20
21
22
23
24
25
26
27
28

CONSENT AND DECLARATION

Redacted

1

## CONSENT FORM AND DECLARATION

2

☒ I hereby consent to join a lawsuit against Fastenal Company as a Plaintiff to assert
claims against it for violations of the wage and hour laws of the United States and/or
the state(s) where I worked for Fastenal. During the past three years, there were
occasions when I worked over 40 hours per week for Fastenal and did not receive
overtime compensation. I worked for Fastenal as an assistant general manager.

3

4

5

Approximate Dates of Employment _June 2000_ to _Dec 21, 2006_

6

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
correct.

8

9

_James C Mulder_        _10/14/07_
Signature                         Date

10

11

_James C Mulderig_

12

Print Name

13

# Redacted

14

15

**Fax or Mail To:**

16

**Paul Lukas**
**Nichols Kaster & Anderson, PLLP**
**4600 IDS Center, 80 S. 8th Street**
**Minneapolis, MN 55402**
**FAX (612) 215-6870**

17

18

19

20

21

22

23

24

25

26

27

28

## CONSENT AND DECLARATION

NKA000010