NICHOLS KASTER & ANDERSON, LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(admitted *pro hac vice*)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(admitted *pro hac vice*)
David C. Zoeller, MN State Bar No. 0387885
Zoeller@nka.com
(*pro hac vice* application forthcoming)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  (612) 256-3200
Facsimile:  (612) 215-6870

Attorneys for Individual and Representative Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Shanan Calhoun, James Mulderig, and Daniel Wille individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Fastenal Company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C 07-05326 MHP<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**(1)     Failure to Pay Overtime Compensation In Violation of the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.)**<br><br>**(2)     Failure to Pay Overtime Compensation in Violation of California Law (California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s))**<br><br>**(3)     Waiting Time Penalties (California Labor Code Sections 201-203)**<br><br>**(4)     Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**<br><br>**(5)     Failure to Provide and/or Authorize Meal and Rest Periods** |

FIRST AMENDED  CLASS ACTION COMPLAINT

**(California Labor Code Section 226.7)**

**(6)      Violation of California Business and Professions Code Sections 17200 et seq.**

**(7)      Violation of Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law (43 P.S. sections 333.104(c), et seq., 43 P.S. 260.3(a), et seq.)**

**(8)      Failure to Pay Overtime Compensation in Violation of Oregon Law (ORS sections 653.261, 653.055 and OR ADC 839-020-0030)**

**(9)      Failure to Pay Wages Upon Separation In Violation of Oregon Law (ORS sections 162.140, 162.150)**

**(10)      Failure to Provide Appropriate Rest Periods in Violation of Oregon Law (ORS sections 653.261, 653.055 and OR ADC 839-020-0030)**

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Individual and Representatives Shanan Calhoun, James Mulderig, and Daniel Wille, on their own behalf and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Defendant Fastenal Company, and certain Doe Defendants, or their predecessors-in-interest, as assistant general managers, also known within the class period as assistant managers.   As assistant general managers, Plaintiffs and the putative class members are or were covered, non-exempt employees under federal and state wage and hour laws, and entitled to overtime pay consistent with the requirements of these laws.  These employees are similarly situated under the Federal Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The Collective Class is made of all persons who are or have been employed by Defendant as an assistant general manager, also known within the class period as assistant manager, at any time within the United States within three years prior to this action's filing date,

1    through the date of final disposition of this action (the "Collective Class Period").

2        3.    The California Class is made up of all persons who are or have been employed by

3    Defendant as an assistant general manager, also known within the class period as assistant

4    manager, in the State of California within the period four years prior to the filing date of this

5    Complaint (the "California Class Period," collectively with Oregon and Pennsylvania, the "State

6    Class Periods").

7        4.    The Pennsylvania Class is made up of all persons who are or have been employed

8    by Defendants as an assistant general manager, also known within the class period as assistant

9    manager, in the State of Pennsylvania within the period three years prior to the filing date of this

10    Complaint (the "Pennsylvania Class Period," collectively with California and Oregon, the "State

11    Class Periods").

12        5.    The Oregon Class is made up of all persons who are or have been employed by

13    Defendants as an assistant general manager, also known within the class period as assistant

14    manager, in the State of Oregon within the period two years prior to the filing date of this

15    Complaint (the "Oregon Class Period," collectively with the California and Pennsylvania, the

16    "State Class Periods").

17        6.    During the Collective Class Period and the State Class Periods, Defendant failed to

18    pay appropriate overtime compensation to each member of the Collective Class and Class as

19    required by federal and state law.  Plaintiffs seek relief for the Class pursuant to the applicable

20    State Law, Rules, Regulations, and Wage Orders of the Industrial Welfare Commission ("IWC").

21    Plaintiffs also seek relief for the Collective Class under the Fair Labor Standards Act. All of the

22    relief sought is to remedy the Defendants' failure to pay all wages due, to pay appropriate

23    overtime compensation, to provide or authorize meal and rest periods, to pay waiting time

24    penalties, and to maintain accurate time records, in addition to injunctive relief.

25                                    **THE PARTIES**

26        7.    Individual and representative Plaintiff Shanan Calhoun (the "California Plaintiff")

27    resides in Bakersfield, California (Kern County). He was employed by Defendant for

28    approximately sixteen (16) months as an assistant general manager, also known within the class

-3-

1   period as assistant manager, working in San Pablo, California (Contra Costa County), Berkeley,

2   California (Alameda County), Concord, California (Contra Costa County), and Petaluma

3   California (Sonoma County) between approximately May of 2005 and August of 2006. Plaintiff

4   Shanan Calhoun brings his claim on behalf of himself and the Collective and California Classes.

5         8.    Individual and representative James Mulderig (the "Pennsylvania Plaintiff")

6   resides in Scranton, Pennsylvania. He was employed by Defendant for approximately thirty-four

7   (34) months as an assistant general manager, also known within the class period as assistant

8   manager, working in Jessup, Pennsylvania between approximately February 2003 and December

9   2006. Plaintiff James Mulderig brings his claim on behalf of himself and the Collective and

10  Pennsylvania Classes.

11        9.    Individual and representative Daniel Wille (the "Oregon Plaintiff") resides in

12  Rhododendron, Oregon. He was employed by Defendant for approximately twenty-two (22)

13  months as an assistant general manager, also known within the class period as assistant manager,

14  working in Portland, Oregon between approximately April 2004 and February 2006. Plaintiff

15  Daniel Wille brings his claim on behalf of himself and the Collective and Oregon Classes.

16        10.    Upon information and belief, Defendant Fastenal Company is a Minnesota

17  Corporation doing business in and maintaining offices in several states throughout the United

18  States, including a facility in San Pablo, California (Contra Costa County).

19        11.    Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their

20  true names and capacities are unknown to Plaintiffs. When their true names and capacities are

21  ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

22  herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

23  Defendants is responsible in some manner for the occurrences herein alleged, and that the

24  damages of Plaintiffs and the putative class members herein alleged were proximately caused by

25  such Defendants.

26        12.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants

27  herein was, at all times relevant to this action, the agent, employee, representative partner, and/or

28  joint venturer of the remaining Defendants and was acting within the course and scope of the

-4-

1    relationship.   Plaintiffs are further informed, believe, and thereon allege that each of the

2    Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining

3    Defendants.

4                                   **JURISDICTION AND VENUE**

5        13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case

6    is being brought under the FLSA, 29 U.S.C. § 207 *et seq*.  Each representative Plaintiff has signed

7    a consent form to join this lawsuit. (See Dkt. #1 and #15.)  This Court also has supplemental

8    jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9        14.    Venue is proper in the United States District Court, Northern District of California

10   pursuant to 28 U.S.C. § 1391, because Defendant operates a facility in Contra Costa County,

11   California and because a substantial part of the events giving rise to the claims occurred in this

12   district.

13       15.    Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned to the

14   Northern District of California because a substantial portion of the events giving rise to this

15   dispute occurred in Contra Costa County, California.

16                              **COLLECTIVE ACTION ALLEGATIONS**

17       16.    Plaintiffs bring this action on behalf of themselves and other employees similarly

18   situated as authorized under FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

19   **Collective Class:**     All persons who are or have been employed by Defendant as an

20                             assistant general manager, also known within the class period as

21                             assistant manager, within the United States at any time three years

22                             prior to the filing of this Complaint, to the final disposition of this

23                             case.

24       17.    Upon information and belief, Defendant suffered and permitted Plaintiffs and the

25   Collective Class to work more than forty hours per week without appropriate overtime

26   compensation.

27       18.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

28       19.    Upon information and belief, Defendant knew that Plaintiffs and the Collective

                                            -5-

1    Class, performed work that required overtime pay.  Defendant has operated under a scheme to

2    deprive these employees of appropriate overtime compensation by failing to properly compensate

3    them for all hours worked.

4        20.    Defendants misclassified Plaintiffs and members of the Collective Class with the

5    Job titles of assistant general manager, also known within the class period as assistant manager, as

6    "exempt" from federal and state overtime laws.  Defendants misrepresented to these employees

7    that they were "exempt" and therefore were not entitled to overtime pay for hours worked in

8    excess of forty a week.

9        21.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,

10   and has caused significant damages to Plaintiffs, and the Collective Class.

11       22.    Defendant is liable under the FLSA for failing to properly compensate Plaintiffs

12   and the Collective Class, and as such, notice should be sent to the Collective Class.  There are

13   numerous similarly situated current and former employees of Defendant who have been denied

14   overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised

15   notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly

16   situated employees are known to Defendant and are readily identifiable through Defendants'

17   records.

18                              **CLASS ALLEGATIONS**

19       23.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

20   Rules of Civil Procedure on behalf of the following defined classes:

21           **Proposed California Class:**        All employees of Defendant who were, are,

22                                or will be employed in the State of California as an assistant

23                                general manager, also known within the class period as

24                                assistant manager, at any time within four years of the filing

25                                of this Complaint until the final disposition of this case.

26           **Proposed Pennsylvania Class:**      All employees of Defendant who were, are,

27                                or will be employed in the State of Pennsylvania as an

28                                assistant general manager, also known within the class

                                      -6-

1    period as assistant manager, at any time within three years

2    of the filing of this Complaint until the final disposition of

3    this case.

4    **Proposed Oregon Class:**        All employees of Defendants who were, are,

5    or will be employed in the State of Oregon with the job title

6    of assistant general manager, also known within the class

7    period as assistant manager, at any time within two years of

8    the filing of this Complaint until the final disposition of this

9    case.

10    24.    Numerosity:    The Proposed Class is so numerous that joinder of all members is

11    impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the

12    relevant time period, Defendant employed hundreds of people who satisfy the definition of the

13    Proposed Class.

14    25.    Typicality:    Plaintiffs' claims are typical of the members of the Proposed

15    Classes.  Plaintiffs are informed and believe that, like other assistant general managers, also

16    known within the class period as assistant managers, they routinely worked more than eight hours

17    per day and more than 40 hours per week during the Class Period.  Plaintiffs had the same duties

18    and responsibilities as other Class members and were subject to Defendant's policy and practice

19    of improperly treating and classifying these employees as "exempt" from federal and state

20    overtime law, misrepresenting to these employees that they were exempt from federal and state

21    overtime law, improperly failing to pay appropriate overtime compensation for all hours worked,

22    failing to provide or authorize meal and rest breaks in compliance with state laws, failing to

23    maintain accurate time records of hours worked by the Proposed Classes and failing to issue

24    accurate itemized wage statements to these individuals.

25    26.    Superiority:    A class action is superior to other available methods of the fair and

26    efficient adjudication of the controversy, particularly in the context of wage and hour litigation

27    where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

28    in federal court against a large corporate Defendant.  Prosecuting hundreds of identical, individual

-7-

1    lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial

2    results.

3          27.   <u>Adequacy</u>:   Plaintiffs will fairly and adequately protect the interests of the

4    Proposed Class, and has retained counsel experienced in complex wage and hour class and

5    collective action litigation.

6          28.   <u>Commonality</u>: Common questions of law and fact exist to all members of the

7    Proposed Class and predominate over any questions solely affecting individual members of the

8    Proposed Class, including but not limited to:

9              A.    Whether Defendants improperly classified Plaintiffs and members of the

10                   State Classes with the job titles of assistant general manager, also known

11                   within the class period as assistant manager, as exempt;

12             B.    Whether Defendants unlawfully failed to fully pay appropriate overtime

13                   compensation to members of the Proposed Classes in violation of the state

14                   wage laws and the FLSA;

15             C.    Whether Plaintiffs and State Class members who are no longer employed

16                   with Defendants are entitled to penalties for failure to timely pay wages

17                   upon termination of employment, pursuant to the applicable state laws;

18             D.    Whether Defendants' policies and practices provide and/or authorize meal

19                   and rest periods in compliance with applicable state laws;

20             E.    Whether Defendants failed to keep accurate time records for all hours

21                   worked by the Plaintiffs and the Proposed Class in violation of FLSA, 29

22                   U.S.C. § 201 et seq., and state wage laws;

23             F.    Whether Defendants provided adequate itemized wage statements to the

24                   Plaintiffs and the Class pursuant to state wage laws;

25             G.    The proper measure of damages sustained by the Proposed Classes; and

26             H.    Whether Defendants' actions were "willful."

27         29.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

28   prosecution of actions by or against individual members of the class would result in inconsistent

1    or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

2    Further, adjudication of each individual member's claim as separate action would be dispositive

3    of the interest of other individuals not party to this action, impeding their ability to protect their

4    interests.

5        30.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

6    questions of law and fact common to the Proposed Classes predominate over any questions

7    affecting only individual members of the Proposed Class, and because a class action is superior to

8    other available methods for the fair and efficient adjudication of this litigation.  Defendant's

9    common and uniform policies and practices denied the Proposed Classes the overtime pay to

10   which they are entitled.  The damages suffered by the individual Proposed Class members are

11   small compared to the expense and burden of individual prosecution of this litigation.   In

12   addition, class certification is superior because it will obviate the need for unduly duplicative

13   litigation that might result in inconsistent judgments about Defendant's practices.

14       31.     Plaintiff intends to send notice to all members of the Proposed Classes to the

15   extent required by Rule 23.  The names and addresses of the Proposed Classes are available from

16   Defendant.

17                          **FIRST CLAIM FOR RELIEF**

18   **Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

19                  **(On Behalf of Plaintiffs and the Collective Class)**

20       32.     Plaintiffs, on behalf of themselves and the collective class, allege and incorporate

21   by reference the allegations in the preceding paragraphs.

22       33.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C.  §

23   216(b).  Plaintiffs' written consent forms were filed.  (See Dkt. #1 and #15.)  Plaintiffs anticipate

24   that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

25       34.     At all relevant times, Defendant has been, and continues to be, an "employer"

26   engaged in interstate commerce and/or in the production of goods for commerce, within the

27   meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendant has employed and

28   continues to employ employees, including Plaintiffs, and the Collective Class.  At all relevant

                                   -9-

1  times, upon information and belief, Defendant has had gross operating revenues in excess of

2  $500,000.00.

3      35.    The FLSA requires each covered employer such as Defendant to compensate all

4  non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for

5  work performed in excess of forty hours per work week.

6      36.    During their employment with Defendant, within the applicable statute of

7  limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per

8  workweek. Despite the hours worked by Plaintiffs and the Collective Class members, Defendant

9  willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed

10  and refused to pay them the appropriate overtime compensation for all the hours worked in excess

11  of forty.

12      37.    By failing to accurately record, report, and/or preserve records of hours worked by

13  Plaintiffs and the Collective Class, Defendant has failed to make, keep, and preserve records with

14  respect to each of its employees sufficient to determine their wages, hours, and other conditions

15  and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

16      38.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

17  within the meaning of 29 U.S.C. § 255(a).

18      39.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the

19  amount of their respective unpaid overtime compensation, liquidated damages from three years

20  immediately preceding the filing of this action, plus interests and costs as allowed by law,

21  pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court

22  deems just and proper.

23      40.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their

24  attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

25                          **SECOND CLAIM FOR RELIEF**

26          **Failure to Pay Overtime Compensation in Violation of California Law**

27            **(On Behalf of the California Plaintiff and the California Class)**

28      41.    Plaintiffs allege and incorporate by reference the allegations in the preceding

1  paragraphs.

2      42.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and

3  California Labor Code §510 required an employer, such as Defendant, to pay overtime

4  premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on

5  the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is

6  unlawful to employ persons for hours longer than the hours set by the Industrial Welfare

7  Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

8      43.    Plaintiff is informed and believes, and thereon alleges, that members of the Class

9  worked in excess of eight hours per day and in excess of 40 hours per week, and Defendant

10  unlawfully failed to pay members of the Class the proper overtime compensation required in

11  violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and

12  1198. Pursuant to California Labor Code § 1194, the Plaintiff Shanan Calhoun and the other

13  Class members are entitled to recover their unpaid overtime compensation.

14      44.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

15  herein, Plaintiff Shanan Calhoun and the Class have sustained damages, including loss of

16  earnings for hours of overtime worked on behalf of Defendant in an amount to be established at

17  trial, plus interest, attorneys' fees and costs.

18                    **THIRD CLAIM FOR RELIEF**

19                      **Waiting Time Penalties**

20      **(On Behalf of the California Plaintiff and the California Class)**

21      45.    Plaintiffs allege and incorporate by reference the allegations in the preceding

22  paragraphs.

23      46.    During the relevant time period, many Class members were employed by and

24  thereafter terminated by or resigned from their positions with Defendant. Defendant, however,

25  willfully failed to pay such Class members all wages owed them (including overtime wages)

26  within the time limits set forth in California Labor Code sections 201 and 202.

27

28

-11-

1    47.    Under Labor Code sections 201, 202, and 203, those Class members who no

2    longer work for Defendant are entitled to waiting time penalties for Defendants willful failure to

3    timely pay all wages owed upon separation of their employment.

### FOURTH CLAIM FOR RELIEF

**Failure to Provide Accurate Itemized Wage Statements**

**(On Behalf of the California Plaintiff and the California Class)**

7    48.    Plaintiffs allege and incorporate by reference the allegations in the preceding

8    paragraphs.

9    49.    California Labor Code § 226(a) provides that, at the time of each payment of

10   wages, an employer shall provide each employee with a wage statement itemizing, among other

11   things, the total hours worked by the employee in the pay period. California Labor Code § 226(e)

12   provides that an employee suffering injury as a result of a knowing and intentional failure by an

13   employer to comply with Labor Code § 226(a) may recover the greater of his or her actual

14   damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per

15   employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition

16   to attorneys' fees and costs.

17   50.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized

18   wage statements including, *inter alia*, hours worked, to Plaintiff Shanan Calhoun and the

19   California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff

20   Shanan Calhoun and the California Class members, by, among other things, impeding them from

21   knowing the total hours worked and the amount of wages to which they are and were entitled.

22   The California Plaintiff and the California Class are therefore entitled to the damages and

23   penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), the

24   California Plaintiff and the California Class are also entitled to and seek injunctive relief

25   requiring Defendant to comply with Labor Code 226(a).

### FIFTH CLAIM FOR RELIEF

**Failure to Provide Rest Breaks and Meal Periods**

-12-

1    **(On Behalf of the California Plaintiff and the California Class)**

2    51.    Plaintiff Shanan Calhoun, on behalf of himself and the proposed class, alleges and

3    incorporate by reference the allegations in the proceeding paragraphs.

4    52.    California Labor Code section 512 prohibits an employer from employing an

5    employee for a work period of more than five hours per day without providing the employee with

6    a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day

7    without providing the employee with a second meal period of not less than 30 minutes.

8    53.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto

9    provided) in relevant part that:

10    No employer shall employ any person for a work period of more than five (5)

11    hours without a meal period of not less than 30 minutes, except that when a work

12    period of not more than six (6) hours will complete the day's work the meal

13    period may be waived by mutual consent of the employer and employee. Unless

14    the employee is relieved of all duty during a 30 minute meal period, the meal

15    period shall be considered an "on duty" meal period and counted as time worked.

16    An "on duty" meal period shall be permitted only when the nature of the work

17    prevents an employee from being relieved of all duty and when by written

18    agreement between the parties an on-the-job paid meal period is agreed to. The

19    written agreement shall state that the employee may, in writing, revoke the

20    agreement at any time. If an employer fails to provide an employee a meal period

21    in accordance with the applicable provisions of this Order, the employer shall pay

22    the employee one (1) hour of pay at the employee's regular rate of compensation

23    for each work day that the meal period is not provided.

24    54.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto

25    provided) in relevant part that:

26    Every employer shall authorize and permit all employees to take rest periods,

27    which insofar as practicable shall be in the middle of each work period. The

28    authorized rest period time shall be based on the total hours worked daily at the

-13-

1    rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

2    However, a rest period need not be authorized for employees whose total daily

3    work time is less than three and one-half (3 ½) hours. Authorized rest period time

4    shall be counted, as hours worked, for which there shall be no deduction from

5    wages.  If an employer fails to provide an employee a rest period in accordance

6    with the applicable provisions of this Order, the employer shall pay the employee

7    one (1) hour of pay at the employee's regular rate of compensation for each work

8    day that the rest period is not provided.

9        55.    California Labor Code section 226.7 prohibits any employer from requiring any

10   employee to work during any meal or rest period mandated by an applicable IWC wage order,

11   and provides that an employer that fails to provide an employee with a required rest break or meal

12   period shall pay that employee one additional hour of pay at the employee's regular rate of

13   compensation for each work day that the employer does not provide a compliant meal or rest

14   period.

15       56.    Defendant failed to provide Plaintiff Shanan Calhoun and California Class

16   members with meal periods as required by law, and failed to authorize and permit the Plaintiff

17   and Class members to take rest periods as required by law.  Plaintiff and the Class members are

18   therefore entitled to payment of the meal and rest period premiums as provided by law.

19                          **SIXTH CLAIM FOR RELIEF**

20                  **Unfair Practice under the Unfair Competition Act**

21          **(On Behalf of the California Plaintiff and the California Class)**

22       57.    Plaintiff Shanan Calhoun, on behalf of himself and the proposed class alleges and

23   incorporates by reference the allegations in the preceding paragraphs.

24       58.    Section 17200 of the California Business and Professions Code — California's

25   Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful

26   or unfair business acts or practices.  The foregoing conduct by Defendant, as alleged, constitutes

27   unlawful business actions and practices in violation of Section 17200, *et seq.*

28

-14-

59.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Shanan Calhoun and the California Class members are entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendant has improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay minimum wage and overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## SEVENTH CLAIM FOR RELIEF

**Violation of Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c), et seq., and**

**Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.3(a), et seq.**

**(On Behalf of the Pennsylvania Plaintiff and Pennsylvania Class)**

60.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

61.     The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c), Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. (collectively "Pennsylvania Wage Laws").

62.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Pennsylvania Wage Laws. Defendants have employed or continue to employ employees including the Pennsylvania Plaintiff, and each member of the prospective Pennsylvania Class, within the meaning of the Pennsylvania Wage Laws.

63.     The Pennsylvania Minimum Wage Act requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees. The Pennsylvania Plaintiff and the Pennsylvania Class are non-exempt employees entitled to be paid overtime compensation for all hours worked in excess of forty (40) hours per week.

64.     At all times relevant, Defendants had a policy and practice of failing and refusing to pay overtime to the Pennsylvania Plaintiff and to the Pennsylvania Class members for their hours worked in excess of forty (40) per workweek.

65.     The Pennsylvania Wage Payment and Collection Law requires employers, such as

-15-

1　Defendants, to pay all wages, including overtime wages, on the regular payday designated in

2　advance by the employer or next succeeding pay period.

3　　　　66.　　As a result of Defendants' failure to pay wages earned and due, and their decision

4　to withhold wages earned and due to the Pennsylvania Plaintiff and the Pennsylvania Class,

5　Defendants have violated and continue to violate the Pennsylvania Wage Laws.

6　　　　67.　　As a result of Defendants' failure to record, report, credit, and furnish to the

7　Pennsylvania Plaintiff and Pennsylvania Class their respective wage and hour records showing all

8　wages earned and due for all work performed, Defendants have failed to make, keep, preserve,

9　and furnish such records in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.108.

10　　　68.　　The Pennsylvania Plaintiff, on behalf of himself and the Pennsylvania Class

11　members, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as

12　provided by Pennsylvania Minimum Wage Act, 43 P.S. § 333.113 and Pennsylvania Wage and

13　Collection Law, 43 P.S. § 260.9a, and liquidated damages in the greater amount of $500.00 or

14　25% of the total amount of wages due, as provided by the Pennsylvania Wage and Collection

15　Law, 43 P.S. § 260.10.

16　　　69.　　The Pennsylvania Plaintiff, on behalf of himself and the Pennsylvania Class

17　members, seeks the amount of her underpayments based on Defendants' failure to pay one and

18　one-half times the regular rate of pay for work performed in excess of forty (40) hours, as

19　provided by the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c) and such other legal and

20　equitable relief from Defendants' unlawful and willful conduct as the Court deems just and

21　proper.

## EIGHTH CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of Oregon Law

### (On Behalf of the Oregon Plaintiff and the Oregon Class)

25　　　70.　　Plaintiffs allege and incorporate by reference the allegations in the preceding

26　paragraphs.

27　　　71.　　At all relevant times herein, ORS § 653.261 and OR ADC 839-020-0030 required

28　an employer, such as Defendants, to pay overtime premium(s) of not less than one and one-half

1    times the regular rate of pay "when computed without benefits or commissions, overrides, spiffs,

2    bonuses, tips, or similar benefits."

3    72.    The Oregon Plaintiff is informed and believes, and thereon alleges, that members

4    of the Oregon Class worked in excess of 40 hours per week, that members of the Oregon Class

5    with the title of assistant general manager, also known within the class period as assistant

6    manager, were misclassified as exempt, and that Defendants unlawfully failed to pay members of

7    the Oregon Class the overtime required in violation of ORS § 653.261 and OR ADC 839-020-

8    0030.  Pursuant to ORS § 653.055, the Oregon Plaintiff and Oregon Class Members are entitled

9    to recover their unpaid overtime compensation.

10    73.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

11    herein, the Oregon Plaintiff and the Oregon Class have sustained damages, including but not

12    limited to loss of earnings for hours of overtime worked on behalf of Defendants in an amount to

13    be established at trial, plus interest, attorneys' fees and costs.

14    74.    Plaintiffs moreover seek appropriate declaratory and injunctive relief and such

15    other legal and equitable remedies available under Oregon law as the Court deems just and

16    proper.

17    **NINTH CLAIM FOR RELIEF**

18    **Failure to Pay Wages Upon Separation In Violation of Oregon Law**

19    **(On Behalf of the Oregon Plaintiff and the Oregon Class)**

20    75.    Plaintiffs allege and incorporate by reference the allegations in the preceding

21    paragraphs.

22    76.    During the relevant time period, many Oregon Class members were employed by

23    and thereafter terminated by or resigned from their positions with Defendants.  Defendants,

24    however, willfully failed to pay such Class Members all wages owed them (including overtime

25    wages) within the time limits set forth in ORS § 652.140.

26    77.    Under ORS § 652.150, those Oregon Class Members who no longer work for

27    Defendants are entitled to penalties for Defendants' willful failure to timely pay all wages owed

28    upon separation of their employment in an amount to be established at trial, plus interest,

-17-

1  attorneys' fees, and costs.

2  **TENTH CLAIM FOR RELIEF**

3  **Failure to Provide Appropriate Meal and Rest Periods in Violation of Oregon Law**

4  **(On Behalf of the Oregon Plaintiff and the Oregon Class)**

5  78.    Plaintiffs allege and incorporate by reference the allegations in the preceding

6  paragraphs.

7  79.    At all relevant times herein, ORS § 653.261 and OR ADC 839-020-0050 required

8  an employer, such as Defendants, to provide employees with an "appropriate" rest and meal

9  period.

10  80.    Defendants regularly and systematically failed to provide the Oregon Plaintiff and

11  Oregon Class with appropriate meal and rest periods as required by law.  As a result, the Oregon

12  Plaintiff and members of the Oregon Class regularly worked while they should have been

13  receiving breaks.  The Oregon Plaintiff and Oregon class are therefore entitled to payment for

14  each meal and rest period missed during the class period.  Pursuant to ORS § 653.055, the Oregon

15  Plaintiff and Oregon Class Members are entitled to recover their unpaid compensation.

16  81.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

17  herein, the Oregon Plaintiff and the Oregon Class have sustained damages, including but not

18  limited to loss of earnings for time worked during meal and rest periods, on behalf of Defendants

19  in an amount to be established at trial, plus interest, attorneys' fees and costs.

20  82.    Plaintiffs moreover seek appropriate declaratory and injunctive relief and such

21  other legal and equitable remedies available under Oregon law as the Court deems just and proper.

22  **PRAYER FOR RELIEF**

23  83.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

24  Collective and State Classes, pray for relief as follows:

25  A.    That the Court determine that this action may proceed as a class action

26  under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

27  B.    That Defendants are found to have violated the overtime, meal/rest period,

28  itemized wage statement/time records, and failure to timely pay wages

-18-

penalty provisions of the state wage laws cited above as to the respective State Classes;

C.   That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

D.   That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and the Collective Class;

E.   That Defendants' violations as described above are found to be willful;

F.   An award to Plaintiffs and the Classes for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G.   That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Classes due to Defendants' unlawful activities, pursuant to California state laws cited above;

H.   That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

I.   That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

J.   For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216 and/or other applicable state laws; and

K.   For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

84.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: December 19, 2007                    NICHOLS KASTER & ANDERSON, LLP

FIRST AMENDED  CLASS ACTION COMPLAINT

1

By:    s/Matthew C. Helland
       Matthew C. Helland
       ATTORNEYS FOR PLAINTIFFS AND
       THE PUTATIVE CLASS

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED  CLASS ACTION COMPLAINT

## PROOF OF SERVICE

1

STATE OF MINNESOTA          )

2                                              )    ss.

COUNTY OF HENNEPIN       )

3

4        I am a resident of the State of Minnesota, over the age of eighteen years, and not a party to the within action. My business address is Nichols Kaster & Anderson, PLLP, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402.

5

6        On December 19, 2007, I served the within document(s):

**First Amended Complaint**

7

on the person(s) at the address(es) listed below:

8

### SEE ATTACHED SERVICE LIST

| | | |
|---|---|---|
| 9 | X | ***VIA U.S. MAIL:*** By placing the document(s) listed in a sealed envelope(s) with postage thereon fully prepaid in the United States mail at San Francisco, California, addressed as set forth herein. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit. |
| | | ***VIA FACSIMILE.*** I sent such document(s) by facsimile transmission on ___. I certify that said transmission(s) was/were completed, that all pages were received, and that a confirmation report was generated by facsimile machine phone number (415) 277-7238 |
| | | ***VIA PERSONAL DELIVERY.*** By causing delivery of the document(s) by way of Ace Messenger Service |
| | X | ***VIA E-MAIL.*** I e-mailed the document(s) to all interested parties in this matter in the ordinary course of business on the date indicated herein. |
| | | ***VIA FEDERAL EXPRESS.*** I am readily familiar with the practice of this office for collection and processing of correspondence fro next business day delivery by FedEx, and said correspondent is deposited with FedEx on this date in the ordinary course of the business. |

22        I declare under penalty of perjury under the laws of the State of Minnesota that the above is true and correct. Executed this 19th day of December, 2007, at Minneapolis, Minnesota.

23

24

25    Megan B. Sand

26

27

28

FIRST AMENDED  CLASS ACTION COMPLAINT

## SERVICE LIST

1

2    Leslie Wallis
     Lori A. Bowman
3    Ogletree Deakins Nash Smoak & Stewart, P.C.
     633 West 5th Street, 53rd Floor
4    Los Angeles, CA 90071

5    Attorneys for Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED  CLASS ACTION COMPLAINT