LORI A. BOWMAN, State Bar No. 114664
lori.bowman@ogletreedeakins.com
LESLIE E. WALLIS, State Bar No. 128435
leslie.wallis@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

Attorneys for Defendant
FASTENAL COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, and DANIEL WILLE individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:07-CV-5326 MHP<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Fastenal Company (hereinafter "Defendant"), hereby Answers Plaintiffs' First Amended Complaint (the "Complaint") and admits, denies and alleges as follows:

## PRELIMINARY STATEMENT

1. With regard to the allegations contained in paragraph 1 of the Complaint Defendant admits that the individual Plaintiffs purport to bring a collective and class action pursuant to Federal Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA") on behalf on assistant general managers. Defendant denies the remaining allegations of this paragraph.

2. With regard to the allegations contained in paragraph 2 of the Complaint, Defendant admits that Plaintiffs contend that the putative collective class consists of persons who are or have been employed as an assistant general manager within three years prior to the action's filing date. Defendant denies the remaining allegations of this paragraph.

3. With regard to the allegations contained in paragraph 3 of the Complaint, Defendant admits that Plaintiffs contend that the putative California class consists of persons who are or have been employed as an assistant general manager in the State of California within four years prior to the action's filing date. Defendant denies the remaining allegations of this paragraph.

4. With regard to the allegations contained in paragraph 4 of the Complaint, Defendant admits that Plaintiffs contend that the putative Pennsylvania class consists of persons who are or have been employed as an assistant general manager within three years prior to the action's filing date. Defendant denies the remaining allegations of this paragraph.

5. With regard to the allegations contained in paragraph 5 of the Complaint, Defendant admits that Plaintiffs contend that the putative Oregon class consists of persons who are or have been employed as an assistant general manager

within two years prior to the action's filing date. Defendant denies the remaining allegations of this paragraph.

6. With regard to the allegations contained in paragraph 6, Defendant admits that Plaintiff seeks the relief set forth therein. Defendant denies the remaining allegations of this paragraph.

7. With regard to the allegations contained in paragraph 7 of the Complaint, Defendant admits that Plaintiff Shanan Calhoun was employed by Defendant for approximately sixteen (16) months as an assistant manager, and that he worked in San Pablo, California (Contra Costa County), Berkeley, California (Alameda County), Concord, California (Contra Costa County), and Petaluma California (Sonoma County) between approximately May of 2005 and August of 2006. Defendant lacks sufficient information or belief upon which to admit or deny the allegations regarding Plaintiff's current residence. Defendant denies the remaining allegations of this paragraph.

8. With regard to the allegations contained in paragraph 8 of the Complaint, Defendant admits that Plaintiff Mulderig was employed by Defendant for approximately thirty-four (34) months as an assistant manager, working in Jessup, Pennsylvania between approximately February 2003 and December 2006. Defendant lacks sufficient information or belief upon which to admit or deny the allegations regarding Plaintiff's current residence. Defendant denies the remaining allegations of this paragraph.

9. With regard to the allegations contained in paragraph 9 of the Complaint, Defendant admits that Plaintiff Wille was employed by Defendant for approximately twenty-two (22) months as an assistant manager, working in Portland, Oregon between approximately April 2004 and February 2006. Defendant lacks sufficient information or belief upon which to admit or deny the allegations regarding Plaintiff's current residence. Defendant denies the remaining allegations of this paragraph.

10. With regard to the allegations contained in paragraph 10 of the Complaint, Defendant admits that Fastenal Company is a Minnesota Corporation doing business in and maintaining offices in several states throughout the United States, including a facility in San Pablo, California (Contra Costa County).

11. With regard to the allegations contained in paragraph 11 of the Complaint, Defendant lacks sufficient information or belief upon which to admit or deny the allegations regarding the Plaintiff's knowledge of the names and capacities of each Defendant sued as DOES 1 through 50. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. With regard to the allegations contained in paragraph 12 of the Complaint, Defendant lacks sufficient information or belief upon which to admit or deny the allegations regarding the actions of each Defendant sued as DOES 1 through 50. Defendant denies the remaining allegations contained in paragraph 12.

## JURISDICTION AND VENUE

13. With regard to the allegations contained in paragraphs 13 through 15 entitled "Jurisdiction and Venue," Defendant admits Plaintiffs seek to invoke the jurisdiction of this Court pursuant to the statutes cited in the Complaint. Defendant admits that it operates a facility in Contra Costa County, California. Defendant denies that the Plaintiffs have satisfied the jurisdictional prerequisites to bring suit.

## COLLECTIVE ACTION ALLEGATIONS

14. With regard to the allegations contained in paragraph 16, Defendant admits that Plaintiffs have proposed a class definition. Defendant denies the remaining allegations of this paragraph.

15. Defendant denies the allegations contained in paragraph 17 of the Complaint.

16. Defendant denies the allegations contained in paragraph 18 of the Complaint.

17. Defendant denies the allegations contained in paragraph 19 of the Complaint.

18. Defendant denies the allegations contained in paragraph 20 of the Complaint.

19. Defendant denies the allegations contained in paragraph 21 of the Complaint.

20. Defendant denies the allegations contained in paragraph 22 of the Complaint.

21. With regard to the allegations contained in paragraph 23 of the Complaint, Defendant admits that Plaintiffs purport to bring this action as a class action and further that they purport to define sub-classes of employees. Defendant denies the remaining allegations of this paragraph.

22. Defendant denies the allegations contained in paragraph 24 of the Complaint.

23. Defendant denies the allegations contained in paragraph 25 of the Complaint.

24. Defendant denies the allegations contained in paragraph 26 of the Complaint.

25. Defendant denies the allegations contained in paragraph 27 of the Complaint.

26. Defendant denies the allegations contained in paragraph 28 of the Complaint.

27. Defendant denies the allegations contained in paragraph 29 of the Complaint.

28. Defendant denies the allegations contained in paragraph 30 of the Complaint.

29. Defendant admits that Plaintiffs contend that they intend to send notice and that Defendant has names and addresses of some members of the putative

proposed classes.  Except as so expressly stated, Defendant denies the allegations of paragraph 31.

## FIRST CLAIM FOR RELIEF

30. In response to paragraph 32, Defendant incorporates herein by this reference its response to paragraph 1 through 31 of the Complaint as fully set forth herein.

31. With regard to the allegations contained in paragraph 33, Defendant admits that Plaintiff has attached written consents of the purported named Plaintiffs to this action.  Defendant lacks sufficient information or belief upon which to admit or deny the remaining allegations.

32. Paragraph 34 sets forth legal conclusions to which Defendant need not, and does not respond.  To the extent paragraph 34 contains factual allegations, Defendant admits that it is an employer engaged in interstate commerce and that it employed the named Plaintiffs.  Defendant further admits that it has gross operating revenues in excess of $500,000.00.

33. Paragraph 35 sets forth legal conclusions to which Defendant need not, and does not respond.

34. Defendant admits that some members of the putative class may have worked in excess of forty hours per work week during the period of time unidentified by Plaintiffs. Defendant denies the remaining allegations of paragraph 36 of the Complaint.

35. Defendant denies the allegations contained in paragraph 37 of the Complaint.

36. Defendant denies the allegations contained in paragraph 38 of the Complaint.

37. With respect to the allegations in paragraph 39 of the Complaint, Defendant admits that Plaintiffs seek the damages therein. Defendant denies the remaining allegations.

38. With respect to the allegations in paragraph 40 of the Complaint, Defendant admits that Plaintiffs seek the damages therein. Defendant denies the remaining allegations.

## SECOND CLAIM FOR RELIEF

39. In response to paragraph 41, Defendant incorporates herein by this reference its response to paragraph 1 through 40 of the Complaint as fully set forth herein.

40. Paragraph 42 sets forth legal conclusions to which Defendant need not, and does not respond. To the extent paragraph 42 contains factual allegations, Defendant denies them.

41. Defendant admits that some members of the putative class may have worked in excess of eight hours per day and in excess of 40 hours per week. Defendant denies the remaining allegations.

42. Defendant denies the allegations contained in paragraph 44 of the Complaint.

## THIRD CLAIM FOR RELIEF

43. In response to paragraph 45, Defendant incorporates herein by this reference its response to paragraph 1 through 44 of the Complaint as fully set forth herein.

44. In response to paragraph 46, Defendant admits that putative class members were employed by and thereafter terminated by or resigned from their positions with Defendant. Defendant denies the remaining allegations in paragraph 46 of the Complaint.

45. Defendant denies the allegations contained in paragraph 47 of the Complaint.

## FOURTH CLAIM FOR RELIEF

46. In response to paragraph 48, Defendant incorporates herein by this reference its response to paragraph 1 through 47 of the Complaint as fully set forth herein.

47. Paragraph 49 sets forth legal conclusions and allegations of damages to which Defendant need not, and does not respond.

48. Defendant denies the allegations contained in paragraph 50 of the Complaint.

## FIFTH CLAIM FOR RELIEF

49. In response to paragraph 51, Defendant incorporates herein by this reference its response to paragraph 1 through 50 of the Complaint as fully set forth herein.

50. Paragraph 52 sets forth legal conclusions to which Defendant need not, and does not respond.

51. Paragraph 53 sets forth legal conclusions to which Defendant need not, and does not respond.

52. Paragraph 54 sets forth legal conclusions to which Defendant need not, and does not respond.

53. Paragraph 55 sets forth legal conclusions to which Defendant need not, and does not respond.

54. Defendant denies the allegations contained in paragraph 56 of the Complaint.

## SIXTH CLAIM FOR RELIEF

55. In response to paragraph 57, Defendant incorporates herein by this reference its response to paragraph 1 through 56 of the Complaint as fully set forth herein.

56. Paragraph 58 sets forth legal conclusions (that Section 17200 of the California Business and Professions Code – California Unfair Competition Law –

1  prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair
2  business acts or practices) to which Defendant need not, and does not respond.
3  Defendant denies the remaining allegations in paragraph 58.

4      57.    Defendant denies the allegations contained in paragraph 59 of the
5  Complaint.

## SEVENTH CLAIM FOR RELIEF

7      58.    In response to paragraph 60, Defendant incorporates herein by this
8  reference its response to paragraph 1 through 59 of the Complaint as fully set forth
9  herein.

10      59.    Defendant denies the allegations contained in paragraph 61 of the
11  Complaint.

12      60.    Paragraph 62 sets forth legal conclusions to which Defendant need not,
13  and does not respond.  Defendant admits that it employs employees and employed
14  Plaintiff James Mulderig in Pennsylvania.  To the extent paragraph 62 contains
15  additional factual allegations, Defendant denies them.

16      61.    Paragraph 63 sets forth legal conclusions about the Pennsylvania wage
17  laws to which Defendant need not, and does not respond.  Defendant denies the
18  remaining allegations in paragraph 63.

19      62.    Defendant denies the allegations contained in paragraph 64 of the
20  Complaint.

21      63.    Paragraph 65 sets forth legal conclusions to which Defendant need not,
22  and does not respond.

23      64.    Defendant denies the allegations contained in paragraph 66 of the
24  Complaint.

25      65.    Defendant denies the allegations contained in paragraph 67 of the
26  Complaint.

27      66.    Defendant admits that Plaintiff seeks the damages set forth therein.
28  Defendant denies the remaining allegations in paragraph 68.

67. Defendant admits that Plaintiff seeks the damages set forth therein. Defendant denies the remaining allegations in paragraph 69.

## EIGHTH CLAIM FOR RELIEF

68. In response to paragraph 70, Defendant incorporates herein by this reference its response to paragraph 1 through 69 of the Complaint as fully set forth herein.

69. Paragraph 71 sets forth legal conclusions to which Defendant need not, and does not respond. To the extent paragraph 71 contains factual allegations, Defendant denies them.

70. Defendant admits that some of the putative members of the Oregon class may have worked in excess of 40 hours per week. Defendant denies the remaining allegation of paragraph 72.

71. Defendant denies the allegations contained in paragraph 73 of the Complaint.

72. Defendant admits that Plaintiffs seek the damages set forth therein. Defendant denies the remaining allegations in paragraph 74.

## NINTH CLAIM FOR RELIEF

73. In response to paragraph 75, Defendant incorporates herein by this reference its response to paragraph 1 through 74 of the Complaint as fully set forth herein.

74. Defendant admits that some putative Oregon class members were employed by and thereby terminated by or resigned from their positions with Defendant. Defendant denies the remaining allegations in paragraph 76.

75. Defendant denies the allegations contained in paragraph 77 of the Complaint.

### TENTH CLAIM FOR RELIEF

76. In response to paragraph 78, Defendant incorporates herein by this reference its response to paragraph 1 through 77 of the Complaint as fully set forth herein.

77. Paragraph 78 sets forth legal conclusions to which Defendant need not, and does not respond.

78. Defendant denies the allegations contained in paragraph 80 of the Complaint.

79. Defendant denies the allegations contained in paragraph 81 of the Complaint.

80. Defendant admits that Plaintiffs seek the damages therein. Defendant denies the remaining allegations in paragraph 82.

### AFFIRMATIVE DEFENSES

As separate, distinct, and affirmative defenses, Defendant alleges and avers the following:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

81. The Complaint and each purported cause of action alleged therein fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate)

82. Plaintiffs are barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

### THIRD AFFIRMATIVE DEFENSE
(Failure to State Cause of Action for Attorneys' fees)

83. The Complaint and each purported cause of action contained therein, fail to state a claim for attorneys' fees against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

84. To the extent Plaintiffs failed to accurately report their hours worked, Plaintiffs' claims are barred by the doctrine of equitable estoppel. Each of the purported claims set forth in the Complaint is barred in whole or in part, by the doctrine of estoppel, in that inter alia, Plaintiffs have unreasonably delayed bringing these claims after having knowledge of the injuries alleged in the Complaint, Plaintiffs were properly classified and paid, and through their actions and representations led Defendant to believe that they were properly classified and paid as exempt employees.

## FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

85. Some of the purported claims set forth in the Complaint are barred by the applicable statutes of limitation, including, but not limited to, California Civil Code of Procedure Sections 338 and/or 339 and/or 340(3) and Cal. Bus & Prof. Code § 17208 and/or the statutes of limitation of the Pennsylvania Minimum Wage and Collection Act and the Pennsylvania Minimum Wage Act and/or the Oregon Revised Statutes and Oregon Administrative Code and/or the two and three year statutes of limitations related to the FLSA because Defendant did not act willfully with respect to any alleged violation of the FLSA or any state statute (i.e. Defendant neither knew nor showed reckless disregard as to whether its conduct was prohibited by the FLSA or any state statute).

## SIXTH AFFIRMATIVE DEFENSE

(Unenforceable Statutes)

86. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that the Plaintiffs' claims, and each of them, are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

## SEVENTH AFFIRMATIVE DEFENSE

(Collateral Estoppel/ Res Judicata)

87. On information and belief, the claims of Plaintiffs and the putative class are barred by the doctrines of Collateral Estoppel and/or Res Judicata to the extent the claims and issues have already been litigated and adjudicated.

## EIGHTH AFFIRMATIVE DEFENSE

(Improper Class Action)

88. Plaintiffs' claims fail to meet the requirements of a claim for class relief.

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

89. Plaintiffs have waived any right to assert each of the purported claims set forth in the Complaint because, inter alia, they have unreasonably delayed asserting these claims after having knowledge of the injuries alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

(Laches)

90. Each of the purported claims set forth in the Complaint is barred by the doctrine of laches because, inter alia, Plaintiffs unreasonably delayed asserting these claims after having knowledge of the injuries alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

91. With respect to each purported claim set forth in the Complaint, Plaintiffs failed to exhaust available administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

(Necessity)

92. With respect to one or more of the purported claims set forth in the Complaint, any of the acts alleged to have been performed by Defendant, if

performed at all, were performed in accordance with "business necessity" and for legitimate reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Exempt)

93. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that the Plaintiffs' claims, and each of them, are barred to the extent that Plaintiffs, or certain of them, are exempt from overtime laws.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Motor Carrier Act Exemption)

94. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that the Plaintiffs' claims are barred by the operation of the Motor Carrier Act, 49 U.S.C. Sections 13501, 31502, et seq., and the regulations thereunder.

### FIFTEENTH AFFIRMATIVE DEFENSE

(State and Federal Motor Carrier Act Exemption)

95. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that the Plaintiffs' claims are barred to the extent that Plaintiffs, or certain of them, are exempt from overtime laws to the extent they are covered by the Motor Carrier exemption under applicable state and federal law.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Driver Salespersons)

96. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that the Plaintiffs' claims are barred to the extent that Plaintiffs, or certain of them are exempt from overtime laws because they are driver salespersons pursuant to the regulations under the Motor Carrier Act, 49 C.F.R. Section 395.2.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Outside Salespersons)

97. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that the Plaintiffs' claims are barred to the extent that Plaintiffs, or certain of them are exempt from overtime laws because they are outside salespersons under applicable state and federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Administrative Exemption)

98. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that the Plaintiffs' claims are barred to the extent that Plaintiffs, or certain of them are exempt from overtime laws pursuant to the administrative exemptions under applicable state and federal law.

## NINETEENTH AFFIRMATIVE DEFENSE

(Plaintiffs are not Adequate Representatives)

99. Plaintiffs and their counsel are not adequate representatives of those they purport to represent.

## TWENTIETH AFFIRMATIVE DEFENSE

(Individual Issues of Fact or Law Predominate)

100. For some of or all the claims asserted, individual issues of fact or law predominate over common issues, and class treatment is not superior to other methods for fairly and efficiently adjudicating this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Conflict of Interest)

101. Certain of Plaintiffs' interests are in conflict with the interests of those they purport to represent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Standing)

102. Plaintiffs lack standing to assert some of or all the claims asserted.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Combined Exemption)

103. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that Plaintiffs' claims are barred to the extent Plaintiffs, or certain of them, are exempt from overtime laws by combined outside sales, administrative and/or executive exemptions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Executive Exemption)

104. With respect to one or more of the purported claims set forth in the Complaint, Defendant alleges that Plaintiffs' claims are barred to the extent Plaintiffs, or certain of them are exempt from overtime laws pursuant to the executive exemption under applicable state and federal law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

105. Because Plaintiff's Complaint is couched in broad and conclusory terms, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiffs, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1. That the First Amended Complaint, and each purported cause of action therein, be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiffs take nothing by their First Amended Complaint;

3. That Defendant be awarded attorneys' fees;

4. That Defendant be awarded costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief that this Court deems just and proper.

DATED: 01/07/08

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _____/s/ Leslie E. Wallis_____
      Lori A. Bowman
Attorneys for Defendant FASTENAL COMPANY