1    Counsel on next page

2

3

4

5
         **IN THE UNITED STATES DISTRICT COURT**
6        **NORTHERN DISTRICT OF CALIFORNIA**

7

8    SHANAN CALHOUN, JAMES
     MULDERIG, and DANIEL WILLE          Case No: 3:07-CV-5326 MHP
9    individually, on behalf of others similarly
     situated, and on behalf of the general
10   public,

11                  Plaintiffs,          **JOINT CASE MANAGEMENT
                                         STATEMENT, FRCP 26(F) REPORT AND
12        v.                             PROPOSED ORDER**

13   FASTENAL COMPANY, and DOES 1-         Date: January 28, 2008
     50, inclusive,
14                                         Time: 4:00 p.m.

15                  Defendants.           Location: Ctrm 15, 18th Floor

16
                                          Judge: Hon. Marilyn Hall Patel
17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1

2    NICHOLS KASTER & ANDERSON, LLP
     Matthew C. Helland, CA State Bar No. 250451
3    Helland@nka.com
     One Embarcadero Center, Suite 720
4    San Francisco, CA 94111
     Telephone (415) 277-7235
5    Facsimile: (415) 277-7238

6    NICHOLS KASTER & ANDERSON, PLLP
     Donald H. Nichols, MN State Bar No. 78918
7    Nichols@nka.com
     (admitted *pro hac vice*)
8    Paul J. Lukas, MN State Bar No. 22084X
     Lukas@nka.com
9    (admitted *pro hac vice*)
     David C. Zoeller, MN State Bar No. 0387885
10   Zoeller@nka.com
     (admitted *pro hac vice*)
11   4600 IDS Center
     80 South 8th Street
12   Minneapolis, MN 55402
     Telephone:  (612) 256-3200
13   Facsimile:  (612) 215-6870

14   Attorneys for Individual and Representative Plaintiffs

15   LORI A. BOWMAN, State Bar No. 114664
     lori.bowman@ogletreedeakins.com
16   LESLIE E. WALLIS, State Bar No. 128435
     leslie.wallis@ogletreedeakins.com
17   OGLETREE, DEAKINS, NASH,
     SMOAK & STEWART, P.C.
18   633 West Fifth Street, 53rd Floor
     Los Angeles, California 90071
19   Telephone:     (213) 239-9800
     Facsimile:     (213) 239-9045
20
     A. CRAIG CLELAND
21   craig.cleland@ogletreedeakins.com
     (admitted *pro hac vice*)
22   OGLETREE, DEAKINS, NASH,
     SMOAK & STEWART, P.C.
23   Bank of America Plaza
     600 Peachtree St., NE, Suite 2100
24   Atlanta, GA 30308

25   Attorneys for Defendant
     FASTENAL COMPANY

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred for the preparation of this Statement as required by Civ. L.R.16-4.

The parties make the following representations and recommendations:

**A.    JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THIS ACTION**

Plaintiffs' first amended complaint alleges ten (10) causes of action relating to: (1) wage and hour claims under the Fair Labor Standards Act (FLSA), as well as California, Pennsylvania, and Oregon state law; (2) unfair business practices under California law; and (3) meal and rest break claims under California and Oregon state law. Plaintiffs seek to certify a nationwide FLSA collective action that includes all assistant general managers for a violation of the alleged wage and hour claims. Plaintiffs also seek to certify California, Pennsylvania, and Oregon classes (Rule 23) for assistant general managers for their alleged wage and hour claims under California, Pennsylvania, and Oregon law (respectively) within the period four (4), three (3), and two (2) years (respectively) prior to the filing date of the Complaint.

Defendant, Fastenal Company, ("Fastenal") is a distributor of industrial and construction supplies, maintaining storefronts in fifty states and abroad. Plaintiffs are or were employed by Fastenal as assistant general managers during the past four years. Plaintiffs were not paid overtime compensation during their employment as assistant general managers with Fastenal. Plaintiffs' contend that their main duties as assistant general managers were to be present and to wait on customers at the Fastenal storefront where they worked. Plaintiffs spent their time in the store stocking shelves, receiving deliveries, answering phones, cleaning and maintaining the store-front, and waiting on walk-in customers. Plaintiffs also spent time away from the Fastenal storefront making deliveries to Fastenal customers, and checking and replacing the inventory of Fastenal products for Fastenal customers who maintained "bins." Defendants contend that the position of assistant general manager varied greatly based on a number of factors including but not limited to: the needs of the particular store, time spent in performing each of the necessary tasks, the geographical location of the facilities, the length of time a store had been operating, the

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

number of individuals and amount of business, the types of customers serviced at the particular location, done at any particular location, preferences of employees, skill and experience of the employees, etc. Fastenal's entrepreneurial based business model granted wide discretion and management duties to its assistant general managers. Assistant General Managers engaged in certain duties, including but not limited to outside sales, sourcing, pricing, collections, quoting, purchasing, cash management, management of the store and management of other employees, however the management at each individual store was expected to exercise independent judgment in determining the scope of the duties and the general operation of the individual facility.

**B.    PRINCIPAL ISSUES**

    **1.    The principal factual issues in dispute are:**

        a.    The number of hours worked per day or per week by each Plaintiff and/or each member of the putative class.

        b.    Whether Defendants maintained accurate records of hours worked by Plaintiffs and/or each member of the putative class.

        c.    Whether Defendants had knowledge of any unpaid overtime worked by Plaintiffs and/or each member of the putative class.

        d.    Whether Defendants were required to and if so, whether they appropriately compensated any overtime work performed by Plaintiffs and/or each member of the putative class.

        e.    Whether Defendants were required to and if so, whether they provided accurate, itemized wage statements.

        f.    Whether Defendants paid each Plaintiff and/or each member of the putative class at their termination of employment.

        g.    Whether Defendants were required to and if so, whether they authorized and provided California and Oregon Plaintiffs with meal and rest breaks as required by state law.

        h.    The amount of damages, if any, suffered by Plaintiffs and each member of the putative class.

2.    **The principal legal issues that the parties dispute are:**

a.    Whether notice of this collective action should be provided to putative class members pursuant to <u>Hoffman La-Roche, Inc. v. Sperling</u>, 493 U.S. 165 (1989).

b.    Whether there was any justification for classifying Plaintiffs as exempt employees during the applicable statutory period.

c.    Assuming liability is found, whether Defendants' failure to pay overtime or other wages to Plaintiffs was willful.

d.    Whether Defendants acted in good faith and/or had reasonable grounds for believing that they paid all sums considered to be legally due to each Plaintiff.

e.    Whether a collective and/or class action certification is appropriate in this case.

f.    Entitlement to and/or the amount of penalties claimed by Plaintiffs.

g.    Entitlement to and/or the amount of attorneys' fees claimed by Plaintiffs.

3.    **The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved:**

The parties agree that the Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as this case is being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq.  Plaintiff submits that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.   Defendants reserve the right to argue that the Court does not or should not exercise supplemental jurisdiction over all of the state law claims.

4.    **The following parties have not yet been served:**

The only named defendant, Fastenal Company, has been served.

5.    **Any additional parties that a party intends to join are listed below:**

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

Plaintiffs seek to certify this case as a collective/class action.  At this time, no additional parties are known to Plaintiffs apart from the potential additional "opt-in" Plaintiffs under the FLSA. Currently, over 50 "opt-in" Plaintiffs have filed consents to join this lawsuit.

**6.     Any additional claims that a party intends to add are listed below:**

| Party | Additional Claims | Deadline |
|-------|-------------------|----------|
| Plaintiff | Claims Under State Wage and Hour Laws | May 2, 2008 |
| Defendant | Defendant is exploring the potential for a counter-claim for unjust enrichment, however at this time, Defendant does not intend to add any claims and opposes Plaintiff adding additional claims without meeting and conferring with Defendants and then obtaining leave of the court. | |

**C.     ALTERNATIVE DISPUTE RESOLUTION (Choose one of the following three options.)**

☒     This case already has been assigned or the parties have agreed to use the following court sponsored or other ADR procedure (please list the provider if other than the court):

The parties have stipulated to mediation after the close of discovery.  The parties are still discussing the provider of such services and will advise the court when such selection has been made.

Date by which ADR session to be commenced: **30 days following completion of discovery.**

Date by which ADR session to be completed: No later than 60 days following completion of discovery.

☐     The parties have been unable to agree on an ADR procedure.  The party[ies] listed below believes that the case is appropriated for the ADR procedure indicated:

☐     All parties share the view that no ADR procedure should be used in this case.  The specific basis for that view is set forth below:

The parties make the following additional suggestions concerning settlement:

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

The Court hereby orders:

_____

_____

_____

**D.    CONSENT TO JURISDICTION BY MAGISTRATE JUDGE**

Parties consent to a jury or court trial presided over by a magistrate judge      ☐ yes

☒ no

The Court hereby refers this case for the following purposes to a magistrate judge:

_____

_____

_____

**E.    DISCLOSURES**

The parties certify that they have made the following disclosures:

**1.    Persons described pursuant to Civ. L.R. 16-5:**

    a.    Disclosed by Plaintiff: See Plaintiffs' Initial Disclosures attached as Exhibit A.

    b.    Defendant has made its Initial Disclosures as required by Civ. L.R. 16-5:

**2.    Categories of documents disclosed under Civ.L.R. 16-5 or produced through formal discovery:**

    a.    Disclosed by Plaintiff: See Plaintiffs' Initial Disclosures attached as Exhibit A.

    b.    Defendant has made its Initial Disclosures as required by Civ. L.R. 16-5

**3.    Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

    a.    Disclosed by Plaintiff: See Plaintiffs' Initial Disclosures attached as Exhibit A.

    b.    Defendant has no computation of damages or offset currently.

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

4.     **All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed as follows:**

      a.    Disclosed by Plaintiff: See Plaintiffs' Initial Disclosures attached as Exhibit A.

      b.    There is no insurance policy for this matter as defined by Fed. R. Civ. P. 26(a)(1)(D).

5.     **The parties will disclose the following additional information by the date listed:**

| Party | Disclosure | Deadline |
|-------|-----------|----------|
| N/A   |           |          |

6.     **Disclosures as required by Fed. R. Civ. P. 26(e) will be supplemented at the following intervals:** Immediately Upon Receipt.

**F.     EARLY FILING OF MOTIONS**

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:

| Moving Party | Nature of Motion | Hearing Date |
|--------------|------------------|--------------|
| Plaintiffs | Motion for Conditional Class Certification | Proposed Date: **April 14, 2008** |
| Plaintiffs | Motion for Rule 23 Class Certification | Proposed Date: **August 18, 2008** |

Defendants propose that the hearing for Conditional Class Certification and for Rule 23 Class Certification occur at the same time in November 2008 following discovery on the certification issues.

| Defendants | Motion for Summary Judgment or Summary Adjudication | Proposed Date:  45-60 days after discovery cut-off on the merits . |

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

**G.     DISCOVERY**

**1.     The parties have conducted or have underway the following discovery:**

Defendants were mailed an unexecuted copy of Plaintiffs' first set of discovery requests along with a preservation letter on December 19, 2007, and an executed copy of the Plaintiffs' first set of discovery and a 30(b)(6) deposition notice on January 11, 2008.  Defendants will serve their first set of discovery by early February.

**2.     The parties have negotiated the following discovery plan:**

Plaintiffs propose that discovery proceed simultaneously on the class discovery and merits discovery, for maximum judicial efficiency.  Defendants propose that discovery before certification be limited to the certification issues.  This case involves a large number of putative plaintiffs who engaged in different duties which were dependent on, but not limited to the factors set forth above in Section A.  Therefore, it is necessary to initially do discovery on the class certification issues to determine whether class certification is appropriate, and if so, the scope of that certification.  Plaintiffs agree that Defendants can take discovery of, including depositions of all the opt-in plaintiffs without leave of court, and that they will likewise take discovery of, including depositions of,  relevant witnesses (including Plaintiffs' direct managers) relating to the claims of all of the opt-in plaintiffs, without leave of the court.

Plaintiffs anticipate that all discovery (class and merits discovery) shall be commenced in time to be completed by **October 17, 2008**.  Plaintiffs propose that designation of expert witnesses should be completed by **September 5, 2008**.  Finally, Plaintiffs believe that expert discovery should be completed by **October 17, 2008.**

Defendants anticipate that discovery on the class issues will be completed by November 14, 2008 and discovery on the merits by May, 2009.  Defendants propose that designation of expert witnesses should be disclosed by March 2009 and that expert discovery should be completed by May 2009.

**3.     Limitations on discovery tools in accordance with Civ. L.R. 30-1, 33-1 (specify number):**

a.     depositions (excluding experts) by:

-9-

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1
2
3

The parties preliminarily agree to no limit on the number of depositions.  If at a later date either party believes a limit is appropriate, and the parties are unable to agree, the parties will return to the Court for guidance.

4
5

      b.     interrogatories served by:

            plaintiff(s): 25 defendant(s): 25

6
7

      c.     document production requests served by:

            plaintiff(s): 50 defendant(s): 50

8
9

      d.     requests for admission served by:

            plaintiff(s): 10 defendant(s): 10

10
11

**4.**     **The parties agree to the following limitations on the subject matter of discovery:**

12

N/A

13
14

**5.**     **Discovery from experts. The parties plan to offer expert testimony as to the following subject matter(s):**

15
16
17

Plaintiffs will offer expert testimony on the issue of damages.  Defendants will offer expert testimony on the issue of damages.  Defendants may also offer expert testimony on exemption issues.

18
19

**6.**     **The court orders the following additional limitations on the subject matter of discovery: _____**

20

_____

21
22

_____

_____

23
24
25

**7.**     **Deadlines for disclosure of witnesses and completion of discovery:**

26

      a.     disclosure of identities of all witness to be called in each party's case-in-chief:

27

            Plaintiff(s): **Sixty days from the Discovery Deadline Date.**

28

            Defendant(s): **Sixty days from the Discovery Deadline Date.**

-10-

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

b.    completion of all discovery except from experts (see L.R. 26-5):

Plaintiffs:  All discovery shall be commenced in time to be completed by

**October 17, 2008.**

**Defendants:  Discovery of certification issues shall be commenced in**

**time to be completed by November 14, 2008.  Discovery of merits**

**issues shall be commenced in time to be completed by May 14, 2009.**

c.    disclosure of identities, resumes, final reports and all other matters required

by Fed.R.Civ.P. 26(a)(2):

Plaintiff(s): Designation of expert witnesses should be completed by

**September 5, 2008**, and disclosure of expert reports and/or opinions by

**September 19, 2008**.

Defendant:  Designation of expert witnesses should be completed by

March 13, 2009, and disclosure of expert reports and/or opinions by March

27, 2009.

d.    completion of discovery from experts (see Civ. L.R. 26-5):

Plaintiffs: Expert discovery should be commenced in time to be completed

by **October  17, 2008.**

Defendant: **Expert discovery should be commenced in time to be**

**completed by May 30, 2009**

**H.    PRETRIAL AND TRIAL SCHEDULE**

1.    Trial date: Proposed Trial Date: -

Defendants: **August 24, 2009**

Plaintiffs **February 2, 2009**, or **sixty (60) days following the Court's ruling on**

**any dispositive motions**.

2.    Anticipated length of trial (number of days):

Plaintiffs: 14-21 days

Defendants: 45-60 days.

3.    Type of trial:        ☒ jury        ☐ court

-11-
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

4.  Final pretrial conference date: **30 Days Prior to Trial**.

5.  Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b), complying with the provisions of Civ. L.R. 16-8(b)(7)-(10) and such other material as may be required by the assigned judge: **15 Days Prior to Trial.**

6.  Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony): **10 Days Prior to Trial.**

7.  Deadline to hear motions directed to the merits of all or part of the case: Plaintiffs:  Served Filed and Heard by **December 2, 2008**.

    Defendants: 40-60 Days after discovery cut-off on the merits.

**I.    RELATED CASES**

Presently, the parties are unaware of any related cases or proceedings.

**J.    RELIEF**

Plaintiffs' prayer for relief is detailed at ¶83 of the Plaintiffs' First Amended Complaint. Prior to discovery, Plaintiffs cannot calculate the precise extent of damages to the class, however, this calculation will be based upon a standard formula, wherein Plaintiffs receive 1.5 or 2 times Plaintiffs' regular rate of pay, multiplied by Plaintiffs' good-faith estimates of hours of overtime worked (see Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)), additionally, in California and Oregon, premiums for meal and rest periods missed, plus applicable penalties/punitive measures available under the statutes, liquidated damages, plus interest, attorneys fees and costs.  Plaintiffs believe that Defendants are in possession of most documents relating to damages.  However, plaintiffs can state generally that the estimated damages are likely to exceed $30,000,000.00.

**K.    EXPEDITED SCHEDULE**

The parties do not believe this matter can be resolved on an expedited schedule.

**L.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs and Defendants have filed the "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-16.

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1

**M.**    **Date of next case management conference: April 22, 2008**

2

**N.**    **OTHER MATTERS**

3

**O.**    **IDENTIFICATION AND <u>SIGNATURE</u> OF LEAD TRIAL COUNSEL**

4

        Identify by name, address and phone number lead trial counsel for each party.

5

6

Paul J. Lukas
Lukas@nka.com
Telephone: (612) 256-3205

7

8

9

NICHOLS KASTER & ANDERSON PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

10

11

s/Paul J. Lukas

12

_____
 PAUL J. LUKAS

13

14

15

Lori A. Bowman
Lori.bowman@odnss.com
Telephone:  213-239-9800

16

17

OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
633 West 5th St.
53rd Floor
Los Angeles, CA  90071

18

19

20

s/ Lori A. Bowman

21

_____
LORI A. BOWMAN

22

23

24

25

26

27

28

-13-

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The court finds that each party was represented by lead trial counsel responsible for trial of this mater and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference.  The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED

Date: _____

_____
Marilyn Hall Patel
United States District Judge

-14-
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1

2

**CERTIFICATE OF SERVICE**
Shanan Calhoun, et al. v. Fastenal Company, et al.
**Case No.**  3:07-cv-5326-MHP

3

4

I hereby certify that on January 22, 2008, I caused the **Joint Case Management Statement, FRCP 26(F) Report and Proposed Order** to be served via ECF to the following:

5

6

7

Lori A. Bowman, lori.bowman@ogletreedeakins.com
Leslie E. Wallis, leslie.wallis@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071

8

9

10

11

A. Craig Cleland, craig.cleland@ogletreedeakins.com
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
Bank of America Plaza
600 Peachtree St., NE, Suite 2100
Atlanta, GA 30308

12

Dated:  January 22, 2008

s/Paul J. Lukas

13

14

15

16

**NICHOLS KASTER & ANDERSON, LLP**
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center
Ste. 720
San Francisco, CA 94111

17

18

19

20

21

Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(**pro hac vice** application pending)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(**pro hac vice** application pending)
**NICHOLS KASTER & ANDERSON, PLLP**
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

22

23

ATTORNEYS FOR PLAINTIFFS

24

25

26

27

28

-15-