LORI A. BOWMAN, State Bar No. 114664
lori.bowman@ogletreedeakins.com
LESLIE E. WALLIS, State Bar No. 128435
leslie.wallis@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:  (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Defendant
FASTENAL COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANAN CALHOUN and JAMES MULDERIG, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 3:07-CV-5326 MHP<br><br>**DEFENDANT'S RULE 26(A)(1) INITIAL DISCLOSURES** |

**Defendants make the following disclosures in accordance with Rule 26(A)(1) of the Federal Rules of Civil Procedure.**

## I.

## PRELIMINARY STATEMENT

Defendant Fastenal Company has not fully completed discovery or preparation of this case. Therefore, the information provided below is given without prejudice to Defendant's right to rely on evidence subsequently discovered, or to alter its initial disclosures, if necessary. Defendant reserves the right to offer into evidence in the proceedings and pleadings before this Court or at trial, documents that are not currently included in this disclosure but which, after further discovery, may be deemed relevant in support of its position in this lawsuit. Documents covered by proprietary, confidential, trade secret or privacy interests will be produced only subject to a protective order.

## II.

## INITIAL DISCLOSURES

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses, unless solely for impeachment.

**Disclosure**

Any contact with current or former employees of Fastenal should be made through counsel of record for Defendant Fastenal Company. This list will be supplemented, if necessary, during the course of discovery in this case. Defendant believes that the following individuals, all of whom are employees of Defendant Fastenal, are likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

1. Lee Hein, E.V.P. – Sales (West), has knowledge of or information about Defendant's business operations and practices and the former Assistant General

1   Manager position.

2       2.    Nicholas Lundquist, COO and E.V.P. Sales (East), has knowledge of
3   and information about Defendant's business operations and practices and the former
4   Assistant General Manager position.

5       3.    Cory Jansen, E.V.P. – Internal Operations, has knowledge of or
6   information about Defendant's business operations and practices and the former
7   Assistant General Manager position.

8       4.    Brad Purinton, Regional V.P. – Southern California, has knowledge of
9   and information about Defendant's business operations and practices and the former
10  Assistant General Manager position.

11      5.    Randy Miller, Regional V.P. – Great Lakes, has knowledge of and
12  information about Defendant's business operations and practices and the former
13  Assistant General Manager position.

14      6.    Ross Surratt, Regional V.P. – Ohio Valley, has knowledge of and
15  information about Defendant's business operations and practices and the former
16  Assistant General Manager position.

17      7.    Peter Guidinger, Ph.D., the Director of the Fastenal School of Business
18  (FAB), has knowledge of and information about training given to Fastenal
19  employees through FAB, including those formerly employed as Assistant General
20  Managers.

21      8.    Reyne Wisecup, E.V.P. – Human Resources, has knowledge of or
22  information about Defendant's Human Resources and employment policies and
23  practices.

24      9.    Jeff Daood, IT/HR Development Lead, has knowledge of or information
25  about technology issues including payroll and human resources information.

26      10.    Mary Malmin, Payroll manager, has knowledge of and information
27  about Defendant's payroll policies and practices.

28      11.    Craig Weatherhead, Team Lead – Systems Administration, has

knowledge of and information about Defendant's Information Technology department hardware, applications, and e-mail and telephone systems.

In addition to the individuals listed above, there are additional regional managers, over 160 district managers, general managers and individuals who were former assistant general managers who may have knowledge and information regarding the job duties and actual responsibilities of assistant general managers including the number of hours worked and the tasks performed.

(B)   A copy of, or description by category and location of all documents, data, compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**Disclosure**

Defendant Fastenal's Initial Disclosures identify Plaintiffs' personnel files, including documents related to Plaintiff's pay and commissions, training materials including those provided by the Fastenal School of Business; memoranda regarding classification of assistant general managers, the New Employee Orientation packet which contains policies and information regarding compensation and payroll records. Additional categories of documents which will be used by Defendant to support its claims and defenses will be identified during the course of discovery.  Defendant has not yet identified with certainty the documents to be used as exhibits at the trial of this matter.  However, Defendant intends to use any and all pleadings filed and hearing transcripts prepared during this litigation, as well as all discovery conducted, including deposition transcripts and exhibits, responses to interrogatories, requests for admission and/or requests for production of documents, and documents relied upon or produced by any expert retained to offer testimony at trial.  Defendant reserves the right to supplement this disclosure as more information and documents become available through discovery.

1   (C) A computation of any category of damages claimed by the disclosing
2 party, making available for inspection and copying as under Rule 34 the documents
3 or other evidentiary material, not privileged or protected from disclosure, on which
4 such computation is based, including materials bearing on the nature and extent of
5 injuries suffered.

6 **Disclosure**

7   Fastenal Company contends that Plaintiffs have not been damaged by any act
8 or omission of Fastenal Company.

9   Other than its costs and attorneys' fees, Fastenal Company does not seek the
10 recovery of damages from Plaintiff at this time.  However, pending its investigation
11 into this litigation and of Plaintiff's conduct with respect to Defendant and its
12 property, Defendant reserves the right to revise this response as appropriate.

13   (D) For inspection and copying as under Rule 34 any insurance agreement
14 under which any person carrying on an insurance business may be liable to satisfy
15 part or all of a judgment which may be entered in the action or to indemnify or
16 reimburse for payments made to satisfy the judgment.

17 **Disclosure**

18   Fastenal Company has no insurance agreement under which any person
19 carrying on an insurance business may be liable to satisfy part or all of a judgment
20 which may be entered in the action or to indemnify or reimburse for payments made
21 to satisfy the judgment.

22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: January ___, 2008 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 3 | | |
| 4 | | |
| 5 | | By: _____ |
| 6 | | Leslie E. Wallis<br>Attorneys for Defendant FASTENAL COMPANY |

DEFENDANT'S RULE 26(A)(1) INITIAL DISCLOSURES