1  Counsel on next page

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, and DANIEL WILLE individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No: 3:07-CV-5326 MHP<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR CONDITIONAL CLASS CERTIFICATION AND COURT-AUTHORIZED NOTICE** |

1  NICHOLS KASTER & ANDERSON, LLP
2  Matthew C. Helland, CA State Bar No. 250451
   Helland@nka.com
3  One Embarcadero Center, Suite 720
   San Francisco, CA 94111
4  Telephone (415) 277-7235
   Facsimile: (415) 277-7238
5
   NICHOLS KASTER & ANDERSON, PLLP
6  Donald H. Nichols, MN State Bar No. 78918
   Nichols@nka.com
7  (admitted *pro hac vice*)
   Paul J. Lukas, MN State Bar No. 22084X
8  Lukas@nka.com
   (admitted *pro hac vice*)
9  David C. Zoeller, MN State Bar No. 0387885
   Zoeller@nka.com
10 (admitted *pro hac vice*)
   4600 IDS Center
11 80 South 8th Street
   Minneapolis, MN 55402
12 Telephone:  (612) 256-3200
   Facsimile:  (612) 215-6870
13
   Attorneys for Individual and Representative Plaintiffs
14
   LORI A. BOWMAN, State Bar No. 114664
15 lori.bowman@ogletreedeakins.com
   LESLIE E. WALLIS, State Bar No. 128435
16 leslie.wallis@ogletreedeakins.com
   OGLETREE, DEAKINS, NASH,
17 SMOAK & STEWART, P.C.
   633 West Fifth Street, 53rd Floor
18 Los Angeles, California 90071
   Telephone:    (213) 239-9800
19 Facsimile:    (213) 239-9045

20 A. CRAIG CLELAND
   craig.cleland@ogletreedeakins.com
21 (admitted *pro hac vice*)
   OGLETREE, DEAKINS, NASH,
22 SMOAK & STEWART, P.C.
   Bank of America Plaza
23 600 Peachtree St., NE, Suite 2100
   Atlanta, GA 30308
24
   Attorneys for Defendant
25 FASTENAL COMPANY

26
27
28

-2-

JOINT STIPULATION AND PROPOSED ORDER FOR                              Case No: 3:07-CV-5326 MHP
CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE

The parties by and through their counsel of record submit this Stipulation and Joint Proposed Order for Conditional Class Certification and Court-Authorized Notice.

WHEREAS, the parties held telephone conferences on January 11, 2008 and on January 25, 2008 and conferred in person on January 28, 2008, during which the parties agreed to conditionally certify this case and send court-approved notice to be issued to the allegedly similarly situated class members, subject to the terms described in the Order below:

**IT IS HEREBY ORDERED THAT**:

1. This case is conditionally certified as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

2. The Court shall authorize and approve judicial notice to potential opt-ins to inform them of the action and to give them an opportunity to join this action as a party plaintiff by opting in. The Notice shall be mailed on or before **February 29, 2008**. The form of the Notice of Pendency of Lawsuit ("Notice") and Plaintiff Consent Form shall be the same as those attached as Exhibit A.

3. Plaintiffs' counsel, Nichols Kaster & Anderson, PLLP, in Minneapolis, Minnesota shall mail, via first-class U.S. Mail, the Notice once and shall bear the costs of the mailing.

4. Defendants shall provide Plaintiffs' counsel with a list, in electronic format, (i.e., Microsoft Excel (.xls), or Symbolic Link (SYLK(.slk)), of all persons employed by Fastenal Company as an Assistant General Manager (also know as Assistant Manager) at any Fastenal location from **February 29, 2005**, **to present**, including their name, most recent known address, most recent known telephone number (if available), dates of employment as an assistant general manager, locations of employment (with store codes), and the last four digits of their social security number or their dates of birth, on or before **February 19, 2008.**

5. There shall be a 75-day notice period for opting into this lawsuit. Plaintiffs' counsel shall mail one reminder mailing during this 75-day notice period. Plaintiff Consent Forms post-marked after **May 14, 2008**, are not timely, and the individuals sending such untimely consents shall not be eligible to join this lawsuit.

-3-

    6.    The parties may conduct limited class and merits discovery during the notice period, including Rule 30(b)(6) depositions, named Plaintiffs and opt-in depositions, rolling document production of payroll and other documents, and other discovery as agreed upon by the parties.

    7.    The parties agree to attend private Mediation before a mutually agreed-upon mediator on or before **August 15, 2008**.

    8.    If issues regarding discovery or the issuance of this notice arise, and the parties are unable to reach agreement on those issues, the parties will return to the Court for guidance in compliance with Civ. LR 37-1(a) and (b).

    9.    The parties will return to court on **August 28, 2008**. If the case is settled, the parties will timely file a joint motion for preliminary approval of the settlement for consideration at the hearing. If the case is not settled, the parties will timely file an Amended Case Management Report prior to the hearing.

DATED: February 13, 2008

NICHOLS KASTER & ANDERSON, PLLP
s/Paul J. Lukas
    Paul J. Lukas
    Donald H. Nichols
    David C. Zoeller

Attorneys for Individual and Representative Plaintiffs

DATED: February 13, 2008

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
s/Leslie E. Wallis
    Lori A. Bowman
    Leslie E. Wallis

Attorneys for Defendant
FASTENAL COMPANY

**IT IS SO ORDERED.**

Dated: 2/14/08

The Hon. _____
U.S. District _____

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

-4-

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, and DANIEL WILLE individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>                Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>                Defendants. | Case No: 3:07-CV-5326 MHP<br><br>**NOTICE OF PENDENCY OF LAWSUIT** |

**TO:  ALL ASSISTANT GENERAL MANAGERS EMPLOYED BY FASTENAL COMPANY FROM FEBRUARY 29, 2005 TO PRESENT.**

**RE:  FAIR LABOR STANDARDS ACT OVERTIME LAWSUIT FILED AGAINST FASTENAL COMPANY.**

### INTRODUCTION

The purpose of this notice is to inform you of a collective action lawsuit in which you are potentially "similarly situated" to the named Plaintiffs, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for joining this lawsuit as a plaintiff, should you choose to do so.

### DESCRIPTION OF THE LAWSUIT

In October 2007, the above-named Plaintiffs brought this lawsuit against Defendant Fastenal Company on behalf of themselves and all other individuals who worked as Assistant General Managers (also known as "Assistant Managers") during the past three years. Specifically, the action alleges that these individuals were misclassified as "exempt" employees and therefore are owed overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for hours worked in excess of forty (40) per work week.

Fastenal Company denies any wrongdoing or liability and contests all claims that have been asserted. Specifically, Defendant claims that Plaintiffs and all other Assistant General Managers were properly classified as "exempt" employees and therefore are not owed overtime pay under the FLSA.

### YOUR RIGHT TO JOIN THIS ACTION AS A PARTY PLAINTIFF

The named Plaintiffs were employed by Fastenal Company as Assistant General Managers. They seek to sue on behalf of themselves and other employees to whom they are similarly situated. Specifically, they seek to sue on behalf of any and all individuals:

(a)  who have been employed by Fastenal Company as Assistant General Managers in any of its stores, from February 29, 2005 to the present; and

(b)  who were allegedly misclassified as nonexempt employees and were not paid for all hours worked in excess of 40 hours per week.

If you fit the definition above, you may choose to join this action by mailing, faxing, or emailing the attached Plaintiff Consent Form to Plaintiffs' counsel for filing with the Court:

**Nichols Kaster & Anderson**
**Donald H. Nichols, Paul J. Lukas, and David C. Zoeller**
**4600 IDS Center, 80 South Eighth Street**
**Minneapolis, Minnesota 55402**
**Toll Free Telephone: (877) 448-0492 (no faxes to this number)**
**Fax: (612) 215-6870**
**Email: lukas@nka.com**

The "Plaintiff Consent-to-Join Form" must be received on or before **May 14, 2008** for you to join this case.

### EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you join this action, you will become a party plaintiff, and you and Fastenal Company will be bound by any ruling, judgment, or settlement, whether favorable or unfavorable. If you choose not to join this suit, you will not be affected by any ruling, judgment, or settlement entered in this case, whether favorable or unfavorable, and you are free to file your own lawsuit. While this lawsuit is proceeding, you may be required to provide information, sit for depositions, testify in court, or any combination of these things.

If you file a Plaintiff Consent-to-Join Form, your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" under applicable federal and state law.

### STATUTE OF LIMITATIONS

The FLSA has a maximum statute of limitations of three years. If you choose to join this action, you may be able to recover damages if you were improperly denied overtime compensation only for overtime hours worked within two, and in some cases three, years of the date your Plaintiff Consent-to-Join Form is filed with the Court. If you choose not to join in this action or choose to file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

### YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by Plaintiffs' Counsel identified above. Plaintiffs' Counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, however, Plaintiffs' Counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a separate fee agreement, which you and Plaintiffs' Counsel will enter into if you join this lawsuit.

### NO RETALIATION PERMITTED

The law prohibits Fastenal from retaliating against employees or former employees who have exercised their rights under the Fair Labor Standards Act.

**This Notice and its contents have been authorized by The Honorable Marilyn Hall Patel, Federal Judge for the U.S. District Court for the Northern District of California. The federal court has taken no position in this case regarding the merits of Plaintiffs' claims or Defendant's defenses. Do not contact the Court or the Clerk of Court about this case, and do not return signed Consent-to-Join forms to the Court or Clerk of Court.**

_____
The Honorable Marilyn Hall Patel
United States District Court Judge