LORI A. BOWMAN, State Bar No. 114664
lori.bowman@ogletreedeakins.com
LESLIE E. WALLIS, State Bar No. 128435
leslie.wallis@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:   (213) 239-9800
Facsimile:    (213) 239-9045

A. CRAIG CLELAND, Admitted *Pro Hac Vice*
craig.cleland@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone:   (404) 870-1718
Facsimile:    (404) 870-1732

Attorneys for Defendant
FASTENAL COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, DANIEL WILLE, DUSTIN BARSTOW, and MATTHEW KOBOS, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV 07-05326 MHP<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE**<br><br>Trial Date:  None Set |

This Joint Stipulation of Settlement and Release ("Settlement") is made and entered into by and between the following parties:  Plaintiffs Shanan Calhoun, James Mulderig, Daniel Wille, Dustin Barstow, and Matthew Kobos, individually and on behalf of the putative class, and Defendant Fastenal Company and its subsidiaries and affiliates, and the parties' respective counsel of record, subject to these terms and conditions and the approval of the Court.

## 1.    SUMMARY OF TIMELINE & EXHIBITS

Subject to the terms and conditions of this Joint Stipulation, the following timeline applies to this settlement:

September 2, 2008:  Parties file Joint Stipulation of Settlement and a Proposed Order for Preliminarily Approval of Settlement

September 8, 2008:  Court preliminarily approves settlement, and parties finalizes allocation of individual settlement amounts

September 15, 2008:  Class Counsel first mails Notices of Settlement, Claims Forms, and Releases to Opt-Ins and Class Members (attached as Exhibits 1 – 13)

October 30, 2008:  Deadline for Opt-Ins and Class Members to submit Claims Forms and Releases and for Class Members to timely opt-out of the settlement

November 14, 2008:  Deadline for Class Members who opted out to timely rescind their opt-out form, for parties to file Joint Motion for Final Approval of Settlement with Proposed Order, and for Class Counsel to file petition for attorneys' fees and costs and petition for service payments to named Plaintiffs

December 8, 2008:  Fairness Hearing and final approval of settlement

December 18, 2008:  Assuming final approval and no appeals, Defendant provides settlement checks, named Plaintiffs' service payments, and attorneys' fees and costs to Class Counsel

January 19, 2009:  Deadline for tolling statutory period for rejecting Opt-Ins and Class Members who timely opt out and for Class Counsel to release funds to cy pres fund

## 2.    DEFINITIONS

A.    "Action" means this action, *Calhoun et al. v. Fastenal Co. et al.*, No. 3:07-CV-5326 MHP (filed Oct. 28, 2007).

B.    "Fastenal" or "Defendant" means Defendant Fastenal Company and its former and present parents, subsidiaries, and affiliated entities, and its officers, directors, employees, partners, shareholders, attorneys and agents, and any other successors, assigns, or legal representatives.  "Fastenal" or "Defendant" also includes the unidentified "Does 1-50, inclusive," who are also Defendants in Plaintiffs' Complaints.

C.    "Claim Form" means Exhibits 7 through 11, the forms approved by Class Counsel and Defendant, subject to Court approval, which to recover a portion of the Settlement Payment each Class Member must complete in full and mail, via first-class U.S. mail, with a postmark on or before October 30, 2008, which is forty-five (45) days following mailing of the Notice of Settlement on September 15, 2008, assuming the Court preliminarily approves the settlement on or before September 8, 2008.

D.    "Class Member(s)" means:

i.    the named Plaintiffs Calhoun, Wille, Mulderig, Kobos, and Barstow;

ii.    all persons who worked for Defendant in the Assistant General Manager (AGM) position in the states of California, Pennsylvania, Oregon, and New York during a Covered Period who do not timely opt out; and

iii.    all persons who worked for Defendant in a nonexempt store position in the state of California during a Covered Period who do not timely opt out.

E.    "Class Counsel" means the law firm of Nichols Kaster, which represents Plaintiffs, the Opt-Ins, and the Class Members.

F.    "Class Representatives" or "Plaintiffs" means named Plaintiffs Shanan Calhoun, Daniel Wille, James Mulderig, Matthew Kobos, and Dustin Barstow.

1   G.    "Court" means the U.S. District Court for the Northern District of

2   California.

3   H.    "Covered Period(s)" means:

4   i.    October 18, 2003, to the date of Preliminary Approval for individuals

5   who worked in a Covered Position in the state of California;

6   ii.    October 18, 2004, to the date of Preliminary Approval for individuals

7   who worked in a Covered Position in the state of Pennsylvania;

8   iii.    October 18, 2005, to the date of Preliminary Approval for individuals

9   who worked in a Covered Position in the state of Oregon;

10   iv.    October 18, 2001, to the date of Preliminary Approval for individuals

11   who worked in a Covered Position in the state of New York;

12   v.    October 18, 2004, to the date of Preliminary Approval for individuals

13   who worked in a Covered Position except in the above states for a claim under the

14   FLSA.

15   I.    "Covered Position" means individuals who were employed by

16   Defendant during a Covered Period and either held the position of Assistant General

17   Manager (AGM) or held a position as a nonexempt store employee in California.

18   J.    "Final Approval Order" means the Order Granting Final Approval of

19   Class Action Settlement.

20   K.    "Litigation" means this action, Case No. 3:07-CV-5326 MHP.

21   L.    "Nonexempt Class Member(s)" means all nonexempt store employees

22   who worked in California during the Covered Period who do not timely opt out;

23   M.    "Notice of Settlement" means Exhibits 1 through 6, which are the forms

24   approved by Class Counsel and Defendant, subject to Court approval, which Class

25   Counsel will mail, via first-class U.S. mail, to each Opt-In and Class Member to

26   explain the terms of the Settlement and the claims process.

27   N.    "Opt-In(s)" means all persons who worked for Defendant in the

28   Assistant General Manager position anywhere in the United States other than in the

1   states of California, Pennsylvania, and New York during a Covered Period who have

2   already filed a valid, timely consent-to-join form under 29 U.S.C. §216(b).

3       O.    "Release" means Exhibit 12, the form approved by Class Counsel and

4   Defendant, subject to Court approval, which to recover a portion of the Settlement

5   Payment each Opt-In must sign in full and return by first-class U.S. mail with a

6   postmark on or before October 30, 2008, which is forty-five (45) days following

7   mailing of the Notice of Settlement on September 15, 2008, assuming the Court

8   preliminarily approves the settlement on or before September 8, 2008.

9       P.    "Settlement Class" includes all Class Representatives, Opt-Ins, and

10  Class Members, but does not include any Opt-Ins who do not accept the settlement

11  or respond to the settlement offered and also does not include any Class Members

12  who timely opt-out of the settlement.

13      Q.    "Settlement Payment" means the payment of $10,000,000.00 to be paid

14  by Defendant in settlement of the claims of the Opt-Ins and Class Members.  The

15  Settlement Payment includes all attorneys' fees, costs, and expenses related to the

16  Litigation and all service payments to the Class Representatives.  In addition to

17  paying the Settlement Payment, Defendant will separately pay the employer's share

18  of all applicable payroll taxes on amounts characterized as wages.

19      R.    "Parties" means the Class Representatives, Opt-ins, Class Members,

20  Nonexempt Class Members, and Defendant.

21      S.    "Released Persons" means Fastenal Company, all current and former

22  parents, subsidiaries, related companies, partnerships, joint ventures, or other

23  affiliates, and, with respect to each of them, their predecessors and successors, and,

24  with respect to each such entity, all of its past, present, and future employees,

25  officers, directors, stockholders, owners, representatives, assigns, attorneys, agents,

26  insurers, and any other persons acting by, through, under or in concert with any of

27  theses persons or entities, and their successors.

28

1    T.    "Settlement Effective Date" means the first day following the last of the

2    following occurrences:

3        i.    the issuance of the Court's Final Approval Order;

4        ii.    if an objection has been made to final approval of the settlement, the

5    date on which the objector's time to appeal the Final Approval Order has expired

6    with no appeal or other judicial review having been taken or sought; or

7        iii.    if an appeal of the Final Approval Order has been timely filed, the date

8    the Final Approval Order is finally affirmed by an appellate court with no possibility

9    of subsequent appeal or other judicial review or the date the appeal(s) or other

10    judicial review are finally dismissed with no possibility of subsequent appeal or

11    other judicial review.

## 3.    RECITALS

13    A.    On October 18, 2007, Named Plaintiffs Calhoun and Mulderig filed a

14    Fair Labor Standards Act ("FLSA") collective-action and Rule 23 class-action

15    complaint in the U.S. District Court for the Northern District of California on behalf

16    of themselves and all other employees similarly situated.   Plaintiffs alleged that

17    Defendant violated the FLSA and the wage-and-hour laws of the states of California

18    and Pennsylvania by misclassifying them as exempt employees and failing to pay

19    them overtime wages.  Plaintiffs further alleged that, in violation of California law,

20    Defendant failed to pay overtime wages, owed waiting-time penalties, failed to

21    provide accurate itemized wage statements, failed to provide meal and rest breaks,

22    and engaged in unfair practices in violation of California's Unfair Competition Law,

23    California Business and Professions Code § 17200.  Finally, Plaintiffs alleged that

24    Defendant violated Pennsylvania law by failing to pay them overtime wages and not

25    complying with Pennsylvania wage-payment laws.  Plaintiffs sought damages,

26    penalties, equitable relief, declaratory and injunctive relief, liquidated damages,

27    restitution, interest, and attorneys' fees and costs, on behalf of themselves and the

28    Opt-Ins and Class Members.

1    B.    On December 19, 2007, Plaintiffs filed their First Amended Complaint, adding Daniel Wille as a named Plaintiff.  In addition to the allegations in their Complaint, Plaintiffs alleged that Defendant violated Oregon law by failing to pay overtime wages, failing to pay wages upon separation, and failing to provide proper meal and rest breaks.

C.    On February 14, 2008, the parties jointly stipulated to conditionally certify the case as a collective action under 29 U.S.C. §216(b) with respect to Plaintiffs' FLSA claims, to notice to potential FLSA opt-ins, to conduct limited discovery, and to stay the case until August 28, 2008, for mediation.  Judicial notice was sent to potential opt-ins, and approximately 948 Opt-Ins joined the action by filing timely consent-to-join forms with the Court.

D.    The parties conducted depositions, exchanged documents and data, and extensively briefed the legal and factual issues for mediation.  From August 6 to August 22, 2008, the parties mediated the case with Mediator Joan Morrow. Because of these lengthy, arms-length negotiations, the parties reached a settlement.

E.    Defendant consents to Plaintiffs' filing their Second Amended Complaint, attached as Exhibit 13, adding:

i.    claims for violations of New York law for failure to pay overtime wages and to otherwise comply with state wage-payment laws;

ii.    a Rule 23 class-action claim for violations of California meal-and-rest-break laws for California nonexempt store employees; and

iii.    Dustin Barstow as a Class Representative for the California nonexempt store employees.

F.    The parties now agree to waive appeals and to stipulate to final certification of the FLSA action as a collective action and to class certification of the Rule 23 claims but only for purposes of implementing this Settlement.  Plaintiffs and Class Counsel, however, reserve the right to appeal any denial or reduction in the amount of requested attorneys' fees and costs awarded by the Court.

1        G.    Defendant denies any liability or wrongdoing of any kind associated

2    with the claims alleged in Plaintiffs' Complaints.  Defendant contends, among other

3    things, that it has complied at all times with the FLSA, the California Labor Code,

4    the California Business and Professions Code, Pennsylvania law, Oregon law, and

5    New York law, and any other applicable laws (including statutes, regulations,

6    administrative guidance, and common-law doctrines) and that at all relevant times it

7    paid all Opt-ins and Class Members the wages owed to them, provided them all meal

8    and rest breaks owed, and otherwise complied with applicable laws.  Plaintiffs

9    believe they have filed meritorious claims.

10        H.    Defendant contends that if this case were to be further litigated, class

11    certification under Rule 23 would be inappropriate because of issues of lack of

12    commonality typicality and manageability.  Defendant also contends that if this case

13    were to be further litigated, the conditionally-certified collective action would be

14    decertified.  Plaintiffs believe that Rule 23 certification would be proper, even if the

15    case were further litigated.  Plaintiffs contend that the collective action would not be

16    decertified.  For settlement purposes only, Defendant stipulates that an opt-out class

17    of persons who worked for Defendant in a Covered Position in California,

18    Pennsylvania, Oregon, or New York during the Covered Periods and a separate opt

19    out-class of nonexempt store employees who worked for Defendant in California

20    may be certified under Fed. R. Civ. P. 23.  The parties agree that certification for

21    settlement purposes is in no way an admission by Defendant that Rule 23 class

22    certification would be proper absent a settlement.  For purposes of settling this

23    lawsuit, the parties stipulate and agree that the requisites for establishing class

24    certification with respect to the Class as defined above have been and are met.  More

25    specifically, the parties stipulate and agree that:

26        i.    the Class is so numerous as to make it impracticable to join all Class

27    Members and there is an ascertainable Class;

28

1    ii.    there are common questions of law and fact including, but not limited

2  to, the following: (a) whether the Class Members were properly classified as exempt

3  employees; (b) whether Defendant paid Class Members for all time worked; (c)

4  whether the Class Members received proper meal and rest breaks; (d) whether

5  Defendant violated California law; (f) whether Defendant violated Pennsylvania law;

6  (d) whether Defendant violated Oregon law; and (e) whether Defendant violated

7  New York law;

8    iii.    Plaintiffs' claims are typical of the claims of the Class Members with

9  respect to Plaintiff's alleged violations during Covered Periods;

10    iv.    Plaintiffs and Class Counsel will fairly and adequately protect the

11  interests of the Class;

12    v.    The prosecution of separate actions by individual Class Members would

13  create the risk of inconsistent or varying adjudications, which would establish

14  incompatible standards of conduct; and

15    vi.    Questions of law and fact common to the Class Members predominate

16  over any questions affecting any individual member in the Class and a class action is

17  superior to other available means for the fair and efficient adjudication of the

18  controversy.

19    I.    For purposes of settlement, the parties also stipulate that all persons who

20  worked for Defendant anywhere in the United States in a Covered Position during a

21  Covered Period are similarly situated within the meaning of 29 U.S.C. § 216(b).

22    J.    It is the desire of the parties to fully, finally, and forever settle,

23  compromise, and discharge all disputes and claims related in any way to this lawsuit

24  which exists between them.  In order to achieve a full and complete release of

25  Defendant, the Settlement Class (including each Opt-In, Class Member, and the

26  Class Representatives) acknowledges that this Settlement is intended to include and

27  resolve all claims arising from or related to the Litigation as more fully set forth in

28  the Release in Section 8.

K.    Class Counsel has conducted a thorough investigation into the facts of the Litigation, including by conducting an extensive review of relevant documents, information, and data provided by Defendant, and have diligently investigated the Opt-Ins' and Class Members' claims against Defendant.  Before the parties executed a document entitled "Essential Settlement Terms" on August 22, 2008, counsel for Defendant provided Class Counsel with extensive Opt-In and Class-Member data, policies, handbooks, job descriptions, training materials, timekeeping materials, personnel files, and financial information.  Based on the above data and their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risks of significant expense and delay, defenses asserted by Defendant, the uncertainty of complex litigation through trial, and potential appellate issues.  Defendant and Defendant's counsel also agree that the Settlement is fair and in the best interest of the Settlement Class.

L.    The Settlement provides for a claims process requiring Defendant to make a payment of $10,000,000.00 to be administered by Class Counsel.  The Settlement Payment will pay for individual settlements with Opt-Ins and Class Members; for all attorneys' fees, costs, and expenses directly related to the lawsuit (which includes all such fees and costs incurred to date, as well as all such fees and costs incurred in documenting the Settlement, securing court approval of the Settlement, administering the Settlement, and obtaining a dismissal of the action); and for the service payments to the Class Representatives.  In addition to the Settlement Payment, Defendant will pay the employers' share of all applicable payroll taxes on amounts treated as wages.

M.    The parties agree to work together cooperatively to obtain expeditious preliminary and final approval of this Settlement.

6597056_2 (2)

1

### 4.    SETTLEMENT PAYMENT

Within ten (10) business days after the Settlement Effective Date, Defendant will pay the gross amount of $10,000,000.00 in settlement.  This amount includes all wages, damages, penalties, liquidated damages, interest, and attorneys' fees and costs, including settlement-administration costs.  Defendant may, at its discretion, pay these funds earlier.  In addition to this Settlement Payment, Defendant will pay the employer's share of all applicable payroll taxes on amounts treated as wages. There will be no reversion of any portion of the Settlement Payment to Defendant so long as the Settlement Effective Date occurs.

### 5.    DISTRIBUTION OF THE SETTLEMENT PAYMENT

A.    As provided in Section 9, the attorneys' fees, costs, and expenses awarded by the Court will be paid by Defendant to Class Counsel from the Settlement Payment.

B.    As provided in Section 10, the service payments awarded by the Court will be paid by Defendant to the Class Representatives from the Settlement Payment.

C.    After attorneys' fees, costs, and service payments have been deducted from the Settlement Payment, Class Counsel will set aside a cy pres fund of $25,000.00 from the Settlement Payment.  This amount will be used to correct mathematical errors in settlement amounts, correct damages-calculations errors based on incorrect information, or for any other reasonable purpose necessary to effectuate the settlement terms as agreed to by the parties.

D.    After the cy pres fund has been deducted, the remaining Settlement Payment will be distributed in the form of individual settlement payments to the Opt-Ins and Class Members who have submitted a timely and valid Claim Forms or Releases for work in a Covered Position during a Covered Period.  The amounts of individual settlement payments will be determined by Class Counsel and reviewed and approved by Defendant.  Claimants who are both a Class Member and an Opt-In will receive a settlement based on the longest Covered Period applicable to that

claimant.  For example, a claimant who worked in California from October 18, 2003 to the date of Preliminary Approval and who also opted into the FLSA claim will have his or her settlement amount allocation using the Covered Period applicable to California.

D.    If the Settlement Payment is not fully distributed after the distribution of the individual settlement payments (because, for example, despite diligent efforts to locate claimants, not all claimants cashed checks), any remaining funds will be will be donated in the name of Fastenal Company to the Winona Community Foundation BK 5K Youth Fund, which is a 501(c)(3) organization, in Winona, Minnesota.

E.    The parties recognize that the individual settlement payments include sums for wages, penalties, and interest.  The parties agree that fifty percent (50%) of all payments to claimants (not including the service payments to the Class Representatives) will be deemed to constitute wages and thus will be subject to W-2 reporting.  Therefore, normal payroll taxes and withholdings will be deducted from this portion of each claimant's Individual Settlement Payment, pursuant to state and federal law.  Defendant will make all required contributions with respect to such wage payments, and these amounts will not be deducted from the payments made to claimants.  The remaining fifty percent (50%) will be deemed to constitute interest and penalties, and Defendant will issue to each claimant an IRS Form 1099 for that portion of their payments.  Defendant will pay also its portion of payroll taxes and withholdings with respect to such interest and penalty payments, if any, and this amount will not be deducted from the payments made to the claimants.

F.    The Notice of Settlement, Claim Forms, and Releases mailed to the Opt-Ins and Class Members will list the time periods between:

i.    October 18, 2003 to the date of Preliminary Approval for Class Members who worked in California;

ii.    October 18, 2004 to the date of Preliminary Approval for Class Members who worked in Pennsylvania; or

iii.     October 18, 2005 to the date of Preliminary Approval for Class Members who worked in Oregon;

iv.     October 18, 2001 to the date of Preliminary Approval for Class Members who worked in New York.

v.     October 18, 2004 to the date of Preliminary Approval for Opt-Ins who filed a timely consent-to-join form in this action.

vi.     October 18, 2003 to the date of Preliminary Approval for Nonexempt Class Members.

G.     Claimants will have an opportunity to challenge Defendant's characterization of the position they held or the amount of time they worked in a Covered Position, as identified on the Notice of Settlement form, by submitting a written challenge along with their signed Claim Form or Release and any supporting documentation Class Counsel within the time period provided for submitting the Claim Form.

G.     Any challenges to the position held or the amount of time worked in a Covered Position must be supported by documentary evidence.  Class Counsel will reject any challenge not supported by such evidence.

H.     Timely challenges submitted with documenting evidence will be resolved without hearing after consultation between Class Counsel and defense counsel.  Defendant's records will be presumed to be determinative.

I.     Any Opt-In or Class Member seeking to exclude himself or herself from the settlement must provide his or her name, the dates and locations where he or she worked for Defendant in a Covered Position, and must sign a statement stating that "I understand that I am requesting to be excluded from the class monetary Settlement and that I will receive no money from the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the class monetary provisions in this case."

J.     Class Members will be permitted to withdraw or rescind their opt-out statements by submitting a "rescission of opt-out statement" to Class Counsel, which will include the following language:  "I previously submitted an opt-out statement seeking exclusion from the settlement.  I have reconsidered and wish to withdraw my opt-out statement.  I understand that by rescinding my opt-out I may be eligible to receive an award from the settlement and may not bring a separate legal action against Defendant with respect to any Released Claims."  A Class Member wishing to submit a rescission statement will sign and date the statement and deliver it to Class Counsel no later than sixty (60) days after Class Counsel first mails the Notice of Settlement.

K.     All Opt-Ins and Class Members who do not respond to the settlement offered will not be allocated any portion of the settlement.  All Class Members who do not respond to the settlement offered, in compliance with applicable law and Rule 23, will be bound by the judgment dismissing this Action on the merits with prejudice.

L.     The claims of Opt-Ins who do not accept the settlement offered and of Class Members who affirmatively opt-out of the settlement will be tolled for only thirty (30) days after the Court's final order approving the settlement.

M.     The Settlement Payments will be distributed within ten (10) days after the Settlement Effective Date to Opt-Ins and Class Members who have filed timely and valid claims.  No Settlement Payments will be distributed unless and until Class Counsel has delivered to Defendant signed releases from Opt-Ins and Class Members who accepted the settlement and did not affirmatively opt out.

## 6.     NOTICE TO OPT-INS AND CLASS MEMBERS

A.     A Notice of Settlement attached as Exhibits 1 through 6 will be sent by Class Counsel to each Opt-In and Class Member, by first-class U.S. mail, within seven (7) days on or before September 15, 2008, assuming the Court preliminary approves the settlement on or before September 8, 2008.

B.     Attached to the Notice of Settlement for Class Members will be a Claim Form, attached as Exhibits 7 through 11, or a Release, attached as Exhibit 12.  This Claim Form will include a statement that, by signing the Form, the Claimant affirmatively opts into the class settlement and agrees to release Defendant from all known and unknown claims asserted in this Litigation.  This Release will include a statement that, by signing the Release, the Opt-In accepts the settlement offered and agrees to release Defendant from all known and unknown claims asserted in this Litigation.

C.      Within seven (7) days after the Court's preliminary approval of the Settlement, Defendant will provide to Class Counsel a database listing of the names, last known addresses, dates of employment in a Covered Position, and social security numbers or dates of birth of any Opt-Ins or Class Members that Class Counsel does not already have.  Class Counsel agrees to keep this database listing confidential, to use it only for the purpose of administering this settlement, and to return it, with all copies, to Defendant after the settlement administration is concluded.

D.     Class Counsel will use standard devices, including the National Change-of-Address database or equivalent, to obtain forwarding addresses before mailing and will use appropriate skip tracing to take appropriate steps to maximize the probability that the Notice and Claim Form or Release will be received by all Opt-Ins and Class Members.

**7.     CLAIM PROCESS**

A.     Opt-Ins and Class Members will have forty-five (45) days from the mailing of the Notice of Settlement to submit a Claim Form or Release or to submit a written request for exclusion or objection, that is, until October 30, 2008.  Persons seeking to request exclusion must do so in writing.  No Claim Forms will be honored if postmarked late unless the late-filing claimant establishes good cause.

B.     If a Claim Form or Release is submitted timely, but is deficient in one or more aspects (for example, the Release has been altered), Class Counsel will

return the Claim Form or Release to the claimant within ten (10) business days of receipt with a letter explaining the deficiencies and stating that the claimant will have ten (10) business days from the date of the deficiency notice to correct the deficiencies and resubmit the Claim Form or Release.  The envelope containing the resubmitted Claim Form must be postmarked within ten (10) days of the date on the deficiency notice to be considered timely, absent a showing of good cause.  If necessary, claimants will be provided a second deficiency notice to correct any deficiencies concerning resubmitted Claim Forms which will be governed by the same timeliness requirements as the first deficiency notice.

C.    The Claim Forms and Release will set forth the dates worked by Opt-Ins and Class Members and will be in the form of Exhibits 7 through 11.  Class Counsel will review the Claim Forms and Releases and certify to Defendant's Counsel what claims were timely filed.  Defendant will be responsible for issuing the individual settlement payments and calculating and withholding all required state and federal taxes.  Payments to Opt-Ins and Class Members who submit timely and valid claims will be mailed within ten (10) days of the Settlement Effective Date.  Upon completing their allocation of individual settlement payments, Class Counsel will provide Defendant with a report listing the amount of all payments to be made to each qualified claimant.

## 8.    RELEASE BY THE CLASS

A.    Upon the Settlement Effective Date, each Opt-In and Class Member will be deemed to have released all claims, known and unknown, that were brought in the Litigation against Defendant and against Defendants Does 1 through 50 inclusive ("Released Claims").

B.    For the Released Claims, each Class Member who worked in California waives all rights and benefits afforded by California Civil Code § 1542 and does so understanding the significance of that waiver.  Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to

exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

C.     The Claim Form issued to these claimants will quote the release language in Paragraph 8.B above and will include a release of all FLSA and state wage-and-hour and any other wage-payment claims.

## 9.    ATTORNEYS' FEES AND COSTS

Class Counsel may apply to the Court for reimbursement of reasonable costs and expenses, and for reasonable attorneys' fees, from the Settlement Payment. Defendant will not object to an application for attorneys' fees and costs in any amount up to 25% of the Settlement Payment, not to exceed $2,500,000.00.  This fee is less than the thirty-three percent (33%) agreed upon in the fee agreement between the Opt-Ins (including the named Plaintiffs) and Class Counsel.  Defendant will pay the attorneys' fees and costs to Class Counsel within ten (10) days of the later of:  (1) an order awarding such fees and costs; or (2) the Settlement Effective Date.

## 10.    SERVICE PAYMENTS TO CLASS REPRESENTATIVES

Class Counsel may apply to the Court for an award of Service Payments from the Settlement Payment to the Class Representatives in the amount of $2,500.00 for Named Plaintiffs Calhoun, Mulderig, and Wille and $1,000 for Named Plaintiffs Barstow and Kobos, for their services as Class Representatives in addition to their claim share to which they are otherwise entitled to through the claims process. Because this service payment is not wages, the Class Representatives will receive an IRS Form 1099 for the enhancement payment, and they will be responsible for correctly characterizing this compensation for tax purposes and to pay any taxes owing on said amount.  These service payments are over and above the claim shares payment to the Class Representatives, which Defendant will pay to them from the Settlement Payment provided that they submit timely Claim Forms.  The service payments set forth above will be paid within ten (10) days after the Settlement

6597056_2 (2)

Effective Date, or upon entry of order approving the Service Payments, whichever is later.  Defendant will not oppose the motion for service payments.

## 11. DUTIES OF THE PARTIES AFTER PRELIMINARY APPROVAL

A.    The parties will file their Joint Stipulation of Settlement to the Court with a Proposed Order Preliminarily Approving Settlement on or before September 2, 2008.

B.    Defendant will provide Class Counsel with the database listing described above on or before September 10, 2008.

C.    The parties will cooperate in preparing and approving the form and content of the proposed Notice of Settlement and of the proposed Claim Form and Release.

D.    On or before September 15, 2008, Class Counsel will mail the Notice of Settlement and a Claim Form or Release, by first-class U.S. mail, to all Opt-Ins and Class Members.

E.    Class Counsel will enforce the October 30, 2008 deadline for Opt-Ins to submit their Releases, for Class Members and Opt-Ins to submit their Claim Forms or Releases, and for claimants to affirmatively opt-out or not accept the settlement.

F.    On or before November 7, 2008, Class Counsel will submit to Defendant for approval the final allocation of all settlement amounts that the Class Representatives, Opt-Ins, and Class Members will receive.  Defendant may make any reasonable adjustments to the final allocation, and the parties will agree to the final allocation by November 14, 2008.

G.    Class Counsel will prepare, and Defendant will approve, a joint motion for final approval of the settlement.  On or before November 14, 2008, Class Counsel will file the joint motion for final approval of the settlement, which will include the following proposed orders:

i.      an Order Granting Final Approval to the Settlement, adjudging the terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions.  This Final Approval Order will dismiss this action on the merits, with prejudice in accordance with the terms of this Settlement Agreement.

ii.      an order approving Class Counsels' application for an award of attorneys' fees and reimbursement of costs.

iii.      an Order approving the service payments to the Class Representatives.

H      The Court will hold a Fairness Hearing on December 8, 2008, on:  (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Opt-Ins and Class Members; (b) Plaintiffs' application for attorneys' fees and reimbursement of costs; and (c) Plaintiffs' motion for service payments.

I.      The Order for Final Approval of Settlement and Final Judgment will:

i.      dismiss with prejudice all claims against Defendant in this Action;

ii.      declare that all Opt-Ins and Class Members (except for Opt-ins who do not accept the settlement and Class Members who affirmatively opt-out) are bound by the release of claims described above;

iii.      toll the applicable statute of limitations period for Opt-Ins who do not accept the settlement and for Class Members who affirmatively opt out of the settlement for a period of thirty (30) days after entry of the Order; and

iv.      reserve jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' settlement and over the administration and distribution of settlement benefits.

J.      Upon written agreement, the parties may alter the above dates or time periods.

## 12.      DUTIES OF THE PARTIES AFTER FINAL APPROVAL

A.      Within ten (10) days after the Settlement Effective Date, subject to the terms above, Defendant:

(i)     will provide to Class Counsel all settlement checks for the Opt-Ins and Class Members;

(ii)    will pay to Class Counsel the award of attorneys' fees and costs; and

(iii)   will provide to Class Counsel a statement of how much of the Settlement Payment will be donated to the cy pres fund.

B.      Class Counsel will promptly distribute the settlement checks to the individual Opt-Ins and Class Members.

C.      The parties agree to cooperate to resolve any post-settlement inquiries or communications from Opt-Ins and Class Members.

D.      On or before December 31, 2008, Class Counsel will provide Defendant with updated mailing addresses and telephone numbers for all Opt-Ins and Class Members.

## 13.    PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Settlement and bind the parties to these terms and conditions.

## 14.    MUTUAL FULL COOPERATION

The parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement.  The parties to this Settlement will use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary or ordered by the Court, or otherwise, to effectuate this Settlement and the terms set forth in this Joint Stipulation.  As soon as practicable after execution of this Settlement, Class Counsel will, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Settlement.

### 15.    NO PRIOR ASSIGNMENTS

The parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged except as set forth in this Joint Stipulation.

### 16.    NO ADMISSION

Nothing contained in this Joint Stipulation, nor the consummation of this Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

### 17.    NOTICES

Unless otherwise specifically provided in this Joint Stipulation, all notices, demands or other communications given will be in writing and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested, addressed as follows:

<u>To the Settlement Class:</u>

Paul J. Lukas, Esq.

Nichols Kaster, PLLP

4600 IDS Center

80 South Eighth Street

Minneapolis, MN  55402

<u>To the Defendant:</u>

A. Craig Cleland, Esq.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

600 Peachtree Street, Suite 2100

6597056_2 (2)

Atlanta, GA  30308

## 18.    CONSTRUCTION

The parties agree that the terms and conditions of this Settlement are the result of lengthy, arms-length negotiations between the parties and that this Settlement will not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Settlement.

## 19.    CAPTIONS AND INTERPRETATIONS

Paragraph titles or captions in this Joint Stipulation are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Settlement or any provision in it.  Each term of this Settlement is contractual and is not merely a recital, except for those denominated as recitals in Section 2.

## 20.    MODIFICATION AND WAIVER

This Settlement may not be changed, altered, or modified except in writing and signed by the parties and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties.  The waiver by one party of any breach of this Joint Stipulation will not be deemed to be a waiver of any prior or subsequent breach.

## 21.    INTEGRATION CLAUSE

This Settlement contains the entire agreement between the parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Joint Stipulation.  No rights may be waived except in writing.

## 22.    BINDING ON ASSIGNS

This Settlement will be binding upon and will inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## 23.    CLASS COUNSEL SIGNATORIES

It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each member of the Class execute this Settlement.  The Notice of Settlement will advise all Class Members of the binding nature of the release, and this will have the same force and effect as if this Settlement were executed by each Class Member.

## 24.    COUNTERPARTS

This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement, which will be binding upon and effective as to all parties, subject to Court Approval.

## 25.    PUBLIC COMMENT

The parties and their counsel agree that they do not intend to issue any press releases announcing the Settlement, except for releases related to required filings with the Securities and Exchange Commission.  Class Counsel will not state on their firm website either the amount of the Settlement Payment, the terms and conditions of the Settlement, or the underlying facts leading up to the settlement.  Class Counsel may state on their website that the Action was settled.

## 26.    RIGHT TO RESCIND

Acting at all times with the professional rules of ethics, Class Counsel will recommend and endorse the settlement to Opt-Ins and Class Members.  If, however, that more than 2.5% of the Opt-Ins or Class Members reject the individual settlement

6597056_2 (2)

1  amounts offer them or timely opt out of the settlement, then Defendant may, at its

2  option, rescind this settlement.  Opt-Ins and Class Members who do not respond to

3  the settlement offered them will not be counted toward the 2.5% rate above.  If

4  Defendant rescinds, then Defendant's obligations under the settlement will cease to

5  have any force and effect, the Settlement Agreement will be vacated, rescinded,

6  cancelled, and annulled, and the parties will return to the status quo ante as if they

7  had not entered into the settlement.  In addition, the settlement and all negotiations

8  and proceedings related to the settlement will be without prejudice of the rights of

9  the parties, and evidence of the settlement, negotiations, and proceedings will be

10  inadmissible and will not be discoverable.

11

12

13  DATED:  September 2, 2008          OGLETREE, DEAKINS, NASH, SMOAK
                                       & STEWART, P.C.

14

15                                     By: s/ Craig Cleland
                                       A. Craig Cleland
16                                     Attorneys for Defendant
                                       FASTENAL COMPANY
17

18

19                                     NICHOLS KASTER, PLLP

20
                                       By: s/ Paul Lukas
21                                     Paul K. Lukas
                                       Attorneys for PLAINTIFFS
22

23

24  6597056.2 (OGLETREE)

25

26

27

28