| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, DANIEL WILLE, DUSTIN BARSTOW, and MATTHEW KOBOS individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>     Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>     Defendants. | Case No: 3:07-CV-5326 MHP<br><br>**NOTICE OF SETTLEMENT** |

**TO: INDIVIDUALS WHO HAVE JOINED THE LAWSUIT AGAINST FASTENAL COMPANY**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION. YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.**

  The purpose of this Notice is to advise you of how your rights may be affected by a Stipulation of Settlement between the parties in this lawsuit, and to provide you information on the procedure to accept your settlement offer if you chose to do so.

  **If you do not sign and return the Settlement Offer and Release, you will not be a part of this lawsuit and will not participate in the settlement.**

**I. Description of the Lawsuit**

  On October 18, 2007, an action entitled <u>Calhoun et al. v. Fastenal Company,</u> No. 3:07-CV-5326, was filed in the United States District Court for the Northern District of California (hereinafter "the Action'). The action alleges that Assistant General Managers ("AGMs") were misclassified as "exempt" employees and therefore are owed overtime pay for hours worked in excess of forty (40) per work week under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, <u>et seq.</u>, as well as California, New York, Oregon, and Pennsylvania state law. Additionally, California Plaintiffs allege they were not provided required meal and rest periods. Plaintiffs also seek an additional amount as liquidated damages, as well as attorneys fees and costs.

  The Defendant denies all allegations of wrongdoing, fault, liability or damage to the Plaintiffs, deny that they engaged in any wrongdoing, deny that they committed any violation of law, deny that they acted improperly in any way and believe that they acted properly at all times. The Defendant recognizes, however, the uncertainty and risk inherent in any litigation, and the difficulties and substantial expense and length of time necessary to defend this action through trial and any appeal.

  Although Defendant does not admit any wrongdoing or liability, to eliminate the burden and expense of further litigation and the risk of trial, the parties wish to settle the litigation on the terms and

conditions stated in the Stipulation of Settlement, and to put the claims alleged in this Action to rest finally and forever. Plaintiffs' Counsel completed an extensive investigation relating to the claims and the underlying events alleged in the Complaint. Plaintiffs analyzed the evidence gathered during pretrial investigation and discovery, and have researched the applicable law with respect to the claims of the Plaintiffs against the Defendant, as well as the potential defenses.

## II. Persons Eligible to Participate in the Settlement

Three categories of people are eligible to participate in this settlement:

(1) people who filed a "consent form" through Plaintiffs' counsel and were employed as AGMs in all states except for California, Pennsylvania, and New York, collectively referred to as "Opt-in Plaintiffs";

(2) people who were employed by Defendant as AGMs in any of the following states during the listed time periods:

> California at some time between October 18, 2003 and September 8, 2008;
> Pennsylvania at some time between October 18, 2004 and September 8, 2008;
> New York at some time between October 18, 2001 and September 8, 2008;
> Oregon at some time between October 18, 2005 and September 8, 2008;

These individuals are collectively referred to as the "Rule 23 AGM Class Members"; and

(3) all persons employed by Defendant as "non-exempt" (paid an hourly wage) employees in California between September 8, 2004 and July 18, 2008. These individuals are collectively referred to as the "Rule 23 California Non-Exempt Class".

Members of these three groups will be collectively referred to as the "Settlement Class".

## III. Persons Eligible to Receive this Notice

This Notice is only for those people who have already filed a "consent form" through Plaintiff's counsel, the Opt-in Plaintiffs.

## IV. Your Right to Participate in This Lawsuit

Enclosed you will find a form entitled Settlement Offer and Release. If you choose to recover money as a part of this settlement, you must read, sign and return the Settlement Offer and Release by mail to Plaintiffs' Counsel at the following address:

**Nichols Kaster, PLLP**
**Attn: Paul J. Lukas**
**4600 IDS Center**
**80 South Eighth Street**
**Minneapolis, MN 55402**
**Toll-Free Telephone: (877) 448-0492**
**Facsimile: (612) 338-4878**
**Email: rkopischke@nka.com**

**To be eligible to participate in this lawsuit, your signed settlement offer and release form must be postmarked on or before October 30, 2008.**

### V. Effect of Accepting Your Settlement Offer

If you timely choose to accept your settlement offer, you will receive the payment described in the settlement offer. The calculation used to determine that settlement offer is described below. In addition, you will be selecting Nichols Kaster, PLLP, as your counsel. If you reject your settlement offer, you will not participate in the settlement and will not be bound by any ruling, judgment, award, or settlement, entered in this case, favorable or unfavorable. You will be free to take action on your own.

### VI. Effect of Failing to Respond

If you fail to respond one way or another to this settlement offer, you will still be a part of the judgment in this case, but you will not be able to participate in the settlement. This means that you will not be able to sue the Defendants again about subject of these lawsuits, and you will not get any money from this lawsuit. **Therefore, it is very important for you to decide whether to accept or reject the settlement offer.**

### VII. Settlement

Plaintiffs' Counsel and Defendant have negotiated what they believe to be a fair settlement for all Plaintiffs and Class Members in this lawsuit. Although the Court has given preliminary approval of the settlement, the settlement, funding of the settlement, and the settlement offers referred to in this notice are contingent upon the Court's approval of the settlement becoming a final judgment.

### VIII. Calculation of Settlement Share

A lump sum of $10,000,000 will be paid on behalf of the Defendants to settle this matter upon final Court approval of the settlement. Subject to Court approval, attorneys' fees and costs will be subtracted from this lump sum. The remaining funds will be divided in pro rata shares amongst the Opt-in Plaintiffs, Rule 23 AGM Class and the Rule 23 California Non-Exempt Class members.

Shares of the settlement have been allocated in the following manner:

A. In consideration of their contributions and participation in this lawsuit, Plaintiffs' Counsel will allocate the following (deducted before the allocation for Opt-in Class as a whole):

   1. Shanan Calhoun, James Mulderig, Daniel Wille: $2,500 for their participation as named Plaintiffs in this matter. Matthew Kobos, and Dustin Barstow: $1,000 for their participation as named Plaintiffs in this matter.

   2. The amounts set forth in paragraphs A(1) and A(2) will be in addition to the amounts these Opt-in Plaintiffs are allocated in paragraph B.

B. Plaintiffs' Counsel has calculated the actual damages suffered by each Opt-in Plaintiff. That damage calculation was based on the following: the available settlement sum after all claim forms are collected from the Rule 23 classes; each Plaintiffs' dates of employment, dates of recoverable claim based on the filing of the Complaint or the filing of the consent form, self-reported information regarding the amount of hours spent working, and a fair and uniformly applied assumption regarding the number of meal and/or rest breaks missed per week. Each Opt-in Plaintiff will receive a pro-rata share of the Opt-in Pool based on the amount of their actual damages as set forth in the Damage Calculation.

### IX. Release of Claims

If you decide to accept your settlement offer, you will be giving up your right to continue with the case against Defendants. You also will not be able to sue them again in the future regarding the subject of this lawsuit. A description of the claims you will release is included in the Settlement Offer and Release. Please read it carefully.

### X. Next Steps and Changes of Address

After you return your settlement offer and release form, you will be considered eligible to participate in the settlement. Both the offer and release are subject to final Court approval of the settlement. The fees for Plaintiffs' counsel are to be paid from the settlement amount.

**If you wish to receive your settlement payment, Plaintiffs counsel must receive your signed settlement offer by October 30, 2008:**

**Nichols Kaster, PLLP**
**Attn: Paul J. Lukas**
**4600 IDS Center**
**80 South Eighth Street**
**Minneapolis, MN 55402**
**Toll-Free Telephone: (877) 777-0622**
**Facsimile: (612) 215-6870**
**Email: rkopischke@nka.com**

If this notice was sent to a wrong address, or if your address changes in the future, please send prompt written notification of your correct address to Plaintiffs' Counsel at the above address.

### XI. Examination of Papers

All of the above descriptions of allegations, responses, the settlement, and other matters in this notice are only summaries and do not fully describe all aspects of the case or settlement. The pleadings and other papers filed in this action are public records and are available for inspection during regular business hours at the Clerk's Office, United States District Court, Northern District of California, 450 Golden Gate Avenue-16th Floor, San Francisco, California 94102.

### XII. Questions

If you have any further questions with respect to this action or about this Notice, you may direct such questions to Plaintiff's counsel at 877-777-0622.
**YOU SHOULD NOT CONTACT THE COURT.**

### XIII. Conclusion

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, MARILYN HALL PATEL.**