| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, DANIEL WILLE, DUSTIN BARSTOW, and MATTHEW KOBOS individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>             Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>             Defendants. | Case No: 3:07-CV-5326 MHP<br><br>**NOTICE OF SETTLEMENT** |

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.**

If you were employed by Fastenal Company ("Fastenal" or "Defendant") as an Assistant General Manager ("AGM") in New York at some time between October 18, 2001 and September 8, 2008 and were not paid overtime for all hours worked in excess of 40 per week, you may be eligible for a payment from a class action settlement:

- The settlement will provide money to pay claims to former Fastenal AGMs and to pay attorneys' fees, and other costs associated with this case.

- To qualify, you must:
   - Have worked at a Fastenal Store as an AGM;
   - Worked in New York during the above listed time frame;
   - and have been denied overtime wages for any work performed in excess of 40 hours per week;

- Your legal rights are affected, whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be a part of any other charge or lawsuit against Fastenal Company about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like this settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

| | |
|---|---|
| **DO NOTHING** | Get no payment. Give up your rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## BACKGROUND INFORMATION

### 1. Why did I get this notice?

You have been identified as a former Fastenal AGM working in New York.

You have been sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves this settlement and after any objections and appeals are resolved, payments will be made as approved by the Court. You will be informed of the progress of the settlement.

This notice explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

On October 18, 2007, Shanan Calhoun and James Mulderig ("the Named Plaintiffs") filed an action entitled <u>Calhoun et al. v. Fastenal Company,</u> No. 07-CV-5326, in the United States District Court for the Northern District of California (hereinafter "the Action"). In the Complaint, the Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 <u>et seq.</u>, failure to pay overtime compensation in violation of California Labor Code §§ 510, 1194 and 1198, and IWC Wage Order(s), waiting time penalties under California Labor Code §§ 201-203, failure to provide itemized wage statements under California Labor Code § 226, failure to provide and/or authorize meal and rest periods under California Labor Code § 226.7, violation of California Business and Professions Code § 17200 <u>et seq.</u>, and violation of the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law 43 P.S. §§ 333.104(c) <u>et seq.</u>, 43 P.S. 260.3(a), <u>et seq.</u> Plaintiffs have filed two subsequent amended complaints adding claims for failure to pay overtime compensation in violation of Oregon Law, ORS §§ 653.261, 653.055 and OR ADC 839-020-0030, failure to pay wages upon separation in violation of Oregon Law, ORS §§652.140, 652.150, and failure to pay overtime compensation in violation of New York Labor Law, Article 19 §§ 650 <u>et seq.</u> The Named Plaintiffs seek damages, equitable relief, penalties, attorney's fees, and costs, on their own behalf and on behalf of all those similarly situated.

The Court responsible for these cases is the United States District Court for the Northern District of California. The judge's name is U.S. District Court Marilyn Hall Patel. She is responsible for overseeing this class action.

**QUESTIONS?** CALL 612-256-3200 OR (877) 448-0492

**2. Why is this a class action?**

The individual Plaintiffs listed above are also "Class Representatives." The Class Representatives sued on behalf of people with similar claims. Together those people are a "Class" or "Class Members."

In a class action, Class Representatives sue on behalf of the Class. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

The Court decided that this lawsuit can be a class action and be settled because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal court.

**3. Why is there a settlement?**

Plaintiffs' Counsel, the Class Representatives and the Defendant agreed to a settlement of this Action. The Defendant does not admit any wrongdoing or liability. The Parties agree, however, that this settlement is in their best interests because it eliminates the burden, expense, and lack of predictability of further litigation as well as of the risks of trial.

## WHO IS IN THE CLASS

To see if you may receive money as a result of this settlement, you first have to decide if you are a Class Member.

**4. How do I know if I am part of the Class?**

You are a member of the Class if you were employed by Fastenal as an AGM in New York at some time between October 18, 2001 and the September 8, 2008 and were not paid overtime for all hours worked in excess of 40 per week

**5. I'm still not sure if I am included.**

If you are still not sure whether you are included, you may ask for free help. You may call (877) 249-0013 and ask if you are part of the settlement. You may also fill out and return the claim form described below, to see if you qualify. **DO NOT CONTACT THE COURT.**

## THE SETTLEMENT BENEFITS

### 6. What does the settlement provide?

The total amount that Defendant has agreed to pay to resolve this lawsuit is $10,000,000. After the fees and costs for Plaintiffs' counsel are deducted, the remaining settlement funds will be divided into three pools. (1) people who filed a "consent form" through Plaintiffs' counsel, collectively referred to as "Opt-in Plaintiffs"; (2) people who did not file a "consent form" through Plaintiffs' counsel and were employed by Defendant as AGMs in California (between October 18, 2003 and September 8, 2008), Pennsylvania (between October 18, 2004 and September 8, 2008), New York (between October 18, 2001 and September 8, 2008), or Oregon (between October 18, 2005 and September 8, 2008), referred to as the "Rule 23 AGM Class Members"; and (3) all persons employed by Defendant as "non-exempt" (paid an hourly wage) employees in California between September 8, 2004 and September 8, 2008, the "Rule 23 California Non-Exempt Class".

If you return a valid Claim form you will receive a settlement amount, less tax withholding, based on: the available settlement sum after all claim forms are collected from the Rule 23 classes; each Plaintiffs' dates of employment, dates of recoverable claim based on the filing of the Complaint or the filing of the Consent Form, self-reported information regarding the amount of hours spent working, and a fair and uniformly applied assumptions regarding the number of meal and/or rest breaks missed per week.

Class Counsel will ask the Court for attorneys' fees in the amount of $2,500,000 and reimbursement for costs. The Plaintiffs who returned consent forms in this matter ("Opt-In Plaintiffs") will share the remaining portion of the settlement, to be distributed among them based upon the facts of their claims.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 7. How can I get a payment?

To qualify for payment, you must send in a claim form. A claim form is attached to this Notice. You may also get a claim form on the Internet at www.nka.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it, the form **must be received by class counsel no later than October 30, 2008.** Please follow all the instructions on the claim form.

### 8. When would I get my payment?

The Court will hold a hearing on **December 8, 2008**, to decide whether to approve the settlement. The settlement will be distributed shortly after the hearing if it is approved and barring any appeal. If distribution of the settlement is delayed by appeal, everyone who sends in a claim form will be informed about the progress of the settlement.

### 9. What am I giving up to get a payment or stay in the Class?

**QUESTIONS?** CALL 612-256-3200 OR (877) 448-0492

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Fastenal Company pertaining to the legal issues of this case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form, you will release your claims. The Claim Form describes the legal claims you give up if you get settlement benefits.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want keep the right to sue or continue to sue Fastenal Company on your own, about the legal issues in this case, then you must take steps to exclude yourself from the settlement. Excluding yourself from the settlement is sometimes referred to as opting out of the Settlement Class.

**10. How do I get out of the settlement?**

To exclude yourself from the settlement, you must complete the portion of the claim form that indicates you want to be excluded from the settlement. The claim form with the exclusion request must be received by Plaintiffs' Counsel no later than **October 30, 2007**. Please send the form to:

> Nichols Kaster, PLLP
> Attn: Paul J. Lukas
> Fastenal Exclusions
> 4600 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402

You cannot exclude yourself on the phone or by email.

If you ask to be excluded, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Fastenal in the future.

**11. If I don't exclude myself, may I sue Fastenal for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Fastenal for the claims that this settlement resolves. If you have a pending lawsuit against Fastenal, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **October 30, 2008**.

**12. If I exclude myself, may I get money from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. If you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Fastenal Company.

**13. If I am not a part of the Class, do I have to exclude myself?**

No. If you are not a part of the class, you do not need to exclude yourself. You can either return a Claim Form to see if you are a part of the Class, or you may do nothing.

**QUESTIONS?** CALL 612-256-3200 OR (877) 448-0492

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court decided that the law firm of Nichols Kaster, PLLP in Minneapolis, Minnesota is qualified to represent you and all Class Members. The law firm is called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. More information about Class Counsel is available at www.nka.com.

## OBJECTING TO THE SETTLEMENT

You may tell the Court that you do not agree with the settlement or some part of it.

### 15. How do I tell the Court that I do not like the settlement?

If you are a Class Member, you may object to the monetary settlement if you do not like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Calhoun et. al. v. Fastenal Company*. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Objections must be made in writing.

Mail the objection to all three of these addresses, postmarked no later than **October 30, 2008**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of California<br>450 Golden Gate Avenue<br>16th Floor<br>San Francisco, CA 94102 | Paul J. Lukas<br>Nichols Kaster, PLLP<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 | A. Craig Cleland<br>Ogletree, Deakins, Nash,<br>Smoak & Stewart, P.C<br>Bank of America Plaza<br>600 Peachtree St., NE, Suite 2100<br>Atlanta, GA 30308 |

### 16. What is the difference between objecting and excluding myself from the class?

Objecting is simply telling the Court that you do not like something about the settlement. You may object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

### 17. When and where will the Court decide whether to approve the settlement?

**QUESTIONS?** CALL 612-256-3200 OR (877) 448-0492

The Court will hold a Fairness Hearing on December 8, 2008, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Patel will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**18. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Patel may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**19. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Calhoun et al v. Fastenal Company." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **October 30, 2008** and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed above. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

**20. What happens if I do nothing at all?**

If you do nothing, you will not receive any money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Fastenal Company about the legal issues in this case during the applicable time period, ever again.

## GETTING MORE INFORMATION

**21. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Consent Decree. You may obtain a copy of the Consent Decree by writing to Class Counsel, Nichols Kaster, PLLP, Attn: Paul J. Lukas, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, or by visiting Class Counsel's website at www.nka.com.

**22. How do I get more information?**

You may call (877) 448-0492 toll free; write to Class Counsel, Nichols Kaster, PLLP, Attn: Paul J. Lukas, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402; or visit Class Counsel's website at www.nka.com, where you will find answers to common questions about the settlement, a

**QUESTIONS?** CALL 612-256-3200 OR (877) 448-0492

claim form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.