1  NICHOLS KASTER, LLP
   Matthew C. Helland, CA State Bar No. 250451
2  Helland@nka.com
   One Embarcadero Center, Suite 720
3  San Francisco, CA 94111
   Telephone (415) 277-7235
4  Facsimile: (415) 277-7238

5  NICHOLS KASTER, PLLP
   Donald H. Nichols, MN State Bar No. 78918
6  Nichols@nka.com
   (admitted *pro hac vice*)
7  Paul J. Lukas, MN State Bar No. 22084X
   Lukas@nka.com
8  (admitted *pro hac vice*)
   David C. Zoeller, MN State Bar No. 0387885
9  Zoeller@nka.com
   (*pro hac vice* application forthcoming)
10 4600 IDS Center
   80 South 8th Street
11 Minneapolis, MN 55402
   Telephone:  (612) 256-3200
12 Facsimile:  (612) 215-6870

13 Attorneys for Individual and Representative Plaintiffs

14          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
15

16                                    Case No. C 07-05326 MHP

17                                    **CLASS ACTION**

18                                    **SECOND AMENDED COMPLAINT FOR**
                                      **DAMAGES, RESTITUTION AND**
   Shanan Calhoun, James Mulderig, Daniel   **INJUNCTIVE RELIEF**
19 Wille, Dustin Barstow, and Matthew
   Kobos individually, on behalf of others   **(1)      Failure to Pay Overtime**
20 similarly situated, and on behalf of the   **Compensation In Violation of the Fair**
   general public,                          **Labor Standards Act (29 U.S.C. Section**
21                                           **201, et seq.)**
                              Plaintiffs,
22                                           **(2)      Failure to Pay Overtime**
          vs.                                **Compensation in Violation of California**
23                                           **Law (California Labor Code Sections 510,**
   Fastenal Company, and DOES 1-50,          **1194 and 1198, and IWC Wage Order(s))**
24 inclusive,
                                             **(3)      Waiting Time Penalties**
                              Defendants.    **(California Labor Code Sections 201-203)**
25
                                             **(4)      Failure to Provide Itemized**
26                                           **Wage Statements (California Labor Code**
                                             **Section 226)**
27
                                             **(5)      Failure to Provide and/or**
28                                           **Authorize Meal and Rest Periods**

─────────────────────────────────────────
SECOND AMENDED  CLASS ACTION COMPLAINT

(California Labor Code Section 226.7)

(6)      **Violation of California Business and Professions Code Sections 17200 et seq.**

(7)      **Violation of Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law (43 P.S. sections 333.104(c), et seq., 43 P.S. 260.3(a), et seq.)**

(8)      **Failure to Pay Overtime Compensation in Violation of Oregon Law (ORS sections 653.261, 653.055 and OR ADC 839-020-0030)**

(9)      **Failure to Pay Wages Upon Separation In Violation of Oregon Law (ORS sections 652.140, 652.150)**

(10)    **Failure to Pay Overtime Compensation in Violation of New York Labor Law, Article 19 §§ 650 *et seq* and the supporting New York State Department of Labor Regulations.**

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Individual and Representatives Shanan Calhoun, James Mulderig, Daniel Wille, Dustin Barstow, and Matthew Kobos on their own behalf and on behalf of the proposed classes identified below. Plaintiffs and the putative collective class members were or are employed by Defendant Fastenal Company, and certain Doe Defendants, or their predecessors-in-interest, as assistant general managers, also known within the class period as assistant managers.  As assistant general managers, Plaintiffs and the putative collective class members are or were covered, non-exempt employees under federal and state wage and hour laws, and entitled to overtime pay consistent with the requirements of these laws. These employees are similarly situated under the Federal Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The Collective Class is made of all persons who are or have been employed by

SECOND AMENDED  CLASS ACTION COMPLAINT

1  Defendant as an assistant general manager, also known within the class period as assistant

2  manager, at any time within the United States within three years prior to this action's filing date,

3  through the date of final disposition of this action (the "Collective Class Period").

4      3.    The California AGM Class is made up of all persons who are or have been

5  employed by Defendant as an assistant general manager, also known within the class period as

6  assistant manager, in the State of California within the period four years prior to the filing date of

7  this Complaint (the "California Class Period," collectively with Oregon, Pennsylvania, and New

8  York, the "State Class Periods").

9      4.    The California Non-Exempt Class is made up of all persons who are or have been

10  employed by Defendant in any position classified by defendants as non-exempt from overtime

11  compensation under federal or state law, in the State of California within the period four years

12  prior to the filing date of this Complaint (the "California Class Period").

13      5.    The Pennsylvania AGM Class is made up of all persons who are or have been

14  employed by Defendants as an assistant general manager, also known within the class period as

15  assistant manager, in the State of Pennsylvania within the period three years prior to the filing

16  date of this Complaint (the "Pennsylvania Class Period").

17      6.    The Oregon AGM Class is made up of all persons who are or have been employed

18  by Defendants as an assistant general manager, also known within the class period as assistant

19  manager, in the State of Oregon within the period two years prior to the filing date of this

20  Complaint (the "Oregon Class Period").

21      7.    The New York AGM Class is made up of all persons who are or have been

22  employed by Defendants as an assistant general manager, also known within the class period as

23  assistant manager, in the State of New York within a period six years prior to the filing date of

24  this complaint (the "New York Class Period").

25      8.    During the Collective Class Period and the State Class Periods, Defendant failed to

26  pay appropriate overtime compensation and to provide the required meal and rest periods to

27  members of the Collective Class, Non-Exempt Class, and AGM Classes as required by federal

28  and state law.  Plaintiffs seek relief for these Classes pursuant to the applicable State Law, Rules,

-3-

1    Regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). Plaintiffs also

2    seek relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is

3    to remedy the Defendants' failure to pay all wages due, to pay appropriate overtime

4    compensation, to provide or authorize meal and rest periods, to pay waiting time penalties, and to

5    maintain accurate time records, in addition to injunctive relief.

6                                        **THE PARTIES**

7            9.       Individual and representative Plaintiff Shanan Calhoun (the "California AGM

8    Plaintiff") resides in Bakersfield, California (Kern County). He was employed by Defendant for

9    approximately sixteen (16) months as an assistant general manager, also known within the class

10   period as assistant manager, working in San Pablo, California (Contra Costa County), Berkeley,

11   California (Alameda County), Concord, California (Contra Costa County), and Petaluma

12   California (Sonoma County) between approximately May of 2005 and August of 2006.  Plaintiff

13   Shanan Calhoun brings his claim on behalf of himself and the Collective and California AGM

14   Classes.

15           10.      Individual and representative James Mulderig (the "Pennsylvania AGM Plaintiff")

16   resides in Scranton, Pennsylvania. He was employed by Defendant for approximately thirty-four

17   (34) months as an assistant general manager, also known within the class period as assistant

18   manager, working in Jessup, Pennsylvania between approximately February 2003 and December

19   2006.  Plaintiff James Mulderig brings his claim on behalf of himself and the Collective and

20   Pennsylvania AGM Classes.

21           11.      Individual and representative Daniel Wille (the "Oregon AGM Plaintiff") resides

22   in Rhododendron, Oregon. He was employed by Defendant for approximately twenty-two (22)

23   months as an assistant general manager, also known within the class period as assistant manager,

24   working in Portland, Oregon between approximately April 2004 and February 2006.  Plaintiff

25   Daniel Wille brings his claim on behalf of himself and the Collective and Oregon AGM Classes.

26           12.      Individual and representative Matthew Kobos (the "New York AGM Plaintiff")

27   resides in Rochester, New York. He was employed by Defendant for approximately nine (9)

28   months as an assistant general manager, also known within the class period as assistant manager,

1   working in Rochester, New York, between approximately April of 2006 and January of 2007.

2   Plaintiff Matthew Kobos brings his claim on behalf of himself and the Collective and New York

3   AGM Classes.

4        13.    Individual and representative Dustin Barstow (the "California Non-Exempt

5   Plaintiff") resides in Vallejo, California (Solano County).  He was employed by Defendant for

6   approximately six (6) months as "Part Time Support," a position classified as non-exempt from

7   overtime, working in Oakland, California (Alameda County).  He was also employed by

8   Defendant for approximately nine (9) months as an assistant general manager, also known within

9   the class period as assistant manager, working in Oakland, California (Alameda County), between

10  approximately June of 2005 and March of 2006.  Plaintiff Dustin Barstow brings his claim on

11  behalf of himself and the Collective and California AGM classes.

12       14.    Upon information and belief, Defendant Fastenal Company is a Minnesota

13  Corporation doing business in and maintaining offices in several states throughout the United

14  States, including a facility in San Pablo, California (Contra Costa County).

15       15.    Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their

16  true names and capacities are unknown to Plaintiffs.  When their true names and capacities are

17  ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

18  herein.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

19  Defendants is responsible in some manner for the occurrences herein alleged, and that the

20  damages of Plaintiffs and the putative class members herein alleged were proximately caused by

21  such Defendants.

22       16.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants

23  herein was, at all times relevant to this action, the agent, employee, representative partner, and/or

24  joint venturer of the remaining Defendants and was acting within the course and scope of the

25  relationship.  Plaintiffs are further informed, believe, and thereon allege that each of the

26  Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining

27  Defendants.

28                          **JURISDICTION AND VENUE**

SECOND AMENDED  CLASS ACTION COMPLAINT

1    17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case

2 is being brought under the FLSA, 29 U.S.C. § 207 *et seq.*  Each representative Plaintiff has signed

3 a consent form to join this lawsuit. (See Dkt. #1,#15, #121, and #129.) This Court also has

4 supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5    18.    Venue is proper in the United States District Court, Northern District of California

6 pursuant to 28 U.S.C. § 1391, because Defendant operates a facility in Contra Costa County,

7 California and because a substantial part of the events giving rise to the claims occurred in this

8 district.

9    19.    Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned to the

10 Northern District of California because a substantial portion of the events giving rise to this

11 dispute occurred in Contra Costa County, California.

12                      **COLLECTIVE ACTION ALLEGATIONS**

13    20.    Plaintiffs bring this action on behalf of themselves and other employees similarly

14 situated as authorized under FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

15    **Collective Class:**     All persons who are or have been employed by Defendant as an

16                              assistant general manager, also known within the class period as

17                              assistant manager, within the United States at any time three years

18                              prior to the filing of this Complaint, to the final disposition of this

19                              case.

20    21.    Upon information and belief, Defendant suffered and permitted Plaintiffs and the

21 Collective Class to work more than forty hours per week without appropriate overtime

22 compensation.

23    22.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

24    23.    Upon information and belief, Defendant knew that Plaintiffs and the Collective

25 Class, performed work that required overtime pay.  Defendant has operated under a scheme to

26 deprive these employees of appropriate overtime compensation by failing to properly compensate

27 them for all hours worked.

28    24.    Defendants misclassified Plaintiffs and members of the Collective Class with the

-6-

1    Job titles of assistant general manager, also known within the class period as assistant manager, as

2    "exempt" from federal and state overtime laws.  Defendants misrepresented to these employees

3    that they were "exempt" and therefore were not entitled to overtime pay for hours worked in

4    excess of forty a week.

5         25.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,

6    and has caused significant damages to Plaintiffs, and the Collective Class.

7         26.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs

8    and the Collective Class, and as such, notice should be sent to the Collective Class.  There are

9    numerous similarly situated current and former employees of Defendant who have been denied

10   overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised

11   notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly

12   situated employees are known to Defendant and are readily identifiable through Defendants'

13   records.

14                                  **CLASS ALLEGATIONS**

15        27.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

16   Rules of Civil Procedure on behalf of the following defined classes:

17        **Proposed California AGM Class:**          All employees of Defendant who

18                                        were, are, or will be employed in the State of California as

19                                        an assistant general manager, also known within the class

20                                        period as assistant manager, at any time within four years of

21                                        the filing of this Complaint until the final disposition of this

22                                        case.

23        **Proposed California Non-Exempt Class:**          All employees of Defendant

24                                        who were, are, or will be employed in the State of California

25                                        in any position classified by Defendant as non-exempt from

26                                        overtime compensation under federal or state law, at any

27                                        time within four years of the filing of this Complaint until

28                                        the final disposition of this case.

                                            -7-

1          **Proposed Pennsylvania AGM Class:**      All employees of Defendant who

2          were, are, or will be employed in the State of Pennsylvania

3          as an assistant general manager, also known within the class

4          period as assistant manager, at any time within three years

5          of the filing of this Complaint until the final disposition of

6          this case.

7          **Proposed Oregon AGM Class:**      All employees of Defendants who

8          were, are, or will be employed in the State of Oregon with

9          the job title of assistant general manager, also known within

10         the class period as assistant manager, at any time within two

11         years of the filing of this Complaint until the final

12         disposition of this case.

13      28.    <u>Numerosity</u>:  Each Proposed Class is so numerous that joinder of all members is

14 impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the

15 relevant time period, Defendant employed hundreds of people who satisfy the definition of the

16 each Proposed Class.

17      29.    <u>Typicality</u>:  Plaintiffs' claims are typical of the members of the Proposed

18 Classes.  Plaintiffs are informed and believe that, like other assistant general managers, also

19 known within the class period as assistant managers, they routinely worked more than eight hours

20 per day and more than 40 hours per week during the Class Period.  Plaintiffs had the same duties

21 and responsibilities as other Class members and were subject to Defendant's policy and practice

22 of improperly treating and classifying these employees as "exempt" from federal and state

23 overtime law, misrepresenting to these employees that they were exempt from federal and state

24 overtime law and improperly failing to pay appropriate overtime compensation for all hours

25 worked, failing to maintain accurate time records of hours worked by the Proposed Classes and

26 failing to issue accurate itemized wage statements to these individuals.  Plaintiffs are informed

27 and believe that, like other assistant general managers, also known within the class period as

28 assistant managers, and all other non-exempt Fastenal employees, they were subject to

1  Defendant's policy of failing to provide or authorize meal and rest breaks in compliance with
2  state laws

3       30.    Superiority:    A class action is superior to other available methods of the fair and
4  efficient adjudication of the controversy, particularly in the context of wage and hour litigation
5  where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits
6  in federal court against a large corporate Defendant.  Prosecuting hundreds of identical, individual
7  lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial
8  results.

9       31.    Adequacy:    Plaintiffs will fairly and adequately protect the interests of the
10 Proposed Classes, and has retained counsel experienced in complex wage and hour class and
11 collective action litigation.

12       32.    Commonality: Common questions of law and fact exist to all members of the
13 Proposed Classes and predominate over any questions solely affecting individual members of the
14 Proposed Classes, including but not limited to:

15            A.    Whether Defendants improperly classified Plaintiffs and members of the
16                  State Classes with the job titles of assistant general manager, also known
17                  within the class period as assistant manager, as exempt;

18            B.    Whether Defendants unlawfully failed to fully pay appropriate overtime
19                  compensation to members of the Proposed Classes in violation of the state
20                  wage laws and the FLSA;

21            C.    Whether Plaintiffs and State Class members who are no longer employed
22                  with Defendants are entitled to penalties for failure to timely pay wages
23                  upon termination of employment, pursuant to the applicable state laws;

24            D.    Whether Defendants' policies and practices provide and/or authorize meal
25                  and rest periods in compliance with applicable state laws;

26            E.    Whether Defendants failed to keep accurate time records for all hours
27                  worked by the Plaintiffs and the Proposed Classes in violation of FLSA, 29
28                  U.S.C. § 201 et seq., and state wage laws;

-9-

1           F.      Whether Defendants provided adequate itemized wage statements to the

2                  Plaintiffs and the Class pursuant to state wage laws;

3           G.      The proper measure of damages sustained by the Proposed Classes; and

4           H.      Whether Defendants' actions were "willful."

5       33.      This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

6 prosecution of actions by or against individual members of the class would result in inconsistent

7 or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

8 Further, adjudication of each individual member's claim as separate action would be dispositive

9 of the interest of other individuals not party to this action, impeding their ability to protect their

10 interests.

11       34.      Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

12 questions of law and fact common to the Proposed Classes predominate over any questions

13 affecting only individual members of the Proposed Class, and because a class action is superior to

14 other available methods for the fair and efficient adjudication of this litigation.  Defendant's

15 common and uniform policies and practices denied the Proposed Classes the overtime pay to

16 which they are entitled.  The damages suffered by the individual Proposed Class members are

17 small compared to the expense and burden of individual prosecution of this litigation.   In

18 addition, class certification is superior because it will obviate the need for unduly duplicative

19 litigation that might result in inconsistent judgments about Defendant's practices.

20       35.      Plaintiff intends to send notice to all members of the Proposed Classes to the

21 extent required by Rule 23.  The names and addresses of the Proposed Classes are available from

22 Defendant.

23 /

24 /

25

26                        **FIRST CLAIM FOR RELIEF**

27     **Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

28           **(On Behalf of Plaintiffs and the Collective Class)**

-10-

36.     Plaintiffs, on behalf of themselves and the collective class, allege and incorporate by reference the allegations in the preceding paragraphs.

37.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs' written consent forms were filed. (See Dkt. #1 #15, #121 and #129.)  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

38.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendant has employed and continues to employ employees, including Plaintiffs, and the Collective Class.  At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.00.

39.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

40.     During their employment with Defendant, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek.  Despite the hours worked by Plaintiffs and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

41.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

42.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

SECOND AMENDED  CLASS ACTION COMPLAINT

43.     Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

44.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of California Law**

**(On Behalf of the California AGM Plaintiff and the California AGM Class)**

45.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

46.     At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code §510 required an employer, such as Defendant, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

47.     Plaintiffs are informed and believes, and thereon alleges, that members of the California AGM Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendant unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, the Plaintiff Shanan Calhoun and the other Class members are entitled to recover their unpaid overtime compensation.

48.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Shanan Calhoun and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, plus interest, attorneys' fees and costs.

-12-

1    **THIRD CLAIM FOR RELIEF**

2    **Waiting Time Penalties**

3    **(On Behalf of the California AGM Plaintiff, the California Non-Exempt Plaintiff, the**

4    **California AGM Class, and the California Non-Exempt Class)**

5        49.    Plaintiffs allege and incorporate by reference the allegations in the preceding

6    paragraphs.

7        50.    During the relevant time period, many Class members were employed by and

8    thereafter terminated by or resigned from their positions with Defendant.  Defendant, however,

9    willfully failed to pay such Class members all wages owed them (including overtime wages)

10    within the time limits set forth in California Labor Code sections 201 and 202.

11        51.    Under Labor Code sections 201, 202, and 203, those Class members who no

12    longer work for Defendant are entitled to waiting time penalties for Defendants willful failure to

13    timely pay all wages owed upon separation of their employment.

14    **FOURTH CLAIM FOR RELIEF**

15    **Failure to Provide Accurate Itemized Wage Statements**

16    **(On Behalf of the California AGM Plaintiff and the California AGM Class)**

17        52.    Plaintiffs allege and incorporate by reference the allegations in the preceding

18    paragraphs.

19        53.    California Labor Code § 226(a) provides that, at the time of each payment of

20    wages, an employer shall provide each employee with a wage statement itemizing, among other

21    things, the total hours worked by the employee in the pay period.  California Labor Code § 226(e)

22    provides that an employee suffering injury as a result of a knowing and intentional failure by an

23    employer to comply with Labor Code § 226(a) may recover the greater of his or her actual

24    damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per

25    employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition

26    to attorneys' fees and costs.

27        54.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized

28    wage statements including, *inter alia*, hours worked, to Plaintiff Shanan Calhoun and the

-13-

1   California AGM Class in accordance with Labor Code § 226(a).  Such failure caused injury to

2   Plaintiff Shanan Calhoun and the California AGM Class members, by, among other things,

3   impeding them from knowing the total hours worked and the amount of wages to which they are

4   and were entitled.  The California Plaintiff and the California Class are therefore entitled to the

5   damages and penalties provided for under Labor Code § 226(e).  Pursuant to Labor Code section

6   226(g), the California AGM Plaintiff and the California AGM Class are also entitled to and seek

7   injunctive relief requiring Defendant to comply with Labor Code 226(a).

8

9                                    **FIFTH CLAIM FOR RELIEF**

10                     **Failure to Provide Rest Breaks and Meal Periods**

11   **(On Behalf of the California AGM Plaintiff, the California Non-Exempt Plaintiff, the**

12           **California AGM Class and the California Non-Exempt Class)**

13          55.    Plaintiffs allege and incorporate by reference the allegations in the proceeding

14   paragraphs.

15          56.    California Labor Code section 512 prohibits an employer from employing an

16   employee for a work period of more than five hours per day without providing the employee with

17   a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day

18   without providing the employee with a second meal period of not less than 30 minutes.

19          57.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto

20   provided) in relevant part that:

21          No employer shall employ any person for a work period of more than five (5)

22          hours without a meal period of not less than 30 minutes, except that when a work

23          period of not more than six (6) hours will complete the day's work the meal

24          period may be waived by mutual consent of the employer and employee. Unless

25          the employee is relieved of all duty during a 30 minute meal period, the meal

26          period shall be considered an "on duty" meal period and counted as time worked.

27          An "on duty" meal period shall be permitted only when the nature of the work

28          prevents an employee from being relieved of all duty and when by written

-14-

SECOND AMENDED  CLASS ACTION COMPLAINT

agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

58.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

59.    California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

60.    Defendant failed to provide Plaintiff Shanan Calhoun, Plaintiff Dustin Barstow, the California AGM Class members, and the California Non-Exempt Class members, with meal periods as required by law, and failed to authorize and permit the Plaintiff and Class members to

-15-

1  take rest periods as required by law.  Plaintiff and the Class members are therefore entitled to

2  payment of the meal and rest period premiums as provided by law.

3                              **SIXTH CLAIM FOR RELIEF**

4                   **Unfair Practice under the Unfair Competition Act**

5  **(On Behalf of the California AGM Plaintiff, the California Non-Exempt Plaintiff, the**

6          **California AGM Class, and the California Non-Exempt Class)**

7          61.     Plaintiffs allege and incorporates by reference the allegations in the preceding

8  paragraphs.

9          62.     Section 17200 of the California Business and Professions Code — California's

10  Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful

11  or unfair business acts or practices.  The foregoing conduct by Defendant, as alleged, constitutes

12  unlawful business actions and practices in violation of Section 17200, *et seq.*

13          63.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Shanan

14  Calhoun, Plaintiff Justin Barstow, the California AGM Class members, and the California Non-

15  Exempt Class members are entitled to restitution of the overtime earnings and other unpaid wages

16  and premiums alleged herein that Defendant has improperly withheld and retained during a period

17  that commences four years prior to the filing of this action, a permanent injunction requiring

18  Defendant to pay minimum wage and overtime to all workers as defined herein, in California, an

19  award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable

20  law, and costs.

21                             **SEVENTH CLAIM FOR RELIEF**

22  **Violation of Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c), et seq., and**

23       **Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.3(a), et seq.**

24      **(On Behalf of the Pennsylvania AGM Plaintiff and Pennsylvania AGM Class)**

25          64.     Plaintiffs allege and incorporate by reference the allegations in the preceding

26  paragraphs.

27          65.     The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act,

28  43 P.S. § 333.104(c), Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.

                                        -16-

1    (collectively "Pennsylvania Wage Laws").

2        66.    At all relevant times, Defendants have been, and continue to be, "employers"

3    within the meaning of the Pennsylvania Wage Laws.  Defendants have employed or continue to

4    employ employees including the Pennsylvania Plaintiff, and each member of the prospective

5    Pennsylvania Class, within the meaning of the Pennsylvania Wage Laws.

6        67.    The Pennsylvania Minimum Wage Act requires an employer, such as Defendants,

7    to pay overtime compensation to all non-exempt employees.  The Pennsylvania AGM Plaintiff

8    and the Pennsylvania AGM Class are non-exempt employees entitled to be paid overtime

9    compensation for all hours worked in excess of forty (40) hours per week.

10        68.    At all times relevant, Defendants had a policy and practice of failing and refusing

11    to pay overtime to the Pennsylvania AGM Plaintiff and to the Pennsylvania AGM Class members

12    for their hours worked in excess of forty (40) per workweek.

13        69.    The Pennsylvania Wage Payment and Collection Law requires employers, such as

14    Defendants, to pay all wages, including overtime wages, on the regular payday designated in

15    advance by the employer or next succeeding pay period.

16        70.    As a result of Defendants' failure to pay wages earned and due, and their decision

17    to withhold wages earned and due to the Pennsylvania AGM Plaintiff and the Pennsylvania AGM

18    Class, Defendants have violated and continue to violate the Pennsylvania Wage Laws.

19        71.    As a result of Defendants' failure to record, report, credit, and furnish to the

20    Pennsylvania AGM Plaintiff and Pennsylvania AGM Class their respective wage and hour

21    records showing all wages earned and due for all work performed, Defendants have failed to

22    make, keep, preserve, and furnish such records in violation of the Pennsylvania Minimum Wage

23    Act, 43 P.S. § 333.108.

24        72.    The Pennsylvania AGM Plaintiff, on behalf of himself and the Pennsylvania AGM

25    Class members, seeks recovery of attorneys' fees and costs of this action to be paid by

26    Defendants, as provided by Pennsylvania Minimum Wage Act, 43 P.S. § 333.113 and

27    Pennsylvania Wage and Collection Law, 43 P.S. § 260.9a, and liquidated damages in the greater

28    amount of $500.00 or 25% of the total amount of wages due, as provided by the Pennsylvania

-17-

1    Wage and Collection Law, 43 P.S. § 260.10.

2         73.    The Pennsylvania AGM Plaintiff, on behalf of himself and the Pennsylvania AGM

3    Class members, seeks the amount of her underpayments based on Defendants' failure to pay one

4    and one-half times the regular rate of pay for work performed in excess of forty (40) hours, as

5    provided by the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c) and such other legal and

6    equitable relief from Defendants' unlawful and willful conduct as the Court deems just and

7    proper.

8                           **EIGHTH CLAIM FOR RELIEF**

9             **Failure to Pay Overtime Compensation in Violation of Oregon Law**

10           **(On Behalf of the Oregon AGM Plaintiff and the Oregon AGM Class)**

11        74.    Plaintiffs allege and incorporate by reference the allegations in the preceding

12    paragraphs.

13        75.    At all relevant times herein, ORS § 653.261 and OR ADC 839-020-0030 required

14    an employer, such as Defendants, to pay overtime premium(s) of not less than one and one-half

15    times the regular rate of pay "when computed without benefits or commissions, overrides, spiffs,

16    bonuses, tips, or similar benefits."

17        76.    The Oregon AGM Plaintiff is informed and believes, and thereon alleges, that

18    members of the Oregon AGM Class worked in excess of 40 hours per week, that members of the

19    Oregon AGM Class with the title of assistant general manager, also known within the class period

20    as assistant manager, were misclassified as exempt, and that Defendants unlawfully failed to pay

21    members of the Oregon AGM Class the overtime required in violation of ORS § 653.261 and OR

22    ADC 839-020-0030.  Pursuant to ORS § 653.055, the Oregon AGM Plaintiff and Oregon AGM

23    Class Members are entitled to recover their unpaid overtime compensation.

24        77.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

25    herein, the Oregon AGM Plaintiff and the Oregon AGM Class have sustained damages, including

26    but not limited to loss of earnings for hours of overtime worked on behalf of Defendants in an

27    amount to be established at trial, plus interest, attorneys' fees and costs.

28        78.    Plaintiffs moreover seek appropriate declaratory and injunctive relief and such

-18-

other legal and equitable remedies available under Oregon law as the Court deems just and proper.

## NINTH CLAIM FOR RELIEF

### Failure to Pay Wages Upon Separation In Violation of Oregon Law

### (On Behalf of the Oregon AGM Plaintiff and the Oregon AGM Class)

79.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

80.     During the relevant time period, many Oregon AGM Class members were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however, willfully failed to pay such Class Members all wages owed them (including overtime wages) within the time limits set forth in ORS § 652.140.

81.     Under ORS § 652.150, those Oregon AGM Class Members who no longer work for Defendants are entitled to penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment in an amount to be established at trial, plus interest, attorneys' fees, and costs.

## TENTH CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of New York Law

### (On Behalf of the New York AGM Plaintiff and the New York AGM Class)

82.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

83.     At all times relevant to this action, New York Labor Law Article 19, §§ 650 et seq, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, "New York Labor Laws") required an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.

84.     The New York AGM Plaintiff is informed and believes, and thereon alleges, that members of the New York AGM Class worked in excess of 40 hours per week, that members of the New York AGM Class with the title of assistant general manager, also known within the class period as assistant manager, were misclassified as exempt, and that Defendants unlawfully failed

-19-

1   to pay members of the New York AGM Class the overtime required by the New York Labor

2   Laws.

3       85.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

4   herein, the New York AGM Plaintiff and the New York AGM Class have sustained damages,

5   including but not limited to loss of earnings for hours of overtime worked on behalf of

6   Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

7       86.    Plaintiffs moreover seek appropriate declaratory and injunctive relief and such

8   other legal and equitable remedies available under New York law as the Court deems just and

9   proper. The New York AGM Class Plaintiff does not seek liquidated damages on behalf of the

10  New York AGM Class.

11

12                          **PRAYER FOR RELIEF**

13      87.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

14  Collective and State Classes, pray for relief as follows:

15          A.    That the Court determine that this action may proceed as a class action

16                under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

17          B.    That Defendants are found to have violated the overtime, meal/rest period,

18                itemized wage statement/time records, and failure to timely pay wages

19                penalty provisions of the state wage laws cited above as to the respective

20                State Classes;

21          C.    That Defendants are found to have violated the overtime provisions of the

22                Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

23          D.    That Defendants are found to have violated the FLSA by failing to

24                maintain accurate time records of all the hours worked by Plaintiffs and

25                the Collective Class;

26          E.    That Defendants' violations as described above are found to be willful;

27          F.    An award to Plaintiffs and the Classes for the amount of unpaid wages

28                owed, liquidated damages and penalties where provided by state and

-20-

1   federal law, and interest thereon, subject to proof at trial;

2   G.   That Defendants be ordered and enjoined to pay restitution to Plaintiffs

3        and the Classes due to Defendants' unlawful activities, pursuant to

4        California state laws cited above;

5   H.   That Defendants further be enjoined to cease and desist from unlawful

6        activities in violation of state laws cited above;

7   I.   That the Court grant declaratory relief stating that Defendants' scheme is

8        unlawful;

9   J.   For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C.

10       section 216 and/or other applicable state laws; and

11  K.   For such other and further relief, in law or equity, as this Court may deem

12       appropriate and just.

13  **DEMAND FOR JURY TRIAL**

14  89.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs,

15  individually and on behalf of all others similarly situated, demand a trial by jury.

16

17  Dated:                                    NICHOLS KASTER, PLLP

                                    By:   s/Paul J. Lukas
18                                        _____
                                          Paul J. Lukas
19                                        ATTORNEYS FOR PLAINTIFFS AND
                                          THE PUTATIVE CLASS
20

21

22

23

24

25

26

27

28

-21-