LORI A. BOWMAN, State Bar No. 114664
lori.bowman@ogletreedeakins.com
LESLIE E. WALLIS, State Bar No. 128435
leslie.wallis@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

A. CRAIG CLELAND, Admitted *Pro Hac Vice*
craig.cleland@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Bank of America Plaza
600 Peachtree Street, NE, Suite 2100
Atlanta, GA 30308
Telephone: (404) 870-1718
Facsimile: (404) 870-1732

Attorneys for Defendant
FASTENAL COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, DANIEL WILLE, DUSTIN BARSTOW, and MATTHEW KOBOS, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV 07-05326 MHP<br><br>**PROPOSED ORDER PRELIMINARILY APPROVING COLLECTIVE AND CLASS ACTION SETTLEMENT**<br><br>Trial Date: None Set |

Having reviewed the parties' Joint Stipulation of Settlement ad the attached exhibits, along with the files and records of this case, the Court now FINDS and ORDERS AS FOLLOWS:

**1.   CERTIFICATION OF SETTLEMENT CLASSES**

   **A.   Nationwide FLSA Collective Action**

For settlement purposes, the Parties have proposed final certification of the following nationwide collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") (the "Nationwide FLSA Collective action"):

> All persons who work or worked for Defendant as an Assistant General Manager anywhere in the United States except in the states of California, Pennsylvania, Oregon, and New York, from October 18, 2004, to the date of this Order, who filed a timely consent-to-join form under 29 U.S.C. § 216(b) on or before May 14, 2008.

On February 13, 2008, the parties stipulated to conditional certification of a nationwide collective action under the FLSA, and the Court granted conditional certification in its Order of February 14, 2008.

The Court FINDS that the proposed Nationwide FLSA Collective Action fulfills the requirement for a collective action under 29 U.S.C. § 216(g). Specifically, the members of the Nationwide FLSA Collective Action ("Opt-ins") allege that Defendant misclassified them as exempt employees and failed to pay them overtime wages in violation of the FLSA. Accordingly, the Court CERTIFIES the Nationwide FLSA Collective Action under § 216(b).

   **B.   Rule 23 Classes**

For settlement purposes, the parties have proposed certification of the following settlement classes under Federal Rule of Civil Procedure 23 (the "Rule 23 Classes"), and Defendant consents to Plaintiffs' amending their First Amended Complaint to add the claims under New York law and on behalf of the California Non-Exempt Class:

<u>California Class</u>: All persons who worked for Defendant as an Assistant General Manager in California from October 18, 2003, to the date of this Order.

<u>Pennsylvania Class</u>: All persons who worked for Defendant as an Assistant General Manager in Pennsylvania from October 18, 2004, to the date of this Order.

<u>Oregon Class</u>: All persons who worked for Defendant as an Assistant General Manager from October 18, 2005, to the date of this Order.

<u>New York Class</u>: All persons who worked for Defendant as an Assistant General Manager from October 18, 2001, to the date of this Order.

<u>California Non-Exempt Class</u>: All persons who worked for Defendant as a nonexempt store employee from October 18, 2004, to the date of this Order.

These Rule 23 Classes allege claims under the wage-and-hour laws of their respective states based on Defendant's policies and practices.

The Court FINDS that, for settlement purposes, the Rule 23 Classes satisfy all the requirements for certification under Rule 23(a) and Rule 23(b)(3). Specifically, each class is sufficiently numerous (over 100 persons) that joinder is impracticable. The members of the Rule 23 Classes ("Class Members") share common issues of fact and law about, for example: (i) whether Defendant misclassified the Rule 23 Class Members as exempt employees and failed to pay them overtime wages; (ii) whether Defendant failed to pay waiting-time penalties, to provide accurate itemized wage statements, and to provide meal and rest breaks in violation of California law; (iii) whether Defendant engaged in unfair practices in violation of California law; (iv) whether Defendant violated the wage-payment laws of Pennsylvania, Oregon, and New York; and (v) whether Defendant failed to provide the nonexempt employees in California with meal and rest breaks in violation of California law. The named Plaintiffs' claims are typical of those of the classes they represent since they arise out of the same policies and practices and course of conduct of which all

1  Class Members complain.  The named Plaintiffs are adequate representatives of the
2  classes they represent since their interests are co-extensive with those of the Class
3  Members and are not in conflict with them.  Plaintiffs have also retained experienced
4  counsel to represent them.  Questions of law and fact common to the classes
5  predominate over individualized issues, and class treatment is superior way to fairly
6  and efficiently adjudicate this controversy.  Because these classes are certified in the
7  context of settlement, the Court need not inquire whether the case, if tried as a class
8  action, would present intractable management issues.  Accordingly, the court
9  CERTIFIES the Rule 23 Classes under Rule 23(a) and 23(b)(3).

**2.     APPOINTMENT OF CLASS REPRESENTATIVES & COUNSEL**

The Court FINDS that:  (i) named Plaintiff Calhoun has claims typical of and is an adequate representative of those Class Members belonging to the California Class; (ii) named Plaintiff Mulderig has claims typical of and is an adequate representative of those Class Members belonging to the Pennsylvania Class; (iii) named Plaintiff Wille has claims typical of and is an adequate representative of those Class Members belonging to the Oregon Class; (iv) named Plaintiff Matthew Kobos has claims typical of and is an adequate representative of those Class Members belonging to the New York Class; and (v) named Plaintiff Dustin Barstow has claims typical of and is an adequate representative of those Class Members belonging to the California Non-Exempt Class.  Thus, the Court APPOINTS these named Plaintiffs as representatives of their respective classes.

The Court also FINDS that the law firm Nichols Kaster in Minneapolis, Minnesota, has extensive experience and expertise in prosecuting wage-and-hour collective- and class-action cases on behalf of plaintiffs.  The Court APPOINTS this firm as Class Counsel for the Nationwide FLSA Collective Action and the Rule 23 Classes.

**3.    PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

The Court has reviewed the terms and conditions of the parties' Joint Stipulation of Settlement, including the monetary relief provisions, the plan of allocation, the release of claims, and the parties' detailed description of the settlement. Based on these papers and the Court's familiarity with this case, the Court FINDS that the proposed settlement is the result of extensive, arms-length negotiations between the parties after Class Counsel and Defendant's counsel had fully investigated the claims and become familiar with the strengths and weaknesses of Plaintiffs' claims. The assistance of an experience mediator, Joan Morrow, Esq., and the length of the mediation process confirms that the settlement is not collusive. Based on all these factors, the Court FINDS that the proposed settlement has no obvious defects and is within the rage of possible settlement approval such that notice to the class is appropriate.

Therefore, the Court ORDERS that:

A.    The proposed settlement is PRELIMINARILY APPROVED. Final approval is subject to the hearing of any objections of members of the settlement classes to the proposed settlement.

B.    Pending the determination of the fairness of the proposed settlement, all further litigation of this action is STAYED.

**4.    APPROVAL OF NOTICE, CLAIM FORM, & RELEASE**

The parties have submitted for the Court's review and approval a proposed Notice of Settlement, which contains a notice of the Final Settlement Approval Hearing; a proposed Claim Form; and a proposed Release. The Court FINDS as follows:

The proposed Notice is the best notice practical under the circumstances and allows the Opt-ins and the Class Member to consider the proposed settlement. The proposed plan for distributing the Notices, Claim Forms, and Release, are also a reasonable method calculated to reach all individuals who would be bound by the

1  settlement. There is no additional method of distribution that would be likely to
2  notify Opt-ins and Class Members who may not receive notice under the proposed
3  plan.
4      The Notice fairly, plainly, accurately, and reasonably informs Opt-ins and
5  Class members: (i) appropriate information about the nature of this litigation, the
6  settlement classes, the identity of Class Counsel, and the essential terms of the
7  settlement, including the monetary and injunctive relief and the plan of allocation;
8  (ii) appropriate information about Class Counsel's forthcoming application for
9  attorneys' fees and costs; (iii) appropriate information about the proposed service
10 payments to the Class Representatives; (iv) appropriate information about how to
11 participate in the settlement; (v) appropriate information about this Court's
12 procedures for final approval of the settlement; (vi) appropriate information about
13 the members' right to appear through counsel if they so desire; (vii) appropriate
14 information about how to challenge or opt-out of the settlement if members wish to
15 do so; and (viii) appropriate instructions about how to obtain additional information
16 about this litigation and the settlement.
17     Similarly, the proposed Claim Form and Release allows potential claimants a
18 full and fair opportunity to submit a claim for proceeds in connection with the
19 settlement. These forms fairly, accurately, and reasonably inform potential claimants
20 that failure to complete and submit a timely and valid Claim Form, in the manner
21 and time specified, will constitute a waiver of any right to obtain a share of the
22 settlement. Further, these forms clearly set forth the procedures by which claimants
23 can contest Defendant's records of their employment history, which may affect their
24 monetary recovery under the settlement.
25     The Court FINDS that the proposed plan for distributing the Notice, Claim
26 Form, and Release will provide the best notice practicable, satisfies the notice
27 requirements of Rule 23(a), and satisfies all other legal and due-process
28 requirements.

Accordingly, the Court ORDERS as follows:

(1) The form of the Notice of Settlement, Claim Form, and Release is approved as is the manner of distributing these materials is approved.

(2) Class Counsel will mail these forms to all potential claimants on or before September 15, 2008. Class Counsel will use standard devices, including the National Change-of-Address database or equivalent, to obtain forwarding addresses before mailing and will use appropriate skip tracing to take appropriate steps to maximize the probability that the Notice and Claim Form or Release will be received by all Opt-Ins and Class Members.

(3) Opt-Ins and Class Members will have forty-five (45) days from the mailing of the Notice of Settlement, that is, until October 30, 2008, to submit a timely Claim Form or Release or to submit a timely written request for exclusion or objection. Persons seeking to request exclusion must do so in writing.

(4) If a Claim Form or Release is submitted timely, but is deficient in one or more aspects, Class Counsel will return the Claim Form or Release to the claimant within ten (10) business days of receipt with a letter explaining the deficiencies. The claimant will then have ten (10) business days from the date of the deficiency notice to correct the deficiencies and resubmit the Claim Form or Release. If necessary, claimants will be provided a second deficiency notice to correct any deficiencies concerning resubmitted Claim Forms or Releases, which will be governed by the same timeliness requirements as the first deficiency notice.

## 5. PROCEDURES FOR FINAL APPROVAL OF SETTLEMENT

### A. Fairness Hearing

The Court schedules a fairness hearing on December 8, 2008, on: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Opt-ins and Class Members; (b) Plaintiffs' application for attorneys' fees and reimbursement of costs; and (c) Plaintiffs' motion for service payments.

### B. Deadline to Request Exclusion from Settlement

Any Opt-in or Class Member seeking to exclude himself or herself from the settlement must provide his or her name, the dates and locations where he or she worked for Defendant in a Covered Position, and must sign a statement stating the following: "I understand that I am requesting to be excluded from the class monetary Settlement and that I will receive no money from the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the class monetary provisions in this case."

To be effective, any opt-out statement must be sent to Class Counsel via first-class U.S. Mail, facsimile, or the equivalent, postmarked no later than forty-five (45) days after Class Counsel first mails the Notices of Settlement, Claim Forms, and Releases to Class Members, that is, on or before October 30, 2008. Only those Class Members who request exclusion in the time and matter set forth in this Order shall be excluded from the settlement. Under Rule 23(b)(3) and (c)(2), the terms and provisions of the settlement will have no binding effect on any person who makes a timely request for exclusion in this manner.

Class Members will be permitted to withdraw or rescind their opt-out statements by submitting a "rescission of opt-out statement" to Class Counsel, which will include the following language: "I previously submitted an opt-out statement seeking exclusion from the settlement. I have reconsidered and wish to withdraw my opt-out statement. I understand that by rescinding my opt-out I may be eligible to receive an award from the settlement and may not bring a separate legal action against Defendant with respect to any Released Claims." A Class Member wishing to submit a rescission statement will sign and date the statement and deliver it to Class Counsel no later than sixty (60) days after Class Counsel first mails the Notice of Settlement.

### C.     Defendant's Right to Rescind

Acting at all times with the professional rules of ethics, Class Counsel will recommend and endorse the settlement to Opt-ins and Class Members. If, however, that more than 2.5% of the Opt-ins or Class Members reject the individual settlement amounts offer them or timely opt out of the settlement, then Defendant may, at its option, rescind this settlement. Opt-ins and Class Members who do not respond to the settlement offered them will not be counted toward the 2.5% rate above. If Defendant rescinds, then Defendant's obligations under the settlement will cease to have any force and effect, the Settlement Agreement will be vacated, rescinded, cancelled, and annulled, and the parties will return to the status quo ante as if they had not entered into the settlement. In addition, the settlement and all negotiations and proceedings related to the settlement will be without prejudice of the rights of the parties, and evidence of the settlement, negotiations, and proceedings will be inadmissible and will not be discoverable.

**D.     Deadline for Filing Objections to Settlement**

Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the settlement must do so in writing. Class Members who have timely objected in writing may also appear at the Fairness Hearing. To be considered, any objection to final approval of the settlement must state the basis for the objection and be mailed via first-class U.S. Mail, postage prepaid, to the Clerk of Court, Class Counsel, and Defendant's Counsel at the addresses provided in the Notice of Settlement no later than forty-five (45) days after Class Counsel first mails the Notice of Settlement. Any Class Member who does not timely file and serve this written objection will not be permitted to raise an objection, except for good cause shown, and any Class Member who fails to object in the manner described above will be deemed to have waived and will be foreclosed from waiving any objections. If objections are filed, Class Counsel or Defendant's counsel may engage in discovery about the filed objections before the Fairness Hearing.

**E.     Deadline for Submitting Claims Forms and Releases**

Class Members who do not timely opt-out will be eligible to receive a proportionate share of the settlement, as will Opt-ins who accept the settlement. To receive this share, Opt-ins and Class Members must properly and timely complete a Claim Form or Release. To be effective, the Claim Form or Release must be sent to Class Counsel at the address provided in the Notice of Settlement postmarked no later than forty-five (45) days after Class Counsel first mails the Notice, that is, on or before October 30, 2008. Failure to postmark a completed Claim Form or Release by this deadline will bar all Class Members and Opt-ins from receiving any monetary award pursuant to this settlement. Class Members who do not file timely and valid Claim Forms will nonetheless be bound by the judgment and release in this action as set forth in the Joint Stipulation, unless the Class Member timely opts out of the settlement. Opt-ins and Class Members who receive a monetary award will be solely responsible for notifying Class Counsel if their address changes. Failure of Opt-ins or Class Members to keep Class Counsel apprised of their address may result in the claim being denied or forfeited.

### F.     Deadline for Submitting Motion for Final Approval, Petition for Attorneys' Fees, and Petition for Approval of Service Payments

On or before November 14, Class Counsel will prepare and file the parties' joint motion for final approval of the settlement, which will include:

(i)     a proposed Order Granting Final Approval to the Settlement, adjudging the terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions. This Final Approval Order will dismiss this action on the merits, with prejudice in accordance with the terms of this Settlement Agreement;

(ii)    an order approving Class Counsels' application for an award of attorneys' fees and reimbursement of costs; and

(iii)   an Order approving the service payments to the Class Representatives.

**6.   PLAINTIFFS' AND CLASS MEMBERS' RELEASES**

If at the Fairness Hearing, the Court grants final approval of the settlement, the Class Representatives, Opt-ins who accept the settlement, and Class Members who do not timely opt out will release all claims against Defendant, whether known or unknown, as set forth in the Notice of Settlement, Claim Form, and Release, by this Court's entry of judgment and final approval, regardless of whether they submit a Claim Form or receive any share of the settlement.

DATED:  September 2d, 2008

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/ Craig Cleland
A. Craig Cleland
Attorneys for Defendant FASTENAL COMPANY

NICHOLS KASTER

By: s/ Paul Lukas
Paul Lukas
Attorney for Plaintiffs

6618680.1 (OGLETREE)