1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SHANAN CALHOUN, JAMES MULDERIG, DANIEL WILLE, DUSTIN BARSTOW, and MATTHEW KOBOS, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FASTENAL COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV 07-05326 MHP<br><br>**AMENDED** ~~PROPOSED~~ **ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF AMENDED COLLECTIVE AND CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br>Hearing Date: September 21, 2009<br>2:00 P.M.<br>Courtroom 15, 18th Floor<br><br>Complaint Filed: October 28, 2007<br>Honorable Marilyn Hall Patel |

1  The parties to this action, having entered into an Amended Settlement Agreement and Release dated May 1, 2009, and having applied to this Court for preliminary and final approval of the settlement and the terms thereof; this Court having granted preliminary approval of the settlement on June 2, 2009, and having directed notice of the settlement, its terms, and the applicable procedures and schedules to be provided to class members and opt-ins; this Court having set a final Fairness Hearing for September 21, 2009 to determine whether the Settlement Agreement should be granted final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as "fair, adequate and reasonable;" and all class and collective action members having been given an opportunity to comment on the settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Amended Settlement Agreement and Release, the parties' joint motion for final approval and memorandum of law in support, declarations, exhibits, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purpose of this Order adopts all defined terms set forth in the Amended Settlement Agreement and Release.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the Plaintiffs and the Defendant.

3. This Court confirms as final all portions of its June 2, 2009 Preliminary Approval Order.

4. The Notice, Claim Form and/or Release given to Class and Collective Members, pursuant to this Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable laws.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Amended Settlement Agreement and Release and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth

1 in this Court's June 2, 2009 order, the settlement agreement, and the notice of settlement. No Class Member chose to opt out of this settlement. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendant, after thorough factual and legal investigation. <u>Staton v. Boeing</u>, 327 F.3d 938, 960 (9th Cir. 2003); <u>Class Plaintiffs v. City of Seattle</u>, 955 F.2d 1268, 1291 (9th Cir. 1992).

6. The Court further finds that the response of the Class to the settlement supports settlement approval. Of the 2,032 class and collective action members, 1,694 have submitted valid, timely claim forms, and no class- or collective-action member has submitted an objection.

7. The Court finds that the claims of the nine (9) class members that returned claim forms after August 14, 2009 will be allowed. The settlement payments to these class members will be taken from the Allocation Correction Amount.

8. The remainder of the Allocation Correction Amount will be donated to Southern Minnesota Regional Legal Services, an IRS 501(c)(3) tax exempt charitable organization.

9. The settlement amounts originally offered to the claimants that did not return a claim form or release will be equally divided amongst the participating claimants.

10. Participating claimants will have 180 days to negotiate the settlement checks. The funds from any settlement checks not negotiated within that time period will be donated to Southern Minnesota Regional Legal Services.

11. The Court finds that the proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The mechanisms and procedures set forth in the settlement agreement by which payments are to be calculated and made to the Class and Collective Members filing timely and valid claims are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the settlement agreement.

1  12. The Second Amended Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all Class and Collective Members other than Opt-In Plaintiffs Marcello Hochreiter, Kyle Applebee, Billy Kingry, Armando Ramirez, Adam Shuster, Collin Worland, and Eric Newman.  The claims of these seven (7) individuals will be tolled for thirty (30) days from the date of this order.  The Court has reviewed the release portion of the settlement, which was incorporated into the settlement notice, claim form and release, and finds it to be fair, reasonable, and enforceable under the Fair Labor Standards Act and all other applicable laws.

13. The parties entered into the Amended Settlement Agreement and Release solely for the purpose of compromising and settling disputed claims.  Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and the classes, individually or collectively, all such liability being expressly denied by Defendant.

14. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Amended Settlement Agreement and Release.

Dated: 12/8/2009

BY THE COURT:



_____
Hon. Marilyn H. Patel
U.S. District Judge

3     CASE NO. 07-5326 MHP
AMENDED PROPOSED ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF AMENDED
COLLECTIVE AND CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE